# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

July 18, 2014

<u>BY ECF</u>

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *NML Capital, Ltd. v. The Republic of Argentina*
       Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
      *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
       Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
      *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
       Nos. 10 Civ. 1602, 10 Civ. 3507
      *Blue Angel Capital I LLC v. The Republic of Argentina*
       Nos. 10 Civ. 4101, 10 Civ. 4782
      *Pablo Alberto Varela v. The Republic of Argentina*
       No. 10 Civ. 5338
      *Olifant Fund, Ltd. v. The Republic of Argentina*
       No. 10 Civ. 9587

Dear Judge Griesa:

    This firm represents plaintiffs Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, Aurelius Capital Master, Ltd., Blue Angel Capital I LLC.  We write on behalf of plaintiffs in all of the above-referenced cases in

2963709.1

Friedman Kaplan Seiler & Adelman LLP

Honorable Thomas P. Griesa          - 2 -          July 18, 2014

response to the letter from counsel for JPMorgan Chase Bank, N.A. ("JPMCB"), dated July 9, 2014.

JPMCB requests clarification and guidance from the Court regarding JPMCB's duties under the Amended February 23, 2012 Orders (the "Amended February 23 Orders") with respect to funds it received on July 4, 2014, from the Republic of Argentina for payment on certain bonds denominated in Yen and governed by Japanese law (the "**Bonds**").  The funds at issue are approximately $2.1 million (¥ 212,702,982) that Argentina ordered transferred to the account of Caja de Valores S.A. ("Caja") at JPMCB's Tokyo branch.  Caja has told JPMCB that the Republic ordered the transfer in order to effectuate a payment on the Bonds.  JPMCB explains that the Republic has instructed Caja to use the funds to make the payment on the Bonds, and Caja accordingly has directed JPMCB to transfer the funds to Citibank, N.A. in furtherance of such payment.

JPMCB seeks clarification as to whether the Bonds are "External Indebtedness" subject to the *pari passu* clause in the Fiscal Agency Agreement ("FAA") that governs plaintiffs' bonds, or "Exchange Bonds" subject to the Amended February 23 Orders.  They are clearly both.

The FAA's *pari passu* clause provides:  "The payment obligations of the Republic shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."  The FAA further defines the term "External Indebtedness" to mean obligations (other than those issued under the FAA and Domestic Foreign Currency Indebtedness) "for borrowed money or evidenced by securities, debentures, notes or other similar instruments denominated or *payable . . . in a currency other than the lawful currency of the Republic*."  (Emphasis added.)  Because the Bonds were not issued under the FAA, are not Domestic Foreign Currency Indebtedness and are payable in a currency other than the Argentine peso, they are External Indebtedness subject to the *pari passu* provision.

The Amended February 23 Orders provide, *inter alia*, that Argentina must specifically perform its obligations under the *pari passu* clause as follows:

> Whenever the Republic pays any amount due under the terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 or 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to [the Plaintiffs].

2963709.1

Friedman Kaplan Seiler & Adelman llp

Honorable Thomas P. Griesa — - 3 - — July 18, 2014

The Bonds are Exchange Bonds because they were issued as part of the Republic's 2005 and 2010 Exchange Offers.

Your Honor is faced with this and other requests for clarification only because Argentina has brazenly violated the Amended February 23 Orders by transferring funds to banks such as The Bank of New York Mellon ("BNY") – and now JPMCB – in an attempt to make payment on Exchange Bonds without first or concurrently making a Ratable Payment to plaintiffs. At a hearing on June 27, 2014, the Court ruled that Argentina's transfer to BNY was illegal and a nullity. Argentina's transfer of $2.1 to JMPCB is no different, and is yet another barefaced violation by Argentina of the Orders.

Pending further order of the Court, JPMCB cannot lawfully comply with Caja's instruction to effectuate payment on the yen-denominated Exchange Bonds, and cannot transfer or allow the transfer of these funds to any person or entity.[1] We believe that whatever ruling the Court issues with respect to BNY's pending motion concerning the $539 million paid by Argentina in violation of the Amended February 23 Orders will provide further guidance to JPMCB as to what it should do with the funds it has received.

We appreciate JPMCB's compliance with its obligations under the Amended February 23 Orders, and we believe that this letter sets forth the information JPMCB is requesting to ensure its ongoing compliance.

Respectfully yours,

*[signature]*

Edward A. Friedman

cc: All counsel of record (via ECF)

---

[1] JPMCB identifies three ISINs for the Bonds – ARARGE03G738, ARARGE03G753 and ARARGE03E667. There are four additional securities denominated in Yen that Argentina issued in the 2005 and 2010 Exchange Offers: ARARGE03E659, ARARGE03G746, ARARGE03G675 and ARARGE03G761. Like the Bonds, these securities are External Indebtedness subject to the *pari passu* clause in the FAA and Exchange Bonds subject to the Amended February 23 Orders, and JPMCB should not facilitate or enable any payment by the Republic with respect to these securities either.

2963709.1