UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

| | | |
|---|---|---|
| NML CAPITAL, LTD., | : | |
| | : | 08 Civ. 6978 (TPG) |
| Plaintiff, | : | 09 Civ. 1707 (TPG) |
| | : | 09 Civ. 1708 (TPG) |
| v. | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

---------------------------------------------------------- x

| | | |
|---|---|---|
| AURELIUS CAPITAL MASTER, LTD. and ACP MASTER, LTD., | : | 09 Civ. 8757 (TPG) |
| | : | 09 Civ. 10620 (TPG) |
| Plaintiffs, | : | |
| v. | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

---------------------------------------------------------- x

| | | |
|---|---|---|
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD., | : | 10 Civ. 1602 (TPG) |
| | : | 10 Civ. 3507 (TPG) |
| Plaintiffs, | : | |
| v. | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | **(captions continued on next page)** |

---------------------------------------------------------- x

## [PROPOSED] ORDER

2964498.7

|  |  |
|---|---|
| AURELIUS CAPITAL MASTER, LTD. and AURELIUS OPPORTUNITIES FUND II, LLC, | 10 Civ. 3970 (TPG) 10 Civ. 8339 (TPG) |
| Plaintiffs, | |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |
| BLUE ANGEL CAPITAL I LLC, | |
| Plaintiff, | 10 Civ. 4101 (TPG) 10 Civ. 4782 (TPG) |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |
| OLIFANT FUND, LTD., | |
| Plaintiff, | 10 Civ. 9587 (TPG) |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |
| PABLO ALBERTO VARELA, et al., | |
| Plaintiff, | 10 Civ. 5338 (TPG) |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

2964498.7

WHEREAS, on November 12, 2012, this Court issued Amended February 23, 2012 Orders in each of the above-captioned cases (the "Amended February 23 Orders"), which provide, among other things, that: (a) whenever the Republic of Argentina ("Argentina") pays any amount due under the Exchange Bonds, it shall concurrently or in advance make a Ratable Payment to Plaintiffs; (b) Argentina is enjoined from making any payment on the Exchange Bonds without complying with its obligation to make a Ratable Payment to Plaintiffs; (c) concurrently or in advance of making a payment on the Exchange Bonds, Argentina shall certify to the Court, with notice to, among others, counsel for Plaintiffs, that it has satisfied its obligations to make a Ratable Payment to Plaintiffs; and (d) Argentina is permanently prohibited from taking action to evade the directives of the Amended February 23 Orders; and

WHEREAS, on June 26, 2014, Argentina set in motion the process of making certain payments to Exchange Bondholders in defiance of the Orders by transferring the equivalent of approximately $539 million ($230,922,521.14 in US dollars and 225,852,475.66 in Euros) to The Bank of New York Mellon ("BNY") into BNY accounts at the Banco Central de la Republica de Argentina (the "BCRA") (this transfer, together with any other funds, if any, that Argentina has transferred to BNY relating to payments on the Exchange Bonds due on or after June 16, 2014 collectively, the "Funds"); and

WHEREAS, on June 27, 2014 and July 22, 2014, the Court held hearings in these matters, and ruled that the payment by Argentina to BNY described above was a violation of the Amended February 23 Orders and illegal;

2964498.7

**IT IS HEREBY ORDERED** that:

1. For the reasons stated on the record at the June 27, 2014 and July 22, 2014 hearings, the payment by Argentina to BNY described above was illegal and a violation of the Amended February 23 Orders.

2. BNY shall retain the Funds in its accounts at the BCRA pending further Order of this Court, and shall not make or allow any transfer of the Funds unless ordered by the Court.

3. Argentina will take no steps to interfere with BNY's retention of the Funds in accordance with the terms of this Order.

4. BNY's retention of the Funds in its accounts at the BCRA pursuant to this Order shall not be deemed a violation of the Amended February 23 Orders. BNY shall incur no liability under the Indenture governing the Exchange Bonds or otherwise to any person or entity for complying with this Order and the Amended February 23 Orders.

Dated: New York, New York
       August ___, 2014

_____
Thomas P. Griesa
United States District Judge