# EXHIBIT H

**From:** Boccuzzi Jr., Carmine D.
**Sent:** Wednesday, February 18, 2015 1:05 PM
**To:** Cohen, Robert
**Cc:** Rapport, Daniel B.; Matthew McGill
**Subject:** RE: Argentina - NML/Aurelius/Blue Angel Discovery to Argentina

Robert,

I am speaking with the client about this. I will aim to have a response to you by later this week or early next week. If we need to have another call I will let you know that as well.

Thanks.

Carmine

---

Carmine D. Boccuzzi, Jr.
Cleary Gottlieb Steen & Hamilton LLP
Assistant: trusso@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2508 | f. +1 212 225 3999
www.clearygottlieb.com | cboccuzzi@cgsh.com

**From:** Cohen, Robert [mailto:robert.cohen@dechert.com]
**Sent:** Tuesday, February 17, 2015 2:49 PM
**To:** Boccuzzi Jr., Carmine D.
**Cc:** Rapport, Daniel B.; Matthew McGill
**Subject:** Argentina - NML/Aurelius/Blue Angel Discovery to Argentina

Carmine,

At the close of the meet and confer on February 6th we agreed to touch base last week so you could tell us the results of your inquiry to your client about its intention to produce any additional documents or information in response to the discovery served by NML and by Aurelius/Blue Angel

and, if so, what and when it intends to make the production.

We think it would be most efficient if you just send us an email telling us your client's position. If we need to arrange a call to get any elaboration on your email we can, of course, arrange one. We'd be grateful if you'd send the email by Wednesday, 2/19.

Thanks.

Robert

**Robert A. Cohen**
Partner

**Dechert LLP**
1095 Avenue of the Americas
New York, NY 10036
+1 212 698 3501 Direct
+1 215 715 5000 Mobile
+1 212 314 0001 Fax
robert.cohen@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT I

**From:** Cohen, Robert [mailto:robert.cohen@dechert.com]
**Sent:** Tuesday, February 17, 2015 2:49 PM
**To:** Boccuzzi Jr., Carmine D.
**Cc:** Rapport, Daniel B.; Matthew McGill
**Subject:** Argentina - NML/Aurelius/Blue Angel Discovery to Argentina

Carmine,

At the close of the meet and confer on February 6th we agreed to touch base last week so you could tell us the results of your inquiry to your client about its intention to produce any additional documents or information in response to the discovery served by NML and by Aurelius/Blue Angel and, if so, what and when it intends to make the production.

We think it would be most efficient if you just send us an email telling us your client's position. If we need to arrange a call to get any elaboration on your email we can, of course, arrange one. We'd be grateful if you'd send the email by Wednesday, 2/19.

Thanks.

Robert

**Robert A. Cohen**
Partner

**Dechert LLP**
1095 Avenue of the Americas
New York, NY 10036
+1 212 698 3501 Direct
+1 215 715 5000 Mobile
+1 212 314 0001 Fax
robert.cohen@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT J

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW

FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG

BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY

MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARDO C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO

JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY JR
KATHLEEN M. EMBERGER
WALLACE L. LARSON JR
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
JOHN V. HARRISON
CAROLINE F. HAYDAY
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial  +1 212 225 2508
E-Mail·  cboccuzza@cgsh.com

January 30, 2015

BY EMAIL

Robert A. Cohen
Dechert LLP
1095 Avenue of the Americas
New York, NY  10036-6797

Re: *NML Capital, Ltd., et al. v. The Republic of Argentina*, No. 03 Civ. 8845; and related cases

Dear Robert:

I write in response to your letter of January 23, 2015. Since October 2013, plaintiffs have remained silent with respect to the broad discovery requests plaintiffs served on the Republic. Plaintiffs now demand that the Republic "*immediately*" produce non-privileged documents responsive to all of plaintiffs' requests under threat of contempt and sanctions. Jan. 23 Ltr. at 3-4 (emphasis in original). Plaintiffs' threats are unfounded.

As an initial matter, plaintiffs' discovery requests seek expansive information concerning, *inter alia*, the Republic's diplomatic and military property, as well as property of the Republic's high officials. As the Second Circuit Court of Appeals recently "stress[ed]," the Republic "is entitled to a degree of grace and comity," which applies with "particular weight when it comes to a foreign sovereign's diplomatic and military affairs." *Aurelius Capital Master, Ltd. et al. v. Republic of Argentina*, No. 13-4054(L), 2014 WL 7272279, at \*3 (2d Cir. Dec. 23, 2014). The Second Circuit directed the district court "to closely consider Argentina's sovereign interests in managing discovery, and to prioritize discovery of those documents that are unlikely to prove invasive of sovereign dignity." *Id.* Plaintiffs have made no attempt to tailor their discovery requests in light of the Second Circuit's admonishment.

Robert A. Cohen, p. 2

Your letter references various databases, registries, or reports of the Republic which plaintiffs' claim support the discovery demands. Jan. 23 Ltr. at 3. However, these sources by and large concern payments made *in* Argentina or Republic property located *within* Argentina. The district court has already rejected plaintiffs' request for information concerning such payments or property, *Aurelius Capital Partners v. Republic of Argentina*, No. 07 Civ. 2715 (TPG), 2013 WL 857730, at *2 (S.D.N.Y. Mar. 7, 2013), and counsel for plaintiffs have assured the district court that they are not seeking such information. Pls.' Reply Mem. of Law 17, *Aurelius Capital Partners v. Republic of Argentina*, No. 07 Civ. 2715 (TPG), ECF No. 576 ("Consistent with the Court's guidance, Plaintiffs have structured each request to avoid targeting assets that are located in Argentina.").

In any event, certain of these databases or reports are electronically accessible, including the database of contracts maintained by the National Contracting Office, as well the Investment Account report, which is submitted to the Argentine Congress.[1] To the extent that plaintiffs review this information and have questions with regard to such databases or reports that concern matters relevant to the enforcement of plaintiffs' judgments, this can be discussed.

Finally, you make reference in your letter to the Republic's privileged documents, which of course are exempt from discovery. Jan. 23 Ltr. at 3. However, as noted above, the Second Circuit made clear that privilege is not the only limit imposed on discovery of the Republic. "[G]race and comity" require actual revision to plaintiffs' discovery requests. *See Aurelius Capital Master, Ltd. et al.*, 2014 WL 7272279, at *3.

We are prepared to meet and confer on these issues, and the Republic otherwise reserves all rights.

Sincerely,

Carmine D. Boccuzzi

cc: Daniel B. Rapport (by e-mail)

---

[1] This information is available at

https://www.argentinacompra.gov.ar/prod/onc/sitio/Paginas/Contenido/FrontEnd/index2.asp and

http://www.mecon.gov.ar/onp/html/ejectexto/cuenta_nac_dosuno.html?var1=cuentanacdoscatorce, respectively.

# EXHIBIT K



1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**ROBERT A. COHEN**

robert.cohen@dechert.com
+1 212 698 3501 Direct
+1 212 314 0001 Fax

January 23, 2015

**VIA EMAIL**

Carmine D. Boccuzzi, Jr., Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

> Re: *NML Capital, Ltd. v. The Republic of Argentina,* Nos. 03 Civ. 8845, 05 Civ. 2434, 06
> Civ. 6466, 07 Civ. 1910, 2690 & 6563, 08 Civ. 2541, 3302 & 6978, 09 Civ. 1707 &
> 1708;
> *Aurelius Capital Partners, LP v. Rep. of Arg.*, Nos. 07 Civ. 2715 & 11327
> *Aurelius Capital Master, Ltd. v. Rep. of Arg.*, Nos. 09 Civ. 8757 & 10620, 10 Civ. 3970
> & 8339
> *Aurelius Opportunities Fund II, LLC v. Rep. of Arg.*, Nos. 10 Civ. 1602 & 3507
> *Blue Angel Capital I LLC v. Rep. of Arg.*, No. 07 Civ. 2693, 10 Civ. 4101 & 4782

Dear Carmine:

We write on behalf of plaintiffs NML Capital, Ltd. ("NML"), Aurelius Capital Partners, LP,
Aurelius Capital Master Fund, Aurelius Opportunities Fund II and Blue Angel Capital I LLC
("Aurelius" and collectively with NML "Plaintiffs") regarding outstanding discovery responses
owed by the Republic of Argentina ("Argentina") to Plaintiffs.

As you know, in December 2011, Aurelius served Requests for Production to Argentina seeking
information regarding Argentina's assets. Several months later, in August 2012, NML served
Interrogatories and Document Requests to Argentina similarly seeking information related to
Argentina's assets, and also including requests for information to allow it to determine whether
an alter-ego relationship exists between Argentina and *Banco Central de la República Argentina*,
*Energía Argentina S.A.* and *Yacimientos Petrolíferos Fiscales*. Argentina served written
responses and objections to these discovery requests. It then made only a limited document
production and failed to provide the substantive information requested, asserting that Argentina is
required to disclose only information relating to specifically identified assets that it agrees are
subject to execution under the FSIA. Argentina refused to produce the requested alter-ego
information, objecting on the ground that NML had not demonstrated that those entities are alter-
egos liable for Argentina's debts.



In October 2012, Aurelius moved to compel responses to its discovery requests and a similar motion was filed by NML in June 2013. Those motions, along with Argentina's motion to quash certain discovery requests and related motions as to discovery sought from non-party banks, were heard by Judge Griesa on September 3, 2013. On September 25, 2013, Judge Griesa issued an order (the "Order") providing, in relevant part:

> 1. **The NML Motion to Compel is granted, and the Republic's NML Motion is denied**, except that the Republic need not provide information regarding BNA in response to the alter ego sections of the NML Requests (i.e., section B. of the Interrogatories and section B. of the Document Requests)
>
> 2. **The Aurelius Motion to Compel is granted**, and the Barclays Motion, the Citibank Motion, the Deutsche Bank Motion, and the Bank of America Motion are denied.
>
> * * *
>
> 4. The Republic s**hall produce all information responsive to the NML Requests** (as limited by Paragraph 1 of this Order), *the Aurelius Requests*, and the Schecks' Restraining Notice and Information Subpoena *within 30 days of the date of this Order.*
>
> (emphasis added).

Thus, with the exception of the NML's request for BNA alter-ego discovery, the Order required Argentina to provide full and complete responses to the discovery requests served on it by Aurelius and NML by October 25, 2013. Although Argentina did not seek a stay of its obligations under the Order, it appealed the Order to the Second Circuit and failed to make any additional productions to Plaintiffs.

As you know, Argentina's appeal from the Order was denied in its entirety on December 23, 2014. *Aurelius Capital Master, Ltd., et al. v. Republic of Argentina,* 2014 WL 7272279 (2d Cir. December 23, 2014). In its summary order, the Second Circuit reiterated its finding in *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012), that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Id.* at 2. It rejected Argentina's contention that the Foreign Sovereign Immunities Act, the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations prohibits discovery of sovereign property potentially immune from attachment in light of the holding of the Supreme Court in *Republic of Argentina v. NML Capital,* 134 S. Ct. 2250, 2256-58 (2014). *Id.* As to Argentina's claims that the discovery might reach diplomatic or consular documents that may be


privileged or "inviolable" under the treaties, the Second Circuit found that an objection on that basis is not an excuse to refuse to provide discovery and directed that Argentina raise any claims of privilege or inviolability with the district court. *Id.* at 2-3. The Second Circuit also rejected Argentina's argument that the discovery requested by Plaintiffs is overbroad in seeking information regarding potential alter-egos recognizing that such entities "may possess information about Argentina's assets, even if it does not own or hold those assets itself." *Id.* at 2.

In light of the Second Circuit decision, there is no longer any excuse for Argentina's failure to comply with the Order and Plaintiffs' request that Argentina *immediately* provide the documents and information required to be produced in the Order. Because of the possibility that Argentina may assert a claim of privilege with respect to certain documents and information, we ask that Argentina prioritize its production to first provide information that is readily available to it and not subject to any legitimate claim of privilege.

In this regard, we are aware that numerous Argentine laws impose information gathering obligations on the Argentine government and, as a result, certain highly relevant, responsive categories of information must necessarily be maintained in electronic form that can be readily accessed for immediate production to Plaintiffs. For example, we are aware that under Argentine law, government expenditures are managed through a Unified Account. Law 24,156, Art. 80. Argentina's General Treasury maintains a Registry of Official Accounts, which contains information about every account opened by the government (including the bank and branch, account type, currency, officials authorized to make transfers, the nature and origin of the funds, and the reasons for opening the account). Decree No. 1344/2007, Art. 78 § 5.1, 7.2. We also understand that Argentina's Agency for the Management of Government Property maintains a National Registry of Estate Property, "for the purpose of entering, recording and removing real estate assets owned by the National Government." Decree No. 1382/2012 , Art. 4. Argentina is also required to keep records of all its contracts and thus its National Contracting Office maintains a database of all of its suppliers and contracts (including prices), organized by commercial activity and geographic location. Finally, the Argentine government is required by the Constitution, §75(8) and Law No. 24,156, Art. 91, to prepare an annual investment account report that includes information about public assets and the current status of public debt. Because Argentina is required to maintain and report detailed information regarding its assets and activities, it necessarily follows that the information must be readily available in electronic form, and there is no reason why Argentina cannot promptly produce it in response to Plaintiffs' discovery requests.

With regard to those documents or request for information as to which Argentina intends to invoke a claim of privilege, we ask that Argentina immediately produce a detailed privilege log so that Plaintiffs can evaluate the privilege assertion and the parties can seek direction from Judge Griesa as to any disputed privilege issues.

LLP

Carmine D. Boccuzzi, Jr., Esq.
January 23, 2015
Page 4

Plaintiffs intend to seek an order holding Argentina in contempt and for sanctions in the event that Argentina does not commence its document production within ten days of this letter and complete the production (including the provision of a log to the extent documents are withheld on a claim of privilege) expeditiously.

Very truly yours,

ʹRobert A. Cohen

cc: Daniel B. Rapport Esq. (via email)

# EXHIBIT L

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

**FILED**

NOV - 6 2014

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

NML CAPITAL, LTD.,

        **Plaintiff,**

v.

**THE REPUBLIC OF ARGENTINA,**

        **Defendant.**

**Case No. 14-mc-01237 (RCL)**

## ORDER

Upon consideration of plaintiff NML Capital, Ltd.'s Emergency Motion to Compel Compliance with Subpoena, the Opposition, and Reply thereto, the record herein, and the applicable law, it is hereby

**ORDERED** that the motion is **DENIED**. There is no reason that NML cannot gain access to the witness after he returns to Argentina. All of the draconian measures requested by NML are unwarranted and unnecessary.

**SO ORDERED.**

Judge Royce C. Lamberth
U.S. District Judge

Date: November 6, 2014

# EXHIBIT M

| | |
|---|---|
| **From:** | Bresnahan, Kristin A. |
| **Sent:** | Monday, July 15, 2013 7:07 PM |
| **To:** | 'drapport@fklaw.com' |
| **Cc:** | Northrop, Daniel J.; Boccuzzi Jr., Carmine D.; 'estubbs@fklaw.com' |
| **Subject:** | Aurelius Capital Partners, LP v. Republic of Argentina, 07 Civ. 2715 (TPG) |
| **Attachments:** | 7-15-13 Letter to D Rapport.pdf.pdf; 7.15.13 Responses and Objections of the Republic of Argentina.pdf |

Counsel,

Please see attached.

Best regards,
Kristin

---

Kristin A. Bresnahan
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mstefanick@cgsh.com
One Liberty Plaza, New York NY 10006
t  +1 212 225 2298 | f: +1 212 225 3999
www.clearygottlieb.com | kbresnahan@cgsh com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW

FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG

BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

Writer's Direct Dial: +1 212 225 2508

E-Mail: cboccuzzi@cgsh.com

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
JONATHAN I BLACKMAN
WILLIAM F GORIN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
JAMES A DUNCAN
STEVEN M LOEB
DONALD A STERN
CRAIG B BROD
SHELDON H ALSTER
MITCHELL A LOWENTHAL
EDWARD J ROSEN
JOHN PALENBERG
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L FISHER
DAVID L SUGERMAN
HOWARD S ZELBO
DAVID E BRODSKY
MICHAEL R LAZERWITZ
ARTHUR H KOHN
RICHARD J COOPER
JEFFREY S LEWIS
FILIP MOERMAN

PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI, JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
KRISTOFER W HESS
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O'REILLY

DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
JOON H KIM
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A BAREFOOT
PAMELA L MARCOGLIESE
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
JONATHAN S KOLODNER
HUGH C CONROY JR
KATHLEEN M EMBERGER
WALLACE L LARSON JR
JAMES D SMALL
AVRAM E LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
MEYER H FEDIDA
RESIDENT COUNSEL

July 15, 2013

**VIA FED EX**

Daniel B. Rapport, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, New York 10036

Re: *Aurelius Capital Partners, LP v. Republic of Argentina*, 07 Civ. 2715 (TPG) and related cases

Dear Dan,

I enclose the Republic of Argentina's Responses and Objections to plaintiffs' June 13 discovery requests in the above-referenced matter. The requests seek all interrogatory responses and documents produced to NML Capital, Ltd. ("NML") or to any other party or person in response to NML's August 14, 2012 discovery requests served on the Republic of Argentina. Subject to the enclosed objections, and as you discussed with Dan Northrop last week, I also enclose an encrypted DVD containing a copy of the document production made to NML on September 27, 2012, the password for which will be emailed to you separately, as well as the Republic's responses and objections to NML's interrogatories.

Sincerely,

Carmine D. Boccuzzi, Jr.

Enclosures