# EXHIBIT N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| AURELIUS CAPITAL PARTNERS, LP<br>and AURELIUS CAPITAL MASTER, LTD., | : | |
| | : | |
| Plaintiffs, | : | No. 07 Civ. 2715 (TPG) |
| | : | |
| - against - | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------- x

| | | |
|---|---|---|
| AURELIUS CAPITAL PARTNERS, LP<br>and AURELIUS CAPITAL MASTER, LTD., | : | |
| | : | |
| Plaintiffs, | : | No. 07 Civ. 11327 (TPG) |
| | : | |
| - against - | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------- x

| | | |
|---|---|---|
| BLUE ANGEL CAPITAL I LLC, | : | |
| | : | |
| Plaintiff, | : | No. 07 Civ. 2693 (TPG) |
| | : | |
| - against - | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------- x   *(Captions continued on following pages)*

## PLAINTIFFS' DISCOVERY REQUESTS
## <u>TO DEFENDANT THE REPUBLIC OF ARGENTINA</u>

```
------------------------------------------------- x
AURELIUS CAPITAL MASTER, LTD. and           :
ACP MASTER, LTD.,                            :
                                             :   No. 09 Civ. 8757 (TPG)
                            Plaintiffs,      :
                                             :
             - against -                     :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                            Defendant.       :
------------------------------------------------- x
AURELIUS CAPITAL MASTER, LTD. and           :
ACP MASTER, LTD.,                            :
                                             :
                            Plaintiffs,      :
                                             :   No. 09 Civ. 10620 (TPG)
             - against -                     :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                            Defendant.       :
------------------------------------------------- x
AURELIUS OPPORTUNITIES FUND II, LLC          :
and AURELIUS CAPITAL MASTER, LTD.,           :
                                             :
                            Plaintiffs,      :   No. 10 Civ. 1602 (TPG)
                                             :
             - against -                     :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                            Defendant.       :
------------------------------------------------- x   (Captions continued on following pages)
```

2834416.2

```
------------------------------------------------ x
AURELIUS OPPORTUNITIES FUND II, LLC          :
and AURELIUS CAPITAL MASTER, LTD.,           :
                                             :
                        Plaintiffs,          :   No. 10 Civ. 3507 (TPG)
                                             :
               - against -                   :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD. and            :
AURELIUS OPPORTUNITIES FUND II, LLC,         :
                                             :
                        Plaintiffs,          :   No. 10 Civ. 3970 (TPG)
                                             :
               - against -                   :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
------------------------------------------------ x
BLUE ANGEL CAPITAL I LLC,                    :
                                             :
                        Plaintiff,           :
                                             :   No. 10 Civ. 4101 (TPG)
               - against -                   :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
------------------------------------------------ x   (Captions continued on following pages)
```

```
------------------------------------------------------------ x
BLUE ANGEL CAPITAL I LLC,                          :
                                                   :
                              Plaintiff,           :     No. 10 Civ. 4782 (TPG)
                                                   :
              - against -                          :
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
------------------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD. and                  :
AURELIUS OPPORTUNITIES FUND II, LLC,               :
                                                   :
                              Plaintiffs,          :     No. 10 Civ. 8339 (TPG)
                                                   :
              - against -                          :
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
------------------------------------------------------------x
```

Pursuant to Rules 26, 33, 34, and 69 of the Federal Rules of Civil Procedure and the Local Civil Rules, plaintiffs Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, ACP Master, Ltd., Aurelius Opportunities Fund II, LLC and Blue Angel Capital I LLC ("plaintiffs"), through their attorneys, Friedman Kaplan Seiler & Adelman LLP, request that defendant the Republic of Argentina respond to the following interrogatories and document requests, and produce the requested documents for inspection and copying at the offices of Friedman Kaplan Seiler & Adelman LLP, 7 Times Square, New York, N.Y. 10036-6516 (Attention: Daniel B. Rapport, Esq.), in the manner prescribed by the Federal Rules, and in accordance with the further Definitions and Instructions set forth below.

## DEFINITIONS

1.      **"Argentina," "you,"** and **"your"** means the Republic of Argentina, as well as its ministries, political subdivisions, representatives, and assigns, and all other persons acting or purporting to act for or on Argentina's behalf, whether or not authorized to do so.

2.      The term **"document" (or "documents")** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.  Fed. R. Civ. P. 34(a); Local Civil Rule 26.3(c)(2).

3.      The term **"person"** means any natural person, or any business, legal or governmental entity, or association.  Local Civil Rule 26.3(c)(6).

4.      The term **"NML"** means NML Capital, Ltd., its parents, subsidiaries, and affiliates, as well as its officers, directors, principals, agents, representatives, counsel, and all other persons acting or purporting to act for or on its behalf, whether or not authorized to do so.

5.      **"NML Actions"** means the actions entitled *NML Capital, Ltd. v. The Republic of Argentina*, bearing docket numbers 03 Civ. 8845, 05 Civ. 2434, 06 Civ. 6466, 07 Civ. 1910, 07 Civ. 2690, 07 Civ. 6563, 08 Civ. 2541, 08 Civ. 3302, 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708.

6.      **"NML Discovery Requests"** means Plaintiff's Discovery Requests to Defendant The Republic of Argentina, dated August 14, 2012 and served on Argentina in the NML Actions, attached hereto as Exhibit A.

2

7.      The definitions contained within the NML Discovery requests are hereby incorporated in their entirety.

## INSTRUCTIONS

1.      You are to produce all documents and provide interrogatory responses to plaintiffs' counsel, Friedman Kaplan Seiler & Adelman LLP, simultaneously with the production of documents and interrogatory responses to NML or to any other party or person.  This means that all documents and interrogatory responses produced to NML or to any other party or person shall be produced to plaintiffs' counsel at the same time and in the same manner as produced to NML or to any other party or person.

2.      The instructions contained within the NML Discovery Requests are hereby incorporated in their entirety.

## INTERROGATORIES

1.      Provide all interrogatory responses provided to NML or to any other party or person in response to the NML Discovery Requests, including but not limited to any responses provided following a denial of any motion to quash the NML Discovery Requests or in response to any court order compelling the provision of interrogatory responses.

## DOCUMENT REQUESTS

1.      All documents produced to NML or to any other party or person in response to the NML Discovery Requests, including but not limited to documents produced following a denial of any motion to quash the NML Discovery Requests or in response to any court order compelling production.

3

2834416.2

Date:   New York, New York
        June 13, 2013

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

By:   _____

Edward A. Friedman (efriedman@fklaw.com)
Daniel B. Rapport (drapport@fklaw.com)
Emily A. Stubbs (estubbs@fklaw.com)

7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for Plaintiffs*

4

2834416.2

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                           :

| | |
|---|---|
| NML CAPITAL, LTD. | 03 Civ. 8845 (TPG) |
| | 05 Civ. 2434 (TPG) |
| Plaintiff, | 06 Civ. 6466 (TPG) |
| | 07 Civ. 1910 (TPG) |
| - against - | 07 Civ. 2690 (TPG) |
| | 07 Civ. 6563 (TPG) |
| THE REPUBLIC OF ARGENTINA, | 08 Civ. 2541 (TPG) |
| | 08 Civ. 6978 (TPG) |
| Defendant. | 09 Civ. 1707 (TPG) |
| | 09 Civ. 1708 (TPG) |

------------------------------------------------x

## PLAINTIFF'S DISCOVERY REQUESTS
## TO DEFENDANT THE REPUBLIC OF ARGENTINA

Pursuant to Rules 26, 33, 34, and 69 of the Federal Rules of Civil Procedure and the Local Civil Rules, plaintiff NML Capital, Ltd. ("Plaintiff"), through its attorneys, Dechert LLP, requests that, within thirty (30) days after service of these interrogatories and document requests (together, the "Discovery Requests"), defendant the Republic of Argentina respond and produce the documents described below for inspection and copying at the offices of Dechert LLP, 1095 Avenue of the Americas, New York, New York, 10036 (Attention: Robert A. Cohen, Esq.).

### DEFINITIONS

1.     "Argentina," "you," and "your" means the Republic of Argentina, as well as its ministries, political subdivisions, representatives, and assigns, and all other Persons acting or purporting to act for or on Argentina's behalf, whether or not authorized to do so. For the avoidance of any doubt, this includes, but is not limited to, the entities identified in Exhibit A. By contrast, "the Republic of Argentina" refers only to the Republic of Argentina.

2.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

14528159

3.     **"Document"** (or **"Documents"**) is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

4.     **"Identify,"** when used with respect to Persons, means to give, to the extent known: (i) the Person's full name; (ii) the Person's present or last known address; and (iii) when referring to a natural person, additionally, the Person's present or last known place of employment.

5.     **"Identify,"** when used with respect to Documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

6.     **"Person"** means any natural person, or any business, legal, or governmental entity, or association.

7.     **"Relating to"** means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

## INSTRUCTIONS

1.     These Discovery Requests are continuing in character so as to require prompt amendment or supplementation whenever you obtain, at any time during the period between your initial responses and satisfaction of all judgments in the above referenced actions, information

2

that renders your initial responses in some material respect incorrect or incomplete (provided such information has not otherwise been made known to Plaintiffs during the discovery process or in writing).

2.  These Discovery Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Discovery Requests, or as an admission of the relevance or materiality of any of the matters covered by these Discovery Requests.

3.  Each Discovery Request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or Document request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

4.  In producing responsive Documents, you should furnish all Documents in your possession, custody, or control, regardless of whether such Documents are possessed directly by you or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators. A Document is deemed in your actual or constructive possession, custody, or control if it is in your physical custody or if it is in the physical custody of any other Person and you (i) own such Document in whole or in part; (ii) have a right, by control, contract, statute, order, or otherwise to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such Documents upon any terms; or (iv) have, as a practical

3

matter, been able to use, inspect, examine, or copy such Document when you sought to do so. For the avoidance of doubt, a Document is deemed to be in your actual or constructive possession, custody, or control if it is accessible on a network or server maintained by Argentina (as defined above).

5.     Each of these Document Requests requires production in full, without abbreviation, redaction, or expurgation, of any responsive Documents. If any responsive Document is not or cannot be produced in full, produce it to the extent possible, indicating which Document, or portion of that Document is being withheld, and the reason(s) it is being withheld.

6.     You shall produce any and all drafts of each Document that is responsive to any Document request, and any and all copies of each such Document that are not identical in any respect, including but not limited to differences in handwritten notes, markings, stamps, interlineations, and electronic information.

7.     Documents referred to herein shall include all portions, or pages of each document referred to and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, drafts, working papers, routing slips, handwritten notes, and similar materials (with or without notes or changes therein). All Documents that are physically attached to each other when located for production shall be left so attached when produced. Documents that are segregated or separated from other Documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated when produced. Documents shall be produced in the order in which they were maintained and in the files in which they were found.

8.     With respect to Electronically Stored Information ("ESI"):

   a.)     All electronic mail and spreadsheets responsive to these Discovery Requests that are maintained in the usual course of business in electronic format

4

shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

b.) All other Documents responsive to these Discovery Requests that are maintained in the usual course of business in electronic format shall be produced in properly utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

c.) All Documents responsive to these Discovery Requests shall be produced with the metadata normally contained within such Documents, and the necessary Concordance or Introspect load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties relating to such Document, including, but not limited to, all information relating to the date(s) the Document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the Document.

d.) Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Plaintiff's counsel. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost you claim is associated with the search or production of such ESI.

9. If any Document, or any part of a Document, called for by these Document Requests has been destroyed, discarded, lost, or otherwise disposed of or placed beyond your custody or control, you shall furnish a list identifying each such Document by: (i) date; (ii) author; (iii) recipient(s); (iv) type of Document (e.g., letter, memorandum, chart, e-mail, etc.); (v) general subject matter; (vi) the Document's present or last-known location or custodian; (vii) the date of the Document's destruction or other disposition; (viii) the reason for such destruction or other disposition; and (ix) the Person authorizing such destruction or other disposition.

10. If a privilege is claimed as the basis for not producing any Document, you are to furnish a privilege log setting forth, for each such Document: (i) nature of the privilege claimed;

(ii) the date of the Document; (iii) the Person(s) who prepared the Document; (iv) each Person to whom a copy of the Document was furnished, or to whom its contents were communicated; (v) the Person who has custody of such Document or a copy of such Document; (vi) any and all facts and reasons that you claim support each objection; (vii) the reason(s) for the preparation of the Document; (viii) each Person(s) who has knowledge of any of the facts or reasons that you claim support such objection; and (ix) all information relating hereto which is not within the scope of the privilege claimed.

11.     Documents not otherwise responsive to these Discovery Requests are to be produced if such Documents mention, discuss, refer to, or explain the Documents which are responsive to these Discovery Requests, or if such Documents are attached to Documents responsive to these Discovery Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

12.     In responding to these Discovery Requests, if you encounter any ambiguity in construing an individual request or any definitions and instructions relevant thereto, set forth the matter or term deemed "ambiguous" and the construction used in responding to such request.

## INTERROGATORIES

### A.     Assets of the Republic

1.     Identify any accounts maintained inside the United States in whole or in part in the name of Argentina, beneficially held in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina.  Identify who has knowledge of these accounts and what documents reflect these accounts.

2.     Identify any commercial or standby letters of credit in which Argentina is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties

located in whole or in part inside the United States. Identify who has knowledge of these commercial or standby letters of credit and what documents reflect these commercial or standby letters of credit.

3.       Identify any outstanding loans (including repurchase agreements) for which Argentina is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part inside the United States. Identify who has knowledge of these loans and what documents reflect these loans.

4.       Identify any asset or property of any kind whatsoever located in whole or in part inside the United States, which Argentina owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder. Identify who has knowledge of these assets or properties and what documents reflect these assets or properties.

5.       Identify any asset or property of any kind whatsoever located in whole or in part inside the United States, which the Administración Nacional de Seguridad Social ("ANSES") owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder. Identify who has knowledge of these assets or properties and what documents reflect these assets or properties.

**B.       Potential Alter Egos**

6.       Describe the relationships among and between the Republic of Argentina

7

(including, but not limited to, the Tesorería General de la Nación, the Ministry of Economy and Public Finance, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State) and Banco Central de la República Argentina ("BCRA"), Banco De La Nación Argentina ("BNA"), Energía Argentina Sociedad Anónima ("ENARSA"), and Yacimientos Petroliferos Fiscales ("YPF"), including instances in which (a) officers, directors, or employees of one of those entities have served as officers, directors, or employees of another, or functioned on behalf of another; (b) one entity (or its officers, directors, or employees) has reported to or been responsible to another; (c) one entity (or its officers, directors, or employees) has directed or controlled another of these entities; and (d) one entity (or its officers, directors, or employees) has used assets for the benefit of another entity (including, but not limited to, making a loan to the other entity).

7.      Identify all officers and directors of ENARSA, YPF, BCRA, BNA, the Tesorería General de la Nación, the Ministry of Economy and Public Finance, and the Ministry of Federal Planning, Public Investment, and Services for the years 2001 to 2012.

8.      Describe those circumstances in which the Republic of Argentina is responsible (through its charter, governmental decree, statute, or otherwise) for obligations of ENARSA, YPF, BCRA, or BNA, or vice versa.  Identify who has knowledge of the facts stated and what documents reflect these facts.

9.      Identify any judicial or administrative decisions that have held the Republic of Argentina responsible for obligations of ENARSA, YPF, BCRA and/or BNA, or vice versa. Identify who has knowledge of these decisions and any documents that record or reflect these decisions.

8

10.     Identify all subjects with respect to which (a) the Ministry of Economy and Public Finance (including, but not limited to, the Tesorería General de la Nación), (b) the Office of the Head of State, (c) the Ministry of Federal Planning, Public Investment, and Services, (d) the Economy Vice Minister, or (e) the Republic of Argentina determines policies of ENARSA, YPF, BCRA, and/or BNA, including, but not limited to, borrowing or loan guaranty practices, repayment of debts, the setting of interest rates, lending guidelines, and monetary policy, including the accumulation of foreign reserves.  With respect to any subjects identified, describe in detail the role of the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, the Office of the Head of State, and/or the Republic of Argentina in determining the policies of ENARSA, YPF, BCRA and/or BNA.

11.     Describe the role of the Republic of Argentina (including, but not limited to, the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State) in reviewing, negotiating, approving, guaranteeing, and/or paying obligations of ENARSA, YPF, BCRA, and/or BNA, and vice versa.

12.     Describe all communications among or between the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA concerning the bonds at issue in this lawsuit.  Identify who has knowledge of these communications and what documents reflect said communications.

13.    Describe all communications among or between the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA concerning repudiation, payment, or non-payment of Argentina's foreign obligations from 2001 to present.  Identify who has knowledge of these communications and what documents reflect said communications.

14.    Identify all persons who participated in answering these interrogatories and document requests, stating for each person the interrogatories or document requests on which that person assisted and describing the documents that person reviewed or consulted in connection with his or her assistance.

## DOCUMENT REQUESTS

### A.    Assets of the Republic

1.    Documents sufficient to identify all accounts maintained inside the United States in the name of Argentina, beneficially held in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina.

2.    Current Account balance, currency, and as-of date for all accounts identified in Document Request No. 2.

3.    Documents sufficient to identify how long all accounts identified in response to Document Request No. 2 have been active.

4.    Documents relating to the closure (including the party initiating the closure) for all accounts in Document Request No. 2 that have been closed, beginning in the year 2001.

5.    Transaction history for all accounts identified in response to Document Request No. 2, beginning in the year 2010.

10

6.      Documents relating to all commercial or standby letters of credit in which Argentina is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part inside the United States.

7.      Documents relating to outstanding loans for which Argentina is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part inside the United States.

8.      Documents relating to any asset or property of any kind whatsoever, located in whole or in part inside the United States, which Argentina owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

9.      Documents relating to any asset or property of any kind whatsoever, located in whole or in part inside the United States, which ANSES owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

**B.      Potential Alter Egos**

10.      All organization charts for the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, BCRA, BNA, ENARSA, and YPF.

11

11.     Lists of all officers, directors, and governors of the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, BCRA, BNA, ENARSA, and YPF for the years 2001 to 2012.

12.     All documents reflecting that officers, directors, or employees of BCRA, BNA, ENARSA, or YPF concurrently held a position with the Republic of Argentina (including with the Ministry of Federal Planning, Public Investment, and Services, the Ministry of Economy and Public Finance, or the Tesorería General de la Nación) during the years 2001 to 2012.

13.     All organizational documents for the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, BCRA, BNA, ENARSA, and YPF including, but not limited to, charters and articles of association for the years 2001 to 2012.

14.     All corporate resolutions, board minutes, and stock certificates of BCRA, BNA, ENARSA, and YPF for the years 2001 to 2012.

15.     Documents reflecting the addresses and telephone and fax numbers of the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, ENARSA, YPF, BCRA, and BNA throughout the period from 2001 to 2012, including any documents reflecting common office space, addresses, or telephone numbers.

16.     All communications to, from, or among the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA concerning the bonds at issue in this litigation.

12

17.    All communications to, from, or among the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA concerning repudiation, payment, or non-payment of Argentina's foreign obligations.

18.    All documents, including powers of attorney, concerning the authority of officers, directors, and/or governors of the Ministry of Federal Planning, Public Investment, and Services, the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Economy Vice Minister, ENARSA, YPF, BCRA, and/or BNA to act on behalf of one another.

19.    All documents concerning the authority of the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State) to determine policies of ENARSA, YPF, BCRA and/or BNA, including, but not limited to, the setting of interest rates, lending guidelines, repayment of debts, borrowing or loan guaranty practices, and monetary policy, including the accumulation of foreign reserves, for all years for which such documents exist.

20.    All documents concerning any obligations of the Republic of Argentina that were reviewed, approved, guaranteed, and/or paid by ENARSA, YPF, BCRA and/or BNA, or vice versa.

21.    All documents concerning the bonds at issue in this lawsuit, including, but not limited to, documents that refer to the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the

Economy Vice Minister, BCRA, BNA, ENARSA, YPF or any of their officers, directors, or employees.

22.     All documents concerning meetings or communications pertaining to Plaintiffs between or among the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA.

23.     All judicial or administrative decisions and related court papers concerning the relationships among or between BCRA, BNA, ENARSA, YPF, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, the Tesorería General de la Nación, and the Ministry of Economy and Public Finance.

Dated: New York, New York
       August 14, 2012

                                    DECHERT LLP

                            By:     _____
                                    Robert A. Cohen
                                    Dennis H. Hranitzky
                                    Eric C. Kirsch
                                    1095 Avenue of the Americas
                                    New York, New York  10036
                                    Tel. (212) 698-3500
                                    Fax. (212) 698-3599

                                    *Attorneys for Plaintiff*
                                    *NML Capital, Ltd.*

14

## EXHIBIT A: NON-EXCLUSIVE LIST OF ENTITIES
## INCLUDED IN THE DEFINITION OF "ARGENTINA"

| Spanish | English |
|---|---|
| Tesorería General de la Nación | |
| Secretarías de Estado | Departments of State |
| Jefatura de Gabinete de Ministros | Office of the Cabinet Chief |
| Ministerio del Interior | Ministry of the Interior |
| Ministerio de Relaciones Exteriores, Comercio Internacional y Culto | Ministry of Foreign Affairs, International Trade and Religious Affairs |
| Ministerio de Defensa | Ministry of Defense |
| Ministerio de Economía y Finanzas Públicas | Ministry of Economy and Public Finance |
| Ministerio de Planificación Federal Inversión Pública y Servicios | Ministry of Federal Planning, Public Investment and Services |
| Ministerio de Justicia, Seguridad y Derechos Humanos | Ministry of Justice, Security and Human Rights |
| Ministerio de Educación | Ministry of Education |
| Ministerio de Ciencia, Tecnología e Innovación Productiva | Ministry of Science, Technology and Production Innovation |
| Ministerio de Labor, Empleo y Seguridad Social | |
| Ministerio de Salud | Ministry of Health |
| Ministerio de Desarrollo Social | Ministry of Social Development |
| Ministerio de Industria y Turismo | Ministry of Industry & Tourism |
| Ministerio de Agricultura, Ganadería y Pesca | Ministry of Agriculture, Stockbreeding and Fisheries |
| Administración Nacional de Seguridad Social | |
| Agencia Nacional de Promoción Científica y Tecnológica | |
| Banco Central de la República Argentina | |
| Comisión Nacional de Actividades Espaciales | National Space Activities Commission |
| Energía Argentina S.A. | |

15

# EXHIBIT O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                               :

| | | |
|---|---|---|
| NML CAPITAL, LTD., | : | 03 Civ. 8845 (TPG) |
| | : | 05 Civ. 2434 (TPG) |
| Plaintiff, | : | 06 Civ. 6466 (TPG) |
| | : | 07 Civ. 1910 (TPG) |
| - against - | : | 07 Civ. 2690 (TPG) |
| | : | 07 Civ. 6563 (TPG) |
| THE REPUBLIC OF ARGENTINA, | : | 08 Civ. 2541 (TPG) |
| | : | 08 Civ. 6978 (TPG) |
| Defendant. | : | 09 Civ. 1707 (TPG) |
| | : | 09 Civ. 1708 (TPG) |
| | : | |
| | : | |
| | : | |

------------------------------------------------------------------ x

## THE REPUBLIC OF ARGENTINA'S RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S INTERROGATORIES AND DOCUMENT REQUESTS

Defendant the Republic of Argentina (the "Republic") responds as follows

pursuant to Federal Rules of Civil Procedure 33 and 34 to plaintiff's Interrogatories and

Document Requests to the Republic, dated August 14, 2012 (the "Discovery Requests"):

### GENERAL OBJECTIONS

Each of the Republic's responses is subject to the following objections:

1.      The Republic objects to the Discovery Requests to the extent they are not

limited in a prudential and proportionate way and would result in the expenditure of unnecessary

time or resources.

2.      The Republic objects to all definitions, instructions, interrogatories, and

document requests that purport to impose obligations beyond those required or permitted by the

Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for

the Southern District of New York.

       3.     The Republic objects to the Discovery Requests to the extent they purport to seek information not presently in the possession of the Republic, but in the possession of third parties or separate legal entities.

       4.     The Republic objects to the Discovery Requests to the extent they seek documents or information which are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

       5.     The Republic objects to the Discovery Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or are otherwise protected from disclosure.

       6.     The Republic objects to the Discovery Requests to the extent they define "Argentina," "you," and "your" to include any ministries, political subdivisions, representatives, and assigns, and therefore seek information concerning such entities, including entities that have been deemed by the Court to be separate entities and not alter egos of the Republic. Such requests are overbroad, unduly burdensome, beyond the scope of permissible enforcement of judgments under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 (the "FSIA") and improper.

       7.     The Republic objects to the Discovery Requests to the extent they define "Argentina," "you," and "your" to include all other persons acting or purporting to act for or on the Republic's behalf, whether or not authorized to do so. Such requests are overbroad, unduly burdensome, beyond the scope of permissible enforcement of judgments under the FSIA and improper.

8.     The Republic objects to the Discovery Requests to the extent they define
"Argentina," "you" and "your" to include all entities listed in Exhibit A to the Discovery
Requests and to the extent they seek information concerning entities separate from the Republic,
including but not limited to agencies or instrumentalities of the Republic under Section 1603(b)
of the FSIA such as Banco Central de la República Argentina ("BCRA"), Energía Argentina
S.A. ("ENARSA"), Banco de la Nación Argentina ("BNA"), Administración Nacional de
Seguridad Social ("ANSES") and Yacimientos Petroliferos Fiscales ("YPF"). Such requests are
overbroad, unduly burdensome, beyond the scope of permissible enforcement of judgments
under the FSIA and improper. Moreover, property of BCRA, ENARSA, BNA and ANSES has
already been held to be immune from attachment and execution in these and related cases. *See
NML Capital, Ltd. v. Banco Central de la República Argentina*, 652 F.3d 172 (2d Cir. 2011)
*cert. denied sub nom.*, *EM Ltd. v. Republic of Argentina*, -- S.Ct. --, No. 11-604-cv, 2012 WL
2368718 (June 25, 2012) (vacating attachment of BCRA reserves); *EM Ltd. v. Republic of
Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (affirming, *inter alia*, denial of discovery
concerning BCRA reserves); *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 7013
(TPG), 2011 WL 524433 (S.D.N.Y. Feb. 15, 2011) (dismissing alter ego complaint against
ENARSA); *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 7013 (TPG), 2012 WL
3798217 (S.D.N.Y. Aug. 29, 2012) (dismissing amended complaint against ENARSA); *EM Ltd.
v. Republic of Argentina*, No. 08 Civ. 7974 (TPG), 2009 WL 3149601, at *7 (S.D.N.Y. Sept. 30,
2009) (dismissing alter ego complaint against BNA); *Seijas v. Republic of Argentina*, No. 10
Civ. 4300 (TPG), 2011 WL 1137942, at *12 (S.D.N.Y Mar. 28, 2011) (granting summary
judgment to defendants and dismissing alter ego case against BNA); *Aurelius Capital Partners,*

3

*L.P. v. Republic of Argentina*, 584 F.3d 120 (2d Cir. 2009) (vacating attachments and restraints of funds located in the United States, legal control of which had been transferred to ANSES).

9.     The Republic objects to the Discovery Requests to the extent they seek information about property under the control of military or defense entities and/or of a military character and used in connection with a military activity. Such requests are overbroad and beyond the permissible scope of enforcement under the FSIA, including but not limited to Section 1611(b)(2) of the FSIA.

10.    The Republic objects to the Discovery Requests to the extent they seek information about property held by diplomatic or consular entities and used in connection with a diplomatic or consular activity. Such requests are overbroad and beyond the permissible scope of enforcement under the FSIA and international law, including the Vienna Convention on Diplomatic Relations of 1961 and the Vienna Convention on Consular Relations of 1963.

11.    The Republic objects to the Discovery Requests to the extent they contain no limiting time period whatsoever. Such requests are overbroad and improper.

12.    The Republic objects to the Discovery Requests to the extent they seek information concerning property of the Republic not located in the United States and used for a commercial activity in the United States. Such requests are overbroad, unduly burdensome, beyond the scope of permissible enforcement of judgments under the FSIA, and not reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to the Discovery Requests as untethered from any specific immunity determination concerning purported property of the Republic sought to be attached or executed upon. *See Rubin v. Islamic Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011) (overturning a general post-judgment asset discovery order, and holding that the FSIA, which "plainly applies and limits the discovery

4

process" in proceedings against sovereigns, "aim[s] to protect foreign sovereigns from the burdens of litigation, including . . . discovery") (cited with approval by the Second Circuit in *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280 (2d Cir. 2011)), *cert. denied*, -- S.Ct. --, No. 11-431-cv, 2012 WL 2368717 (June 25, 2012). The Second Circuit Court of Appeals recently affirmed an order of the district court upholding subpoenas on third-party banks concerning purported assets of the Republic located outside of the United States. *See EM Ltd. v. Republic of Argentina*, -- F.3d --, No. 11-4065-cv(L), 2012 WL 3553367, at *7 (2d Cir. Aug. 20, 2012). As the Second Circuit noted, its ruling directly conflicts with the Seventh Circuit's ruling in *Rubin*. *Id.* The Republic has petitioned for rehearing *en banc* of the *EM* decision and expressly preserves all arguments and objections that the Discovery Requests violate the FSIA.

13. The Republic objects to the Discovery Requests in that plaintiff's very propoundment of the Discovery Requests is designed to annoy, embarrass, oppress, and unduly burden the Republic.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1: Identify any accounts maintained inside the United States in whole or in part in the name of Argentina, beneficially held in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina. Identify who has knowledge of these accounts and what documents reflect these accounts.**

Objection and Response to Interrogatory No. 1: In addition to the General Objections, the Republic objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks information concerning diplomatic, consular, military and defense accounts and accounts not used by the Republic for a commercial activity in the United States. Subject to and preserving the foregoing Specific and General Objections, the Republic states that it maintains

5

no accounts in the United States in which it keeps funds used for a commercial activity in the United States.

**Interrogatory No. 2:  Identify any commercial or standby letters of credit in which Argentina is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part inside the United States.  Identify who has knowledge of these commercial or standby letters of credit and what documents reflect these commercial or standby letters of credit.**

Objection and Response to Interrogatory No. 2:  In addition to the General Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Interrogatory to the extent it seeks information about assets that are not subject to attachment or restraint under New York law. *See Supreme Merch. Co. v. Chemical Bank (In re Supreme Merch. Co.)*, 70 N.Y.2d 344, 349-350 (1987) (finding that the interest of a beneficiary in an executory letter of credit was contingent, and thus was not property subject to attachment); *see also Diakan Love, S.A. v. Al-Haddad Bros. Enters., Inc. (In re Diakan Love, S.A.)*, 584 F. Supp. 782 (S.D.N.Y. 1984).

**Interrogatory No. 3:  Identify any outstanding loans (including repurchase agreements) for which Argentina is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part inside the United States.  Identify who has knowledge of these loans and what documents reflect these loans.**

Objection and Response to Interrogatory No. 3:  In addition to the General Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent is seeks information concerning property not used by the Republic for a

commercial activity in the United States and property immune from attachment and execution

under Section 1611(a) of the FSIA. The Republic further objects to this Interrogatory on the

grounds that a borrowing is generally understood to be a debt and not an asset.

**Interrogatory No. 4: Identify any asset or property of any kind whatsoever located in whole or in part inside the United States, which Argentina owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder. Identify who has knowledge of these assets or properties and what documents reflect these assets or properties.**

Objection and Response to Interrogatory No. 4: In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence,

including to the extent it seeks information concerning immune diplomatic, consular, military

and defense property and property not used by the Republic for a commercial activity in the

United States. In any event, plaintiff is aware of diplomatic and military property in the United

States and has improperly sought to seize such property in the past. *See, e.g., NML Capital, Ltd.

v. Republic of Argentina*, No. 04-0197 (CKK), 2005 U.S. Dist. LEXIS 47027, at *56-57 (D.D.C.

Aug. 3, 2005) (quashing plaintiff's *ex parte* writ of attachment on diplomatic property of the

Republic). Subject to and preserving the foregoing Specific and General Objections, the

Republic states that it maintains no accounts in the United States in which it keeps funds used for

a commercial activity in the United States.

**Interrogatory No. 5: Identify any asset or property of any kind whatsoever located in whole or in part inside the United States, which the Administración Nacional de Seguridad Social ("ANSES") owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder. Identify who has knowledge of these assets or properties and what documents reflect these assets or properties.**

7

<u>Objection and Response to Interrogatory No. 5</u>:  In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

As stated in General Objection No. 8, ANSES is separate from the Republic and not liable for its

debts.

**Interrogatory No. 6:  Describe the relationships among and between the
Republic of Argentina (including, but not limited to, the Tesorería General de la Nación,
the Ministry of Economy and Public Finance, the Ministry of Federal Planning, Public
Investment, and Services, the Economy Vice Minister, and the Office of the Head of State)
and Banco Central de la República Argentina ("BCRA"), Banco De La Nación Argentina
("BNA"), Energía Argentina Sociedad Anónima ("ENARSA"), and Yacimientos
Petroliferos Fiscales ("YPF"), including instances in which (a) officers, directors, or
employees of one of those entities have served as officers, directors, or employees of
another, or functioned on behalf of another; (b) one entity (or its officers, directors, or
employees) has reported to or been responsible to another; (c) one entity (or its officers,
directors, or employees) has directed or controlled another of these entities; and (d) one
entity (or its officers, directors, or employees) has used assets for the benefit of another
entity (including, but not limited to, making a loan to the other entity).**

<u>Objection and Response to Interrogatory No. 6</u>:  In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the

Republic and not liable for its debts.  Subject to and preserving the foregoing Specific and

General Objections, the Republic states that:

- The Ministry of Economy and Public Finance is a ministry of the Republic and a part of
  the central public administration;

- The Tesorería General de la Nación is a subdivision of the Subsecretaría de Presupuesto,
  part of the Secretaría de Hacienda of the Ministry of Economy and Public Finance;

8

- The Ministry of Federal Planning, Public Investment, and Services is a ministry of the Republic and a part of the central public administration;

- BCRA, the central bank and monetary authority of the Republic, is an autarkic entity of the Republic and an independent juridical entity with its own legal personality separate from the Republic;

- BNA is an Argentine commercial bank, an autarkic entity of the Republic and an independent juridical entity with its own legal personality separate from the Republic;

- ENARSA is an energy company, a duly incorporated stock corporation (sociedad anónima) and an independent juridical entity with its own legal personality separate from the Republic;

- YPF is an energy company, a duly incorporated stock corporation (sociedad anónima) and an independent juridical entity with its own legal personality separate from the Republic.

Subject to and preserving the foregoing Specific and General Objections, the

Republic is producing the charters and/or organizing documents and/or bylaws of these entities.

**Interrogatory No. 7:  Identify all officers and directors of ENARSA, YPF, BCRA, BNA, the Tesorería General de la Nación, the Ministry of Economy and Public Finance, and the Ministry of Federal Planning, Public Investment, and Services for the years 2001 to 2012.**

Objection and Response to Interrogatory No. 7.  In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the

Republic and not liable for its debts.  The Republic further objects to this Interrogatory because it

seeks information from 2001 to 2012 and is thus overbroad as to time period.  Subject to and

preserving the foregoing Specific and General Objections, the Republic identifies, on the

attached Exhibit A, the current Ministers, Secretaries and Under-Secretaries of the Ministry of

Economy and Public Finance (including the Tesorería General de la Nación) and the Ministry of

9

Federal Planning, Public Investment, and Services, and the current directors of BCRA, BNA,

ENARSA and YPF.

**Interrogatory No. 8:  Describe those circumstances in which the Republic of Argentina is responsible (through its charter, governmental decree, statute, or otherwise) for obligations of ENARSA, YPF, BCRA, or BNA, or vice versa.  Identify who has knowledge of the facts stated and what documents reflect these facts.**

Objection and Response to Interrogatory No. 8:  In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the

Republic and not liable for its debts.  Subject to and preserving the foregoing Specific and

General Objections, the Republic is producing the charters and/or organizing documents and/or

bylaws of these entities.

**Interrogatory No. 9:  Identify any judicial or administrative decisions that have held the Republic of Argentina responsible for obligations of ENARSA, YPF, BCRA, and/or BNA, or vice versa.  Identify who has knowledge of these decisions and any documents that record or reflect these decisions.**

Objection and Response to Interrogatory No. 9:  In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

The Republic further objects to this Interrogatory to the extent plaintiff seeks to use these

Discovery Requests to require the Republic to conduct legal research.  Subject to and preserving

the foregoing Specific and General Objections, the Republic states that it is not aware of any

judicial or administrative decisions outside of the United States holding that BCRA, BNA,

10

ENARSA and/or YPF are alter egos of the Republic or liable for the amounts owed by the Republic on its defaulted debt.

**Interrogatory No. 10:  Identify all subjects with respect to which (a) the Ministry of Economy and Public Finance (including, but not limited to, the Tesorería General de la Nación), (b) the Office of the Head of State, (c) the Ministry of Federal Planning, Public Investment, and Services, (d) the Economy Vice Minister, or (e) the Republic of Argentina determines policies of ENARSA, YPF, BCRA, and/or BNA, including, but not limited to, borrowing or loan guaranty practices, repayment of debts, the setting of interest rates, lending guidelines, and monetary policy, including the accumulation of foreign reserves.  With respect to any subjects identified, describe in detail the role of the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, the Office of the Head of State, and/or the Republic of Argentina in determining the policies of ENARSA, YPF, BCRA and/or BNA.**

Objection and Response to Interrogatory No. 10:  In addition to the General Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Interrogatory to the extent it seeks information that is protected by the deliberative process privilege and infringes on the Republic's sovereign decision-making process.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts.  Subject to and preserving the foregoing Specific and General Objections, the Republic is producing the charters and/or organizing documents and/or bylaws of these entities.

**Interrogatory No. 11:  Describe the role of the Republic of Argentina (including, but not limited to, the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State) in reviewing, negotiating, approving, guaranteeing, and/or paying obligations of ENARSA, YPF, BCRA, and/or BNA, and vice versa.**

11

<u>Objection and Response to Interrogatory No. 11</u>: In addition to the General Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Interrogatory to the extent it seeks information that is protected by the deliberative process privilege and infringes on the Republic's sovereign decision-making process. As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts. Subject to and preserving the foregoing Specific and General Objections, the Republic is producing the charters and/or organizing documents and/or bylaws of these entities.

**Interrogatory No. 12: Describe all communications between the Republic of Argentina (including, but not limited to, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA concerning the bonds at issue in this lawsuit. Identify who has knowledge of these communications and what documents reflect said communications.**

<u>Objection and Response to Interrogatory No. 12</u>: In addition to the General Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Interrogatory to the extent it seeks information that is protected by the deliberative process privilege and infringes on the Republic's sovereign decision-making process. As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts. The Republic further objects to this Interrogatory to the extent it seeks information that is protected by the joint defense privilege.

**Interrogatory No. 13:  Describe all communications among or between the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA concerning repudiation, payment, or non-payment of Argentina's foreign obligations from 2001 to present.  Identify who has knowledge of these communications and what documents reflect said communications.**

        <u>Objection and Response to Interrogatory No. 13</u>:  In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

The Republic further objects to this Document Request because it seeks information from 2001

to the present and is thus overbroad as to time period.  The Republic further objects to this

Interrogatory to the extent it seeks information that is protected by the deliberative process

privilege and infringes on the Republic's sovereign decision-making process.  As stated in

General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and

not liable for its debts.  The Republic further objects to this Interrogatory to the extent it seeks

information that is protected by the joint defense privilege.

**Interrogatory No. 14:  Identify all persons who participated in answering these interrogatories and document requests, stating for each person the interrogatories or document requests on which that person assisted and describing the documents that person reviewed or consulted in connection with his or her assistance.**

        <u>Objection and Response to Interrogatory No. 14</u>:  In addition to the General

Objections, the Republic objects to this Interrogatory on the grounds that it is unduly

burdensome.  Subject to and without waiving the foregoing Specific and General Objections, the

Republic states that it consulted with staff from the National Bureau of Public Credit of the

Ministry of Economy and Public Finance.

**Document Request No. 1:  Documents sufficient to identify all accounts maintained inside the United States, beneficially held in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina.**

Objection and Response to Document Request No. 1:  In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents concerning diplomatic, consular, military and defense accounts and accounts not used by the Republic for a commercial activity in the United States.  Subject to and preserving the foregoing Specific and General Objections, the Republic states that it maintains no accounts in the United States in which it keeps funds used for a commercial activity in the United States.

**Document Request No. 2:  Current Account balance, currency, and as-of date for all accounts identified in Document Request No. 2 [sic].**

Objection and Response to Document Request No. 2:  The Republic interprets this Document Request as seeking information related to Document Request No. 1.  In Response to this Document Request, the Republic repeats and incorporates its Objection and Response to Document Request No. 1.

**Document Request No. 3:  Documents sufficient to identify how long all accounts identified in response to Document Request No. 2 [sic] have been active.**

Objection and Response to Document Request No. 3:  The Republic interprets this Document Request as seeking information related to Document Request No. 1.  In Response to this Document Request, the Republic repeats and incorporates its Objection and Response to Document Request No. 1.

**Document Request No. 4:  Documents relating to the closure (including the party initiating the closure) for all accounts in Document Request No. 2 [sic] that have been closed, beginning in the year 2001.**

14

Objection and Response to Document Request No. 4: The Republic interprets this Document Request as seeking information related to Document Request No. 1. In Response to this Document Request, the Republic repeats and incorporates its Objection and Response to Document Request No. 1. The Republic further objects to this Document Request because it seeks documents from 2001 to the present and is thus overbroad as to time period.

**Document Request No. 5: Transaction history for all accounts identified in response to Document Request No. 2 [sic], beginning in the year 2010.**

Objection and Response to Document Request No. 5: The Republic interprets this Document Request as seeking information related to Document Request No. 1. In Response to this Document Request, the Republic repeats and incorporates its Objection and Response to Document Request No. 1. The Republic further objects to this Document Request because it seeks documents from 2010 to the present and is thus overbroad as to time period.

**Document Request No. 6: Documents relating to all commercial or standby letters of credit in which Argentina is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part inside the United States.**

Objection and Response to Document Request No. 6: In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Document Request to the extent it seeks information about assets that are not subject to attachment or restraint under New York law. *See Supreme Merch. Co. v. Chemical Bank (In re Supreme Merch. Co.)*, 70 N.Y.2d 344, 349-350 (1987) (finding that the interest of a beneficiary in an executory letter of credit was contingent,

15

and thus was not property subject to attachment); *see also Diakan Love, S.A. v. Al-Haddad Bros. Enters., Inc. (In re Diakan Love, S.A.)*, 584 F. Supp. 782 (S.D.N.Y. 1984).

**Document Request No. 7**:  **Documents relating to outstanding loans for which Argentina is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part inside the United States.**

Objection and Response to Document Request No. 7:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence, including to the extent is seeks documents concerning property not used by the

Republic for a commercial activity in the United States and property immune from execution

under Section 1611(a) of the FSIA.  The Republic further objects to this Interrogatory on the

grounds that a borrowing is generally understood to be a debt and not an asset.

**Document Request No. 8**:  **Documents relating to any asset or property of any kind whatsoever, located in whole or in part inside the United States, which Argentina owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.**

Objection and Response to Document Request No. 8:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence, including to the extent it seeks documents concerning immune diplomatic, consular,

military and defense property and property not used by the Republic for a commercial activity in

the United States.  In any event, plaintiff is aware of diplomatic and military property in the

16

United States and has improperly sought to seize such property in the past. *See, e.g., NML Capital, Ltd. v. Republic of Argentina*, No. 04-0197 (CKK), 2005 U.S. Dist. LEXIS 47027, at *56-57 (D.D.C. Aug. 3, 2005) (quashing plaintiff's *ex parte* writ of attachment on diplomatic property of the Republic). Subject to and preserving the foregoing Specific and General Objections, the Republic states that it maintains no accounts in the United States in which it keeps funds used for a commercial activity in the United States.

**Document Request No. 9: Documents relating to any asset or property of any kind whatsoever, located in whole or in part inside the United States, which ANSES owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.**

Objection and Response to Document Request No. 9: In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. As stated in General Objection No. 8, ANSES is separate from the Republic and not liable for its debts.

**Document Request No. 10: All organization charts for the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, BCRA, BNA, ENARSA, and YPF.**

Objection and Response to Document Request No. 10: In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts. Subject to and preserving the foregoing Specific

17

and General Objections, the Republic is producing organizational charts of the Ministry of

Economy and Public Finance (including the Tesorería General de la Nación), the Ministry of

Federal Planning, Public Investment, and Services, BCRA and BNA.

**Document Request No. 11:  Lists of all officers, directors, and governors of the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, BCRA, BNA,  ENARSA, and YPF for the years 2001 to 2012.**

Objection and Response to Document Request No. 11:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate

from the Republic and not liable for its debts.  The Republic further objects to this Document

Request because it seeks documents from 2001 to 2012 and is thus overbroad as to time period.

Subject to and preserving the foregoing Specific and General Objections, the Republic identifies,

on the attached Exhibit A, the current Ministers, Secretaries and Under-Secretaries of the

Ministry of Economy and Public Finance (including the Tesorería General de la Nación) and the

Ministry of Federal Planning, Public Investment, and Services, and the current directors of

BCRA, BNA, ENARSA and YPF.

**Document Request No. 12:  All documents reflecting that officers, directors or employees of BCRA, BNA, ENARSA, or YPF concurrently held a position with the Republic of Argentina (including with the Ministry of Federal Planning, Public Investment, and Services, the Ministry of Economy and Public Finance, or the Tesorería General de la Nación) during the years 2001 to 2012.**

Objection and Response to Document Request No. 12:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any

18

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts. The Republic further objects to this Document Request because it seeks documents from 2001 to 2012 and is thus overbroad as to time period. Subject to and preserving the foregoing Specific and General Objections, the Republic is producing documents sufficient to show which current directors of BCRA, BNA, ENARSA and YPF concurrently hold positions as Ministers, Secretaries or Under-Secretaries with the Ministry of Federal Planning, Public Investment, and Services and/or the Ministry of Economy and Public Finance (including the Tesorería General de la Nación).

**Document Request No. 13: All organizational documents for the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, and BCRA, BNA, ENARSA, and YPF including, but not limited to, charters and articles of association for the years 2001 to 2012.**

Objection and Response to Document Request No. 13: In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts. The Republic further objects to this Document Request because it seeks documents from 2001 to 2012 and is thus overbroad as to time period. Subject to and preserving the foregoing Specific and General Objections, the Republic is producing the charters and/or organizing documents and/or bylaws of these entities.

**Document Request No. 14: All corporate resolutions, board minutes, and stock certificates of BCRA, BNA, ENARSA, and YPF for the years 2001 to 2012.**

Objection and Response to Document Request No. 14: In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is overbroad,

unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts. The Republic further objects to this Document Request because it seeks documents from 2001 to 2012 and is thus overbroad as to time period.

**Document Request No. 15:** **Documents reflecting the addresses and telephone and fax numbers of the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, ENARSA, YPF, BCRA, and BNA throughout the period from 2001 to 2012, including any documents reflecting common office space, addresses, or telephone numbers.**

Objection and Response to Document Request No. 15: In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts. The Republic further objects to this Document Request because it seeks documents from 2001 to 2012 and is thus overbroad as to time period. Subject to and preserving the foregoing Specific and General Objections, the Republic is producing documents sufficient to show the current addresses of the Ministry of Economy and Public Finance (including the Tesorería General de la Nación), the Ministry of Federal Planning, Public Investment, and Services, and the current principal offices of BCRA, BNA, ENARSA and YPF.

**Document Request No. 16:** **All communications to, from, or among the Republic of Argentina (including, the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State) ENARSA, YPF, BCRA, and/or BNA concerning the bonds at issue in this litigation.**

<u>Objection and Response to Document Request No. 16</u>:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate

from the Republic and not liable for its debts.

**Document Request No. 17:  All communications to, from, or among the
Republic of Argentina (including the Ministry of Economy and Public Finance, the
Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and
Services, the Economy Vice Minister, and the Office of the Head of State) ENARSA, YPF,
BCRA, and/or BNA concerning repudiation, payment, or non-payment of Argentina's
foreign obligations.**

<u>Objection and Response to Document Request No. 17</u>:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate

from the Republic and not liable for its debts.

**Document Request No. 18:  All documents, including powers of attorney,
concerning the authority of officers, directors, and/or governors of the Ministry of Federal
Planning, Public Investment, and Services, the Ministry of Economy and Public Finance,
the Tesorería General de la Nación, the Economy Vice Minister, ENARSA, YPF, BCRA,
and/or BNA to act on behalf of one another.**

<u>Objection and Response to Document Request No. 18</u>:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate

21

from the Republic and not liable for its debts.  Subject to and preserving the foregoing Specific and General Objections, the Republic is producing the charters and/or organizing documents and/or bylaws of these entities.

**Document Request No. 19:  All documents concerning the authority of the Republic of Argentina (including, the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State) to determine policies of ENARSA, YPF, BCRA, and/or BNA, including, but not limited to, the setting of interest rates, lending guidelines, repayment of debts, borrowing or loan guaranty practices, and monetary policy, including the accumulation of foreign reserves, for all years for which such documents exist.**

Objection and Response to Document Request No. 19:  In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts.  Subject to and preserving the foregoing Specific and General Objections, the Republic is producing the charters and/or organizing documents and/or bylaws of these entities.

**Document Request No. 20:  All documents concerning any obligations of the Republic of Argentina that were reviewed, approved, guaranteed, and/or paid by ENARSA, YPF, BCRA and/or BNA, or vice versa.**

Objection and Response to Document Request No. 20:  In addition to the General Objections, the Republic objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate from the Republic and not liable for its debts.

22

**Document Request No. 21**:  **All documents concerning the bonds at issue in this lawsuit, including, but not limited to, documents that refer to the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, BCRA , BNA, ENARSA, YPF, or any of their officers, directors, or employees.**

Objection and Response to Document Request No. 21:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate

from the Republic and not liable for its debts.

**Document Request No. 22**:  **All documents concerning meetings or communications pertaining to Plaintiffs [sic] between or among the Republic of Argentina (including the Ministry of Economy and Public Finance, the Tesorería General de la Nación, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, and the Office of the Head of State), ENARSA, YPF, BCRA, and/or BNA.**

Objection and Response to Document Request No. 22:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  As stated in General Objection No. 8, BCRA, BNA, ENARSA and YPF are separate

from the Republic and not liable for its debts.  The Republic further objects to this Document

Request to the extent it seeks information that is protected by the joint defense privilege.

**Document Request No. 23**:  **All judicial or administrative decisions and related court papers concerning the relationships among or between BCRA, BNA, ENARSA, YPF, the Ministry of Federal Planning, Public Investment, and Services, the Economy Vice Minister, the Tesorería General de la Nación, and the Ministry of Economy and Public Finance.**

Objection and Response to Document Request No. 23:  In addition to the General

Objections, the Republic objects to this Document Request on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Document Request to the extent plaintiff seeks to use these Discovery Requests to require the Republic to conduct legal research. Subject to and preserving the foregoing Specific and General Objections, the Republic states that it is not aware of any judicial or administrative decisions outside of the United States holding that BCRA, BNA, ENARSA and/or YPF are alter egos of the Republic or liable for the amounts owed by the Republic on its defaulted debt.

## RESERVATION OF RIGHTS

1.      To the extent that the Republic responds or objects to any of these Discovery Requests, it does so without conceding the materiality, admissibility or relevance of any such responses.

2.      The Republic reserves all objections to the use of these responses and objections. All such objections may be interposed by the Republic at the time of any hearing, trial or other court appearance, or as otherwise required by the rules or order of the Court.

3.      The Republic reserves the right to amend, supplement or withdraw its responses and objections to these Discovery Requests.

4.      Insofar as a response by the Republic may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular response only.

5.      Insofar as the intentional production of any document by the Republic pursuant to these responses may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document only. Any

24

inadvertent production of any document shall not be deemed or construed to constitute a waiver

of any privilege or right of the Republic, and the Republic reserves its right to demand that

plaintiffs return to it any such document and all copies thereof.

    6.  To the extent the Republic produces documents in response to the

Discovery Requests, it does so without conceding the materiality, admissibility, or relevance of

any such documents, or of any other substantive responses to the Discovery Requests.


Dated: New York, New York
   September 27, 2012

        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        By:_____
          Jonathan I. Blackman (jblackman@cgsh.com)
          Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

        One Liberty Plaza
        New York, New York 10006
        (212) 225-2000

        *Attorneys for the Republic of Argentina*

TO: Robert A. Cohen
   Dennis H. Hranitzky
   Eric C. Kirsch
   DECHERT LLP
   1095 Avenue of the Americas
   New York, New York 10036
   (212) 698-3500

   *Attorneys for Plaintiff NML Capital, Ltd.*

# EXHIBIT A

# MINISTERIO DE ECONOMÍA Y FINANZAS PÚBLICAS

**Ministro:**                                                                                 Hernán G. Lorenzino

**Secretario de Política Económica y Planificación del Desarrollo:**                          Alex Kicillof

Subsecretario de Programación Macroeconómica:                                                 Antonio Alvarez Agis

Subsecretario de Coordinación Económica y mejora de la Competitividad:                        Augusto Costa

Subsecretario de Planificación Económica:                                                     Javier Leonel Rodríguez

**Secretario de Comercio Interior:**                                                          Mario Guillermo Moreno

Subsecretario de Comercio Interior:                                                           Pablo Aldo Cerioli

Subsecretario de Defensa del Consumidor:                                                      María Lucila Colombo

**Secretario de Comercio Exterior:**                                                          Beatriz Paglieri

Subsecretario de Comercio Exterior y Relaciones Internacionales:                              Vacant

**Secretario de Finanzas:**                                                                   Adrián Esteban Cosentino

Subsecretario de Servicios Financieros:  César Guido Forcieri

Subsecretario de Financiamiento:  Fabián Gustavo Dall'O


**Secretario de Hacienda:**  Juan Carlos Pezoa

Subsecretario de Presupuesto:  Raúl Enrique Rigo

Subsecretario de Relaciones con Provincias:  Nora María Fraccaroli

Subsecretario de Ingresos Públicos:  Luis María Capellano

Tesorería (Tesorero General de la Nación):  Jorge Horacio Domper


**Secretario Legal y Administrativo:**  Juan Manuel Prada

Subsecretario Legal:  Matías Isasa

Subsecretario de Administración y Normalización Patrimonial:  Leonardo Adrián Arbia

Subsecretario de Relaciones Institucionales:  Leonardo Facchini

2

# MINISTERIO DE PLANIFICACIÓN FEDERAL, INVERSIÓN PÚBLICA Y SERVICIOS

**Ministro:**                                                                 Julio de Vido

Subsecretario de Planificación Territorial de la Inversión Pública:           Graciela Elena Oporto

Subsecretario de Coordinación y Control de Gestión:                           Roberto Baratta

Subsecretario Legal:                                                          Rafael Enrique Llorens

**Secretario de Obras Públicas:**                                             José Francisco López

Subsecretario de Desarrollo Urbano y Vivienda:                                Luis Alberto Rafael Bontempo

Subsecretario de Coordinación de Obra Pública Federal:                        Carlos Santiago Kirchner

Subsecretario de Recursos Hídricos:                                           Edgardo Atilio Bortolozzi

Subsecretario de Obras Públicas:                                              Abel Eduardo Fatala

**Secretario de Comunicaciones:**                                             Carlos Lizandro Salas

**Secretario de Energía:**                                                    Daniel Omar Cameron

Subsecretario de Energía Eléctrica:                                           Luis Alberto Beuret

3

<u>Subsecretario de Combustibles</u>:                                      Alejandro Osvaldo Rodríguez


**<u>Secretario de Minería</u>**:                                      Jorge Omar Mayoral

**BANCO CENTRAL DE LA REPÚBLICA ARGENTINA**

**<u>Presidente</u>**:                                                                                    Mercedes Marco del Pont


**<u>Vicepresidente</u>**:                                                                                Miguel Angel Pesce


**<u>Directores</u>**:                                                                                    Santiago Carnero

Sergio Chodos

Gabriela Ciganotto

Waldo José María Farías

Carlos A. Pérez

Carlos D. Sánchez

5

### BANCO DE LA NACION ARGENTINA

**<u>Presidente</u>**:                                                        Juan Carlos Fabrega


**<u>Directores</u>**:                                                        Esteban Alejandro Acerbo

                                                                          Angel José de Dios

                                                                          Patricia Susana Fadel

                                                                          Cecilia Fernández Bugna

                                                                          Juan Ignacio Forlon

                                                                          Silvia Ester Gallego

6

## YPF SOCIEDAD ANÓNIMA

**Presidente del Directorio y Gerente General (CEO):**     Miguel Matías Galuccio

Director Titular     Axel Kicillof

Director Titular     Eduardo Basualdo

Director Titular     Héctor Walter Valle

Director Titular     José Iván Brizuela

Director Titular     Carlos Alfonsi

Director Titular     Gustavo Alejandro Nagel

Director Titular     Roberto Ariel Ivovich

Director Titular     Oscar Alfredo Cretini

Director Titular     Walter Fernando Vázquez

Director Titular     Oscar Alberto Lamboglia

Director Titular     Guillermo Juan Pereyra

Director Titular     Sebastián Uchitel

Director Titular     Rodrigo Cuesta

Director Titular     Fernando Giliberti

Director Titular     Fernando Dasso

| | |
|---|---|
| Director Titular | Luis García del Río |
| Director Suplente | Patricia María Charvay |
| Director Suplente | Sergio Affronti |
| Director Suplente | Ricardo Dardo Esquivel |
| Director Suplente | Luis Alberto Bontempo |
| Director Suplente | Carlos Héctor Lambré |
| Director Suplente | Francisco Ernesto García Ibañez |
| Director Suplente | Ricardo Luis Saporiti |
| Director Suplente | Manuel Arevalo |
| Director Suplente | Carlos Agustín Colo |
| Director Suplente | Gerardo Andrés Doria Muñoz |
| Director Suplente | Pablo Blanco Pérez |
| Síndico Titular | Gustavo Adolfo Mazzoni |
| Síndico Titular | María de las Mercedes Archimbal |
| Síndico Titular | Enrique Alfredo Fila |

Raquel Inés Orozco

Guillermo Leandro Cadirola

Cecilia Leonor Carabelli

Síndico Suplente

Síndico Suplente

Síndico Suplente

9

.

## ENERGÍA ARGENTINA SOCIEDAD ANÓNIMA

**Presidente**                                              Exequiel Omar Espinosa

Director                                                    Fernando Salim

Director                                                    José Ramón Granero

Director                                                    Juan José Carbajales

Director                                                    Oscar A. Olima

Director                                                    Tamara Pérez Balda


Síndico                                                     Celia Elena Yannuzzi

Síndico                                                     Alejandro Fabián Díaz

Síndico                                                     Néstor Luis Fuks

Síndico                                                     Gustavo Ariel Legaz

Síndico                                                     Vicente Soutullo Norma

10

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Fabián Dall'O verifies as follows:

I am the Undersecretary of Financing of the Ministry of Economy and Public Finance of the Republic of Argentina (the "Republic"). I do not have first-hand knowledge of all of the matters contained herein, but I have read and know the contents of the foregoing responses to plaintiffs' Discovery Requests to the Republic. The responses are true and correct to the best of my present knowledge, information and belief.

I verify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed:   Buenos Aires, Argentina
            September 27, 2012

Fabián Dall'O