# EXHIBIT 32



translations@geotext.com
www.geotext.com

STATE OF NEW YORK    )
    )
    )   ss
COUNTY OF NEW YORK    )

## **CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Spanish into English of the attached article entitled "Deutsche Bank

and Marathon, Behind Kicillof's Debt Placement," dated April 22, 2015.

Ken Hetzel, Senior Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me

this 28ᵗʰ day of April, 20 15 .

LYNDA GREEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6205401
Qualified in New York County
My Commission Expires May 11, 2017

New York
t: +1.212.631.7432

London
t: +44.20.7553.4100

Washington, D.C.
t: +1.202.828.1267

Paris
t: +33.1.42.68.51.47

Chicago
t: +1.312.242.3756

Stockholm
t: +46.8.463.11.87

Houston
t: +1.713.353.3909

Frankfurt
t: +49.69.7593.8434

San Francisco
t: +1.415.576.9500

Hong Kong
t: +852.2159.9143



DEBT | 04.22.2015

## Deutsche Bank and Marathon, Behind Kicillof's Debt Placement

LPO. They were the two key players in the success of the government's operation. They are now in the sights of the vulture funds and Griesa.

"They must be pretty annoyed because the bond issue was done without banks, and so they missed out on the commission," So said, without blushing, Economy Minister Axel Kicillof, from Moscow, where he was accompanying the President on a State visit.

Deutsche Bank and Marathon Asset Management, a New York-based investment fund, were the key players in the bond issue carried out by Kicillof, as exclusively confirmed by LPO with market sources.

Far from the economy minister's discourse against international banks and investment funds, the bond issue through which the government obtained 1.415 billion dollars in Bonar 24, at an interest rate of 8.956%, had key contributions from Deutsche Bank and the Marathon Asset Management hedge fund.

The Marathon Asset Management fund, which is managed by Bruce Richards and which also has offices in London and Singapore, reportedly provided the initial boost to the transaction by purchasing most of the bonds, in a transaction orchestrated by Deutsche Bank. There is a rumor in the market that BBVA may have also contributed.

After the initial boost provided by Marathon's purchase, other investors joined in, leading to an offer 3.76 times higher than the originally sought amount of US$ 500 million.

Marathon is an investment fund that manages an account worth some 12 billion dollars in stock and debt securities from both the public and private sectors. Last year, it was speculated that Richards' company had purchased Argentine debt securities by speculating on the default.

However, not everything will be simple for the bank and the investment fund. The vulture funds and Thomas Griesa did not take long to unmask the maneuver, and they are now all over them and Argentina.

Today at noon, the New York judge called an urgent hearing to analyze the bond issue and ruled that the holdouts are entitled to know the terms of the Bonar 24 issue. Yesterday, Paul Singer's NML Capital announced that it would examine the bond issue very carefully and that it would ask the judge to determine whether the court order had been violated. The specific threat is that of an attempt to seize the funds obtained by the government.

In February, Griesa sent a note warning Deutsche Bank and JP Morgan not to help Argentina issue debt, and asking to be informed of any developments. The pressure worked, and JP Morgan withdrew from the transaction.

Now, the government has announced the bond issue on Monday evening and finalized it yesterday to avoid any intervention by the vulture funds or by Griesa. But NML did not take this lying down, saying that "the latest attempt by Argentina to make a global offering has all the characteristics of a foreign debt that is covered by our *pari passu* rights."

"Those contemplating participation in Argentina's latest attempt at a global offer should understand that it appears to have all the hallmarks of external indebtedness that is covered by our *pari passu* rights," warned Robert Cohen, an NML attorney, in statements to the Bloomberg agency.

Deutsche Bank and Marathon, Behind Kicillof's Debt Placement – *La Política*...

 **LaPolítica** Online | AR

DEUDA | 22.04.2015

# El Deutsche Bank y Marathon, detrás de la colocación de deuda de Kicillof

LPO. Fueron los dos actores claves para el éxito de la operación del Gobierno. Ya están en la mira de los buitres y Griesa.

"Deben estar bastante calentitos porque la emisión se hizo sin los bancos y s eperdieron la comisión", afirmó sin ponerse colorado el ministro de Economía, Axel Kicillof, desde Moscú, donde acompaña a la Presidenta a una visita de Estado.

1   2   0   0   0

El Deutsche Bank y Marathon Asset Management, un fondo de inversión con sede en Nueva York, fueron los actores clave de la colocación de deuda que realizó el ministro, según pudo confirmar LPO en exclusiva, con fuentes del mercado.

Lejos del discurso del ministro de Economía contrario a los bancos y fondos de inversión internacionales, la emisión de deuda en la que el Gobierno consiguió 1.415 millones de dólares en Bonar 24 a una tasa de 8,956 por ciento contó con el aporte clave del Deutsche Bank y el 'hedge fund' Marathon Asset Management.

El fondo Marathon Asset Management, que es dirigido por Bruce Richards y también tiene sedes en Londres y Singapur, habría dado el impulso inicial a la operación comprando la mayoría de los bonos, en una operación que fue orquestada por el Deutsche. Un rumor en el mercado es que también habría asistido el BBVA.

Luego del impulso inicial con la compra por parte de Marathon, se sumaron otros inversores que llevaron a una oferta 3,76 veces por encima del monto original del llamado que era de 500 millones.

Marathon es un fondo de inversión que maneja una cuenta de aproximadamente 12 mil millones de dólares en acciones y títulos de deuda del sector privado y el público. El año pasado, se especuló con que la firma de Richards había comprado títulos de la deuda argentina especulando con el default.

Sin embargo, no todo será sencillo para el banco y el fondo de inversión. Es que los fondos buitres y Thomas Griesa no tardaron demasiado en desenmascarar la maniobra y ya están encima de ellos y la Argentina.

Este mediodía, el juez neoyorkino citó a una audiencia urgente para analizar la emisión de deuda y consideró que los holdouts tienen derecho a conocer los términos de la colocación de Bonar 24. Ayer NML Capital, de Paul Singer, había anunciado que revisaría con lupa la colocación y que pediría al magistrado que determine si se había violado la sentencia. La amenaza concreta es intentar embargar los fondos que consiguió el Gobierno.

En febrero, Griesa había enviado una nota advirtiendo al Deustche Bank y al JP Morgan que no ayudaran a la Argentina a colocar deuda y pidiendo que lo informen de cualquier movimiento. La presión funcionó y el JP Morgan se bajó de la operación.

Ahora, el Gobierno anunció la emisión el lunes a la noche y la concretó ayer para evitar cualquier intervención de los buitres y Griesa. Pero NML no se quedó con eso y alertó que "el último intento de la Argentina de realizar oferta global tiene todas las características de la deuda externa que está cubierta por nuestros derechos pari passu".

"Aquellos que contemplen participar en el último intento de la Argentina por hacer una oferta global deben entender que tiene todos los indicios de ser deuda externa que quedaría afectada por nuestros derechos pari passu", avisó Robert Cohen, abogado de NML, en declaraciones a la agencia Bloomberg.

Copyright La Política Online SA 2015. Por favor no corte ni pegue en la web nuestras notas, tiene la posibilidad de redistribuirlas usando nuestras herramientas.

© LaPoliticaOnline SA 2015 | Todos los derechos reservados

El Deutsche Bank y Marathon, detrás de la colocación de deuda de Kicillof - La Política ...    Page 2 of 2

# EXHIBIT 33
# **FILED UNDER SEAL**

# EXHIBIT 34
# FILED UNDER SEAL

# EXHIBIT 35

# **FILED UNDER SEAL**

# EXHIBIT 36



MOSES & SINGER LLP

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Philippe Zimmerman
Direct: 212.554.7895  Fax: 917.206.4395
pzimmerman@mosessinger.com

September 17, 2015

**BY E-MAIL**

Daniel B. Rapport, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036

Re: *NML Capital, Ltd. v. The Republic of Argentina,*
08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
*Aurelius Capital Master, Ltd. v. The Republic of Argentina,*
09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
*Aurelius Opportunities Fund II, LLC v. The Republic of Argentina,*
10 Civ. 1602, 10 Civ. 3507
*Blue Angel Capital I LLC v. The Republic of Argentina,*
10 Civ. 4101, 10 Civ. 4782
*Olifant Fund, Ltd. v. The Republic of Argentina,*
10 Civ. 9587
*Pablo Alberto Varela, et al. v. the Republic of Argentina,*
10 Civ. 5338

Dear Dan:

We write on behalf of non-parties Deutsche Bank AG New York branch, Deutsche Bank Americas Holding Corp. (subpoenaed as "Deutsche Bank America Holding Corp."), Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas and DB USA Corporation f/k/a Taunus Corporation (collectively, the "DB entities") to respond to your letter dated September 2, 2015.

Preliminarily, the DB entities were very disappointed to receive your letter, which appears to be more an attempt to lay the ground work for a potential motion to compel and less an effort to "meet and confer" to resolve the DB entities' objections to Plaintiffs' subpoenas (the "Subpoenas") dated May 5, 2015.  When we last spoke in early August, we made a proposal on behalf of the DB entities pursuant to which they would commence producing information relevant to what the DB entities believe to be the areas of particular interest to Plaintiffs while reducing the burden on the DB entities.  To be clear, the proposed production was not to the exclusion of a further production but rather an attempt to commence the production process

2603207 007756.0152

# MOSES & SINGER LLP

Daniel B. Rapport, Esq.
September 17, 2015
Page 2

while hopefully mooting areas of dispute. Unfortunately, your letter suggests that Plaintiffs are unwilling to agree to proceed as proposed by the DB entities.

Notwithstanding your letter, the DB entities intend to produce documents as discussed on August 3, 2015 in the continued hope of providing Plaintiffs with information relevant to areas of particular interest to them. Namely, the DB entities proposed an initial production as follows:

1.       Identify the top 5 purchasers on whose behalf successful bids were made by Deutsche Bank S.A. on behalf of clients of Deutsche Bank AG London branch in the April auction. With respect to these purchasers, for whom the DB entities would provide locations but not names, we will attempt to locate communications, including emails and Bloomberg chats between the purchasers and salespeople/representatives of the DB entities. In addition to providing the locations of the purchasers, the DB entities will provide information concerning the amounts of bids.

2.       Provide examples of the information regarding the BONAR 2024 bond auction and offerings that were forwarded by salespeople for the DB entities.

3.       Provide information reflecting the DB entities' understanding of the flow of funds for the offerings/auctions that occurred. Information concerning the DB entities' understanding of the flow of funds related to the April 2015 auction was previously produced. If Plaintiffs require anything further with respect to the April 2015 auction, please let us know.

4.       Provide information related to structuring of offerings/auctions that occurred.

5.       Provide documents reflecting governance of offerings/auctions including contracts, notes, decrees, Big Boy letters and any solicitation materials that the DB entities possess.

6.       Provide information identifying the exchanges through which bonds are traded and the entities that play a role in clearing the bonds.

7.       Provide information concerning the method and/or process by which payments of principal or interest due on the BONAR 2024 bonds will be paid:

In addition, the DB entities will produce the following additional information requested by various Plaintiffs during the August 3rd call.

1.       The identity of custodians from whom information is collected or requested.

2.       The location of all bidders in the April 2015 auction on whose behalf bids were placed by Deutsche Bank S.A. on behalf of customers of Deutsche Bank AG London branch.

2603207 007756.0152

# MOSES & SINGER LLP

Daniel B. Rapport, Esq.
September 17, 2015
Page 3

3.      All communications between the DB entities and the Republic of Argentina concerning the BONAR 2024s.

Finally, the DB entities will produce information that a senior representative of NML identified as of critical importance to NML.  More specifically:

1.      Documents or other information identifying clients that were "solicited" or otherwise contacted regarding the April auction.  The identities of these clients will be provided on an attorneys' eyes only basis.

2.      Communications between Deutsche Bank AG and Deutsche Bank S.A. regarding auctions and offerings that occurred.

The DB entities' production will be limited to the production of non-privileged information obtained from, as previously discussed, custodians identified in good faith as likely to possess responsive information.  While the DB entities' contemplated production will likely take at least a month to complete, we expect to begin the production within two weeks.

In anticipation of continuing the parties' "meet and confer" process, we believe that it is important to clarify and correct certain misstatements in your letter.  First, we observe that Plaintiffs' motions for leave to file Amended Complaints were granted long after the Subpoenas were served.  As such, any claim that the Subpoenas were issued to support or investigate claims in the Amended Complaints is not credible.

Second, the DB entities unambiguously reject the contention -- asserted without basis or support -- that they "facilitat[ed] the issuance of the BONAR 2024 bonds."

Third, the claim that the DB entities are "cherry-picking" data by offering information concerning the 5 largest successful bidders on behalf of whom Deutsche Bank S.A. submitted bids for clients of Deutsche Bank AG London branch at the April 2015 auction is meritless.  The DB entities have offered to provide information concerning the top 5 bidders in order to provide a sampling that would give Plaintiffs information related to the nature of communications between successful bidders and the DB entities.  The DB entities remain prepared to provide the same information for some other reasonable sample of bidders identified by Plaintiffs.

Fourth, in seeking to justify the burden you want to impose on the DB entities you refer to their "central role in the issuance" of the bonds and "press reports" that identify the alleged fees earned by the DB entities from the April offering.  These press reports, if they exist, are not accurate.

2603207 007756.0152

# MOSES & SINGER LLP

Daniel B. Rapport, Esq.
September 17, 2015
Page 4

Fifth, your objection to the DB entities' intent to redact the names of customers ignores the facts detailed in our July 5, 2015 letter to Judge Griesa, which demonstrate that the DB entities have valid reasons for concern.

Sixth, as previously explained, my understanding is that the subpoenaed entities do not have the ability to compel Deutsche Bank S.A. to produce the requested information.  The order you refer to was not only not issued in one of the cases in which the Subpoenas were issued, but concerned the obligation of New York-headquartered Citibank N.A. (not the DB entities) to direct its branch in Argentina to produce certain information.  In contrast, even assuming the Subpoena served on Deutsche Bank AG New York branch constitutes service of a subpoena on Deutsche Bank AG, which is not conceded, Deutsche Bank AG is not headquartered in New York (or anywhere in the United States).

Seventh, your claims concerning what I allegedly conceded related to Deutsche Bank S.A. are misleading.  While advising you that Deutsche Bank S.A. acted on behalf of Deutsche Bank AG London branch in placing bids on behalf of certain customers in April 2015's BONAR 2024 bond auction, Deutsche Bank S.A. is not generally Deutsche Bank AG London branch's agent.  Further, I do not know what communications Deutsche Bank S.A. has with the Republic of Argentina.  All I did was concede that Deutsche Bank S.A., which is in Argentina, is the entity most likely to have had communications with the Republic related to the BONAR 2024s.

In conclusion, the DB entities find the tone of your letter regrettable as they believe that the parties were making progress in attempting to fashion a process that would permit production of information of interest to Plaintiffs in response to the Subpoenas without burdening the Court.  Accordingly, in the hope of avoiding potentially unnecessary motions to compel and/or for a protective order, the DB entities intend to proceed with producing responsive information as set forth herein.

This letter is without prejudice to the DB entities' objections to the Subpoenas, all of which are expressly reserved.

Sincerely yours,

Philippe Zimmerman



**DANIEL B. RAPPORT**
drapport@fklaw.com
212.833.1122

September 2, 2015

BY ELECTRONIC TRANSMISSION

Philippe A. Zimmerman, Esq.
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174-1299

Re:   *NML Capital, Ltd. v. The Republic of Argentina*
        Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
      *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
        Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
      *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
        Nos. 10 Civ. 1602, 10 Civ. 3507
      *Blue Angel Capital I LLC v. The Republic of Argentina*
        Nos. 10 Civ. 4101, 10 Civ. 4782
      *Olifant Fund, Ltd. v. The Republic of Argentina*
        No. 10 Civ. 9587
      *Pablo Alberto Varela, et al. v. the Republic of Argentina*
        No. 10 Civ. 5338

Dear Philippe:

        I write on behalf of all plaintiffs in the above captioned actions (collectively, "Plaintiffs") concerning the subpoenas served on various Deutsche Bank entities ("Deutsche Bank" or "DB") on May 5, 2015 (the "Subpoenas").  To date, more than three months after the service of the Subpoenas, DB has not yet produced any documents.  We appreciate that DB has now agreed to produce some documents, but Plaintiffs cannot agree that the limited production proposed by DB would constitute compliance with the Subpoenas.

        The purpose of this letter is (i) to request that DB start producing now the documents it is willing to produce without further delay and (ii) to explain to you why the limitations on discovery proposed by DB are unreasonable and not acceptable to Plaintiffs.  We hope that Deutsche Bank will reconsider its position and comply with its discovery obligations, but if there is no agreement on these matters, Plaintiffs are prepared to move to compel without further delay.

Philippe A. Zimmerman, Esq.            - 2 -                    September 2, 2015

As to (i), please let us know if DB will start production, and when such voluntary production will start and be completed.

As to (ii):

It is important to start with a brief explanation of the claims and defenses in this action, and why the requested documents are relevant and reasonably calculated to lead to the discovery of admissible evidence.

As we explained during our meet and confer discussions, and as has been made plain in various decisions by the District Court and Second Circuit in these matters, the 1994 Fiscal Agency Agreement requires that Argentina treat Plaintiffs' bonds equally with the Republic's other External Indebtedness.  Plaintiffs recently amended their complaints in these actions to assert claims seeking specific performance of the Republic's equal treatment obligations with respect to the BONAR 2024 bonds, a species of External Indebtedness that Argentina began issuing in May 2014.

In their amended complaints, Plaintiffs have set forth detailed and specific allegations to show that the BONAR 2024 bonds are in fact External Indebtedness.  The Republic, however, contends that the BONAR 2024 bonds are not External Indebtedness because they were offered exclusively in Argentina.  Although Plaintiffs believe that the Republic's contention is belied by facts that cannot be disputed, ultimately the Court will have to resolve the issue of fact created by the parties' conflicting positions.  To allow the Court to do that, Plaintiffs must pursue discovery relevant to the issue and present a full record to the Court.  The Subpoenas to Deutsche Bank were served for that purpose.

Deutsche Bank is an appropriate target of discovery in these matters given its substantial role in facilitating the issuance of the BONAR 2024 bonds, and the specific requests set forth in the Subpoenas are all designed to elicit information relevant to the central question of whether the BONAR 2024 bonds are External Indebtedness.  This includes but is not limited to information about how Argentina and third parties arranged and executed the offering, the mechanics of and plans for the marketing and sale of bonds, the manner in which those plans were executed, the persons and entities to which the bonds were marketed and sold, Argentina's knowledge of and involvement in making those plans, as well as Argentina's intentions in issuing the bonds and offering them for sale, and Argentina's coordination with any third parties to execute the offering.  To obtain this information, the Subpoenas seek documents from DB such as those concerning any offering of the BONAR 2024 bonds, any meetings or communications concerning the bonds or offerings of the bonds, purchases or sales of the bonds, and Deutsche Bank's role in the offerings.  (Request Nos. 1, 2, 5, 7 and 8.)

Rather than produce the documents requested, Deutsche Bank has instead offered to produce a cherry-picked selection – i.e., communications with its top five bidders from the offering completed in April, certain information that was generally shared with potential purchasers (such as offering and solicitation materials), and documents concerning the structuring (as defined by DB) of the offerings.  And as to all of the limited documents

Philippe A. Zimmerman, Esq.                    - 3 -                    September 2, 2015

DB is proposing to produce, Deutsche Bank proposes to redact customer names and only provide information about the location of the entities that submitted the top five bids.

        For the reasons explained above, it is not sufficient – or reasonable – for Deutsche Bank to limit information to the top five bidders.  The bonds may have been – and Plaintiffs believe, were – offered to numerous prospective investors who did not bid or buy. In addition, in developing relevant evidence of who received offers and where those offers were received, Plaintiffs are entitled to the names of the offerees, and other identifying information that Deutsche Bank has concerning the offerees (including the persons who were acting on their behalf) so that Plaintiffs will be able to follow up with the offerees as appropriate concerning the offers, and not be limited to selected information provided by Deutsche Bank. It is also not sufficient – or reasonable – for Deutsche Bank not to share information regarding its communications with third parties or Argentina regarding the arrangement and execution of the offering.

        In short, the limitations and redactions you propose would substantially limit Plaintiffs' ability to obtain the relevant evidence they are entitled to.  You have indicated that the proposed limitations are designed to reduce the burden on Deutsche Bank, but you still have not provided any information to assess the burden of complying with the Subpoenas as written – no information on the number or identity of custodians that would realistically be involved in an appropriate search for responsive information, no information about the quantity of documents that would need to be reviewed.  In light of Deutsche Bank's central role in the issuance of approximately $1 billion of the bonds, the fees that Deutsche Bank received (which press reports suggest was at least $10 million from the April offering alone), and the relatively short time period when the relevant events and communications occurred, it is hard to see why full compliance with the Subpoenas would be unduly burdensome.

        Nor does Deutsche Bank's purported concern about confidentiality warrant redacting the names of offerees.  Other than generalized assertions of confidentiality, Deutsche Bank has offered no substantive rationale for redactions.  In the past, banks have produced information identifying customers who accepted Argentina's bond offerings, and the protective orders entered in these actions more than four years ago sufficiently addressed any legitimate confidentiality concerns.  Those same orders are sufficient to address any concerns that Deutsche Bank might raise now.

        Deutsche Bank also has refused to produce documents from Deutsche Bank S.A., which you concede acted as the agent for Deutsche Bank AG and have advised would have most of any communications with the Republic.  It is unreasonable and contrary to the law of the case for Deutsche Bank to take the position that it has no ability to procure and produce documents from Deutsche Bank S.A., and even you did not dispute that it could during our meet and confer sessions.  All you contended was that the New York branch could not procure the documents, but that is beside the point.  The Subpoenas were served on Deutsche Bank AG, not just the New York branch, and Deutsche Bank AG indisputably has the ability to obtain documents from its agent Deutsche Bank S.A.  Indeed, the Court has already decided that banks with a U.S. presence must produce documents from an Argentine

Philippe A. Zimmerman, Esq.            - 4 -            September 2, 2015

affiliate. *See* Order, *Aurelius Capital Partners, LP v. The Republic of Argentina*, No. 07 Civ. 2715 (TPG) (S.D.N.Y. May 29, 2009), ECF No. 209 ("order[ing] [Citibank] to . . . search[] for and produc[e] all responsive documents or information at any Citibank branch or affiliate located anywhere inside or outside the United States, including Argentina . . . ."). Finally, the prejudice from Deutsche Bank's refusal to produce documents from Deutsche Bank S.A. is self-evident – as you admit, that entity is the most likely source of communications with the Republic about the offerings.

        In sum, the limitations proposed by Deutsche Bank are unwarranted, and they would be extremely prejudicial to Plaintiffs. Plaintiffs request that Deutsche Bank reconsider its refusal to provide full production in response to the Subpoenas. We remain willing to work with you to minimize any burdens associated with such production. But absent a prompt agreement on this matter, we will be forced to seek Court intervention with a motion to compel.

                        Sincerely,

                        Daniel B. Rapport

cc:  Kevin S. Reed, Esq.
     Leonard Lesser, Esq.
     Michael Spencer, Esq.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Farris, Marc G. |
| **Sent:** | Thursday, July 30, 2015 11:35 AM |
| **To:** | 'Philippe Zimmerman' |
| **Cc:** | Shari Alexander; Valeria Castanaro; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B. |
| **Subject:** | RE: NML v. The Republic of Argentina (Deutsche Bank) |

Philippe,

The purpose of the call is for you to update us on your client's response to the Subpoena.  If what you're telling us is you will have no information to provide before Monday, then we can agree to talk Monday at 10.

Marc

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

**From:** Philippe Zimmerman [mailto:PZimmerman@MOSESSINGER.COM]
**Sent:** Wednesday, July 29, 2015 5:09 PM
**To:** Farris, Marc G.
**Cc:** Shari Alexander; Valeria Castanaro; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

Marc-

I suggested rescheduling today's school for next week because I am following up on some issues with my client.  If, however, Plaintiffs have a proposal or some suggestions to advance our discussion, I can participate in a call on Friday morning.

Philippe

Philippe Zimmerman
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-1299
(T) 212/554-7895
(F) 917/206-4395
PZimmerman@MosesSinger.com
www.MosesSinger.com

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Wednesday, July 29, 2015 4:28 PM
**To:** Philippe Zimmerman
**Cc:** Shari Alexander; Valeria Castanaro; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

Philippe,

We're willing to reschedule today's call,  but we would like the new date to be this week.  Are you available Friday morning at 10 am?

Marc

**From:** Philippe Zimmerman [mailto:PZimmerman@MOSESSINGER.COM]
**Sent:** Wednesday, July 29, 2015 2:21 PM
**To:** Rapport, Daniel B.; Farris, Marc G.
**Cc:** Shari Alexander; Valeria Castanaro; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

As I am still following up with some issues with my client, I would like to reschedule today's scheduled call for Monday or Tuesday next week.  Please let me know your availability on those days.

Philippe


Philippe Zimmerman
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-1299
(T) 212/554-7895
(F) 917/206-4395
PZimmerman@MosesSinger.com
www.MosesSinger.com


**From:** Rapport, Daniel B. [mailto:drapport@fklaw.com]
**Sent:** Thursday, July 23, 2015 11:09 AM
**To:** Philippe Zimmerman; Farris, Marc G.
**Cc:** Shari Alexander; Valeria Castanaro; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

That's fine.  We can use my bridge; info is below.

**From:** Philippe Zimmerman [mailto:PZimmerman@MOSESSINGER.COM]
**Sent:** Thursday, July 23, 2015 10:52 AM
**To:** Rapport, Daniel B.; Farris, Marc G.
**Cc:** Shari Alexander; Valeria Castanaro; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

Dan

Sorry for note getting back to you yesterday.   Does a call at 2:30 pm tomorrow work for you?

Philippe

**From:** Rapport, Daniel B. [mailto:drapport@fklaw.com]
**Sent:** Wednesday, July 22, 2015 12:27 PM
**To:** Farris, Marc G.; Philippe Zimmerman
**Cc:** Shari Alexander; Valeria Castanaro; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

Philippe – Do you have time to talk today at 4:30?  We can use my bridge:  888.621.9540  *1932755*

**From:** Farris, Marc G.
**Sent:** Friday, July 17, 2015 9:55 AM
**To:** Philippe A. Zimmerman - Moses & Singer, LLP (pzimmerman@mosessinger.com)
**Cc:** Shari A. Alexander - Moses & Singer, LLP (salexander@mosessinger.com); Valeria Castanaro Gallotta - Moses & Singer, LLP (vcastanaro@mosessinger.com); Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B.
**Subject:** NML v. The Republic of Argentina (Deutsche Bank)

Dear Philippe,

I write on behalf of all Plaintiffs who served a Subpoena Duces Tecum Ad Testificandum (the "Subpoena") on Deutsche Bank AG and its affiliates (collectively "Deutsche Bank") on May 5, 2015.

In Deutsche Bank's Responses and Objections to the Subpoena, Deutsche Bank objected to the Subpoena in part because it seeks information relevant to proposed amended complaints, and the motion for leave to file those amended complaints was pending.  You repeated this objection when we met and conferred on June 5 & 19, 2015, and in your letter to the Court on July 6, 2015.  On Thursday, Judge Griesa granted Plaintiffs' motions for leave to amend and supplement the complaints.  A copy of Judge Griesa's order is attached.

Please let us know by July 22 whether Deutsche Bank intends to stand by this objection, or will produce documents responsive to the Subpoena.

Sincerely,

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036

Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

*********************************************************************************
This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.

*********************************************************************************
This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.

*********************************************************************************
This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.

**Farris, Marc G.**

---

| | |
|---|---|
| **From:** | Farris, Marc G. |
| **Sent:** | Friday, July 17, 2015 9:55 AM |
| **To:** | Philippe A. Zimmerman - Moses & Singer, LLP (pzimmerman@mosessinger.com) |
| **Cc:** | Shari A. Alexander - Moses & Singer, LLP (salexander@mosessinger.com); Valeria Castanaro Gallotta - Moses & Singer, LLP (vcastanaro@mosessinger.com); Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B. |
| **Subject:** | NML v. The Republic of Argentina (Deutsche Bank) |
| **Attachments:** | 2015.07.16 - Order Granting Motion to Amend.pdf |

Dear Philippe,

I write on behalf of all Plaintiffs who served a Subpoena Duces Tecum Ad Testificandum (the "Subpoena") on Deutsche Bank AG and its affiliates (collectively "Deutsche Bank") on May 5, 2015.

In Deutsche Bank's Responses and Objections to the Subpoena, Deutsche Bank objected to the Subpoena in part because it seeks information relevant to proposed amended complaints, and the motion for leave to file those amended complaints was pending. You repeated this objection when we met and conferred on June 5 & 19, 2015, and in your letter to the Court on July 6, 2015. On Thursday, Judge Griesa granted Plaintiffs' motions for leave to amend and supplement the complaints. A copy of Judge Griesa's order is attached.

Please let us know by July 22 whether Deutsche Bank intends to stand by this objection, or will produce documents responsive to the Subpoena.

Sincerely,

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Farris, Marc G. |
| **Sent:** | Wednesday, June 17, 2015 6:21 PM |
| **To:** | 'Philippe Zimmerman'; 'Kevin Reed' |
| **Cc:** | Valeria Castanaro; Shari Alexander; Maaren Shah; Rapport, Daniel B.; |
| | ''llesser@simonlesser.com' (llesser@simonlesser.com)' |
| **Subject:** | RE: NML v. The Republic of Argentina (Deutsche Bank) |

Philippe,

We agree to reschedule the deposition(s) for June 26.

Regards,
Marc

**From:** Philippe Zimmerman [mailto:PZimmerman@MOSESSINGER.COM]
**Sent:** Tuesday, June 16, 2015 6:00 PM
**To:** Farris, Marc G.; 'Kevin Reed'
**Cc:** Valeria Castanaro; Shari Alexander; Maaren Shah; Rapport, Daniel B.; ''llesser@simonlesser.com'
(llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

As the call has been put off until Friday, we should push off the date for the scheduled deposition(s) until next
week.  Any objection to setting June 26 as the new control date for the deposition(s)?

Best,

Philippe


Philippe Zimmerman
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-1299
(T) 212/554-7895
(F) 917/206-4395
PZimmerman@MosesSinger.com
www.MosesSinger.com


**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, June 16, 2015 5:00 PM
**To:** 'Kevin Reed'; Philippe Zimmerman
**Cc:** Valeria Castanaro; Shari Alexander; Maaren Shah; Rapport, Daniel B.; ''llesser@simonlesser.com'
(llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)

That works for us too. We can use the same dial in we used previously:

888-621-9540
*7192189*

**From:** Kevin Reed [mailto:kevinreed@quinnemanuel.com]
**Sent:** Tuesday, June 16, 2015 4:59 PM
**To:** Philippe Zimmerman; Farris, Marc G.
**Cc:** Valeria Castanaro; Shari Alexander; Maaren Shah; Rapport, Daniel B.; ''llesser@simonlesser.com'
(llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)


Ok for me.

---

**From:** Philippe Zimmerman [mailto:PZimmerman@MOSESSINGER.COM]
**Sent:** Tuesday, June 16, 2015 3:54 PM
**To:** 'Farris, Marc G.'
**Cc:** Valeria Castanaro; Shari Alexander; Maaren Shah; Kevin Reed; Rapport, Daniel B.; ''llesser@simonlesser.com'
(llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)


How about 3 pm?



Philippe Zimmerman
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-1299
(T) 212/554-7895
(F) 917/206-4395
PZimmerman@MosesSinger.com
www.MosesSinger.com

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, June 16, 2015 10:08 AM
**To:** Philippe Zimmerman
**Cc:** Valeria Castanaro; Shari Alexander; Maaren Shah; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com);
Rapport, Daniel B.; 'llesser@simonlesser.com' (llesser@simonlesser.com)'
**Subject:** RE: NML v. The Republic of Argentina (Deutsche Bank)


Philippe,

We would prefer Friday. If that works, please propose a time.


Begin forwarded message:

> **From:** Kevin Reed <kevinreed@quinnemanuel.com>
> **Date:** June 16, 2015 at 9:57:29 AM EDT
> **To:** Philippe Zimmerman <PZimmerman@MOSESSINGER.COM>, "Rapport, Daniel B."
> <drapport@fklaw.com>, "''llesser@simonlesser.com' (llesser@simonlesser.com)'"
> <llesser@simonlesser.com>
> **Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>, Shari Alexander
> <salexander@mosessinger.com>
> **Subject: RE: NML v. The Republic of Argentina (Deutsche Bank)**
>
> I would not be available until 5.  Friday is open.

**From:** Philippe Zimmerman [mailto:PZimmerman@MOSESSINGER.COM]
**Sent:** Tuesday, June 16, 2015 9:16 AM
**To:** Kevin Reed; Rapport, Daniel B.; "llesser@simonlesser.com' (llesser@simonlesser.com)'
**Cc:** Valeria Castanaro; Shari Alexander
**Subject:** NML v. The Republic of Argentina (Deutsche Bank)

Gentlemen-

Due to a conflict, I need to reschedule our call scheduled for today.  Are you available for a call Thursday afternoon?

Best,

Philippe


Philippe Zimmerman
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-1299
(T) 212/554-7895
(F) 917/206-4395
PZimmerman@MosesSinger.com
www.MosesSinger.com

********************************************************************************
This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.


********************************************************************************
This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.


********************************************************************************
This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.

# EXHIBIT 37

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Andrea L. Weiss <aweiss@llfwlaw.com> |
| **Sent:** | Friday, September 18, 2015 6:03 PM |
| **To:** | Farris, Marc G.; Rapport, Daniel B.; 'kevinreed@quinnemanuel.com'; 'llesser@simonlesser.com'; Michael Spencer |
| **Cc:** | Gregory P. Feit |
| **Subject:** | NML v. Republic of Argentina |

I understand that recent client-to-client communications did not resolve the issues surrounding the May 5 subpoena.  This is how we intend to proceed:

1. We will produce the documents that we agreed to produce, per the client-to-client communications.  Please advise whether you will agree to an "attorneys' eyes only" protective order (to include only outside counsel, not representatives of your clients who may happen also to be lawyers) for these documents, as this will affect the content of the production, including whether we will redact certain information.  We expect to be able to produce these documents within a couple of weeks.

2. We urge you to review the materials we will be producing, not just standing alone, but also in conjunction with the other discovery we have provided and that you have received from others, before deciding whether to seek additional materials.  At the same time, we will consider your latest position, communicated both through counsel and client-to-client.  You have told us that you served this Subpoena on JPMorgan so that plaintiffs can obtain discovery in order to present a "full record" to the court.   It would be helpful to us in determining next steps if you would respond to the following questions:

   a. Have plaintiffs demanded from or subpoenaed the Republic for all or part of the information they seek from JPMorgan?  Did the Republic provide the information?  If not, do plaintiffs intend to seek a ruling from the Court?

   b. Have plaintiffs subpoenaed Repsol for all or part of the information they seek from JPMorgan?  Did Repsol provide the information?  If not, do plaintiffs intend to seek a ruling from the Court?

   c. Have plaintiffs subpoenaed other non-party financial institutions for all or part of the information they seek from JPMorgan?  We are aware from the docket that pre-motion letters were filed by some entities, but we have not seen motions filed.  Have you received the information you are seeking from JPMorgan in whole or in part from other entities?

We look forward to hearing from you.

Andrea


**Andrea Likwornik Weiss**

**LEVI LUBARSKY FEIGENBAUM & WEISS LLP**
655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

# LEVI LUBARSKY FEIGENBAUM & WEISS LLP

ATTORNEYS AT LAW
655 THIRD AVENUE
27TH FLOOR
NEW YORK, NEW YORK 10017
————
TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLFWLAW.COM

September 11, 2015

**_Via email_**
Daniel Rapport, Esq.
Marc Farris, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY  10036-6516

Re:   *NML Capital, Ltd. v. The Republic of Argentina*, No. 08 Civ. 6978 (TPG)
(SDNY) and related cases

Dear Dan and Marc:

I write in response to your September 1, 2015 letter, which you sent on behalf of all plaintiffs and which addresses the May 5, 2015 Subpoena directed to JPMorgan (the "May 5 Subpoena").  We write in the hope that this letter can bring to a conclusion the issues that we and our client have worked so hard to resolve with you.

As you know from the client-to-client communications between JPMorgan and representatives of plaintiff NML, JPMorgan previously agreed to produce in response to the May 5 Subpoena, in addition to the documents that have already been produced, the following:

 (i) with respect to the Repsol matter, transaction information for each of the secondary market trades of the BONAR 2024 Bonds by JPMorgan and counterparties during the two days following the date on which these bonds were purchased from Repsol, which information would include the location of the counterparties, but would exclude their identifying information and pricing; and

(ii) with respect to the December 2014 auction, and pursuant to a protective order to be entered providing this disclosure is for outside counsel's eyes only, the ticket for the sole order that JPMorgan placed for a client, which information would exclude client identifying information and pricing.

As you also likely know, the issue that prevented resolution of the May 5 Subpoena during the client-to-client discussions was the provision of the names of JPMorgan's clients in the foregoing transactions. NML insisted that the names were required; JPMorgan declined to produce this highly confidential and proprietary information. Upon further consideration, and in an effort to resolve the May 5 Subpoena without costly motion practice, JPMorgan will agree to include the names of the counterparties who purchased the Repsol Bonds (category (i) above), if plaintiffs will agree to the entry of an "outside counsel's eyes only" protective order with respect to those documents. We are in the process of determining when we will be able to make the production of categories (i) and (ii), assuming a suitable protective order is entered first, and will get back to you as soon as possible next week with an expected date.

We are hopeful that the proposal set forth above will obviate any need for motion practice, as we understand, based on the client-to-client communications, that the names are the key information that plaintiffs need. Nevertheless, since the inability to reach resolution on the names apparently prompted your letter demanding compliance with the May 5 Subpoena in full (notwithstanding the fact that you narrowed the Subpoena in your July 14 email), I briefly address below some of the points in your letter in the hope of dissuading motion practice if, indeed, your intent is to enforce full compliance notwithstanding the foregoing offer.

First, you say in your letter that there are undisputed facts which support your argument that the BONAR 2024 Bonds are External Indebtedness. If that is so, then plaintiffs should be in a position to win a summary judgment motion without additional documents from JPMorgan. In this circumstance, your assertion that you need all of the documents you demand seems contradictory.

Second, you assert that JPMorgan "is an appropriate target of discovery . . . given its substantial role in facilitating the issuance of the BONAR 2024 Bonds." We are surprised that you make such a statement in light of the information we have already provided, both in the form of documents and through the deposition you took in February. You have already seen the Repsol Purchase Agreement, and therefore know that JPMorgan had no role in the issuance of the BONAR 2024 Bonds in connection with the Repsol transaction; JPMorgan's role was limited to the sale of the bonds owned by Repsol, S.A., independent of and subsequent to an offering by Argentina of bonds to Repsol as part of a settlement. You took testimony, and therefore you also know that in December 2014, JPMorgan simply placed an order in an auction for a client. You also know, and I have confirmed for you, that JPMorgan did not participate in the April 2015 transaction. The only "issuance" in which JPMorgan had a role was the February 2015 transaction, and that transaction was suspended. Moreover, JPMorgan has already provided extensive discovery on that abandoned transaction, including an approximately six-hour deposition in which the witness answered all of your questions, except those that called for

legally privileged information.  Clearly, demanding any additional information that JPMorgan may have is excessive, and any such information would be tangential, at best, to plaintiffs' case.

Third, you assert that JPMorgan has not sufficiently documented the burden of the May 5 Subpoena.  To the extent the burden is not apparent, I refer you to my July 23 email and our prior telephone conversations.  The May 5 Subpoena is extremely expansive, demanding every single document generated with respect to four separate transactions over a 16-month period, and full compliance with it obviously would require an email search for multiple custodians and a privilege review.  Furthermore, this is the *seventh* subpoena plaintiffs have served on JPMorgan, and it comes on the heels of plaintiffs' enforcement of the February 9, 2015 Subpoena served by NML (the "February Subpoena") in a manner that, in JPMorgan's view, was unreasonably aggressive and which, as plaintiffs undoubtedly know, imposed great burden on JPMorgan.  Among other things, NML brought an order to show cause on an hour's notice; declined to supply JPMorgan with any papers in advance; and demanded overnight production of documents and a deposition within 24 hours.  In our view, there is ample basis to deem the May 5 Subpoena, standing alone and in conjunction with the prior subpoenas, unduly burdensome.

The Federal Rules of Civil Procedure make clear that in issuing their subpoenas plaintiffs "must take reasonable steps to avoid imposing undue burden or expense" on JPMorgan.  Fed. R. Civ. P. 45(d)(1).  Rule 45 further provides for the imposition of appropriate sanctions, including attorneys' fees, for non-compliance.  As noted above, your letter makes clear that plaintiffs already have ample facts in their possession that "cannot be disputed" to establish their claim that the BONAR 2024 bonds are External Indebtedness.  You further acknowledge possessing sufficient facts to "set forth detailed and specific allegations" on this issue in the amended complaint.  Seeking the expansive discovery demanded in the May 5 Subpoena, when plaintiffs admittedly already have what they need, demonstrates plaintiffs' failure to "avoid imposing undue burden" on JPMorgan in violation of the Federal Rules.

In all events, we hope the proposal in this letter is sufficient to resolve the May 5 Subpoena.  Of course, I would be happy to speak with you as you requested.  This letter reserves all of JPMorgan's objections, arguments, rights, remedies and defenses.

Very truly yours,

Andrea Likwornik Weiss

cc:  Kevin S. Reed, Esq.
     Leonard Lesser, Esq.
     Michael Spencer, Esq.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Andrea L. Weiss <aweiss@llfwlaw.com> |
| **Sent:** | Wednesday, September 09, 2015 1:43 PM |
| **To:** | Farris, Marc G. |
| **Cc:** | Rapport, Daniel B.; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); 'llesser@simonlesser.com' (llesser@simonlesser.com); Michael Spencer; Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); Gregory P. Feit |
| **Subject:** | RE: NML v. The Republic of Argentina (JPMorgan) |

Marc,

As I said in my email last week, I was out of the office until yesterday.  I have reviewed your lengthy letter and have been consulting with our client about it.  I expect to respond in writing within the next day or two.  I suggest that you review our letter and that we speak after that.

Thanks,
Andrea


**Andrea Likwornik Weiss**

**LEVI LUBARSKY FEIGENBAUM & WEISS LLP**
655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Wednesday, September 09, 2015 1:30 PM
**To:** Andrea L. Weiss
**Cc:** Rapport, Daniel B.; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); 'llesser@simonlesser.com' (llesser@simonlesser.com); Michael Spencer; Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); Gregory P. Feit
**Subject:** RE: NML v. The Republic of Argentina (JPMorgan)

Andrea,

We have not yet heard back from you about your client's response to our letter of September 1.  Are you available for a call to discuss your client's response tomorrow at 3 pm?

Best regards,
Marc Farris

**From:** Andrea L. Weiss [mailto:aweiss@llfwlaw.com]
**Sent:** Wednesday, September 02, 2015 6:37 PM

1

**To:** Farris, Marc G.
**Cc:** Rapport, Daniel B.; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); 'llesser@simonlesser.com'
(llesser@simonlesser.com); Michael Spencer; Maaren Shah; Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com); Gregory P. Feit
**Subject:** Re: NML v. The Republic of Argentina (JPMorgan)

Marc,

I am traveling outside the U.S.  I will be back in the office on Tuesday.  We will respond to your letter next week.

Thanks,
Andrea



Andrea Likwornik Weiss
Levi Lubarsky Feigenbaum & Weiss LLP
655 Third Avenue, 27th Floor

New York, NY 10017
Tel:  (212) 308-6100
Fax: (212) 308-8830
aweiss@llfwlaw.com
www.llfwlaw.com


This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you
are not the intended recipient, please notify the sender by telephone or email and delete this message and any
attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.

Sent from my iPad

On Sep 2, 2015, at 1:09 AM, Farris, Marc G. <mfarris@fklaw.com> wrote:

> Andrea,
>
> Please see the attached letter.
>
> Best regards,
>
> **Marc G. Farris**
>
> 
>
> **Friedman Kaplan Seiler & Adelman LLP**
> 7 Times Square
> New York, NY 10036-6516
> mfarris@fklaw.com
> 212.833.1176
> **fklaw.com**

This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments.

<2015.09.01 Letter to A. Weiss.PDF>



**DANIEL B. RAPPORT**
drapport@fklaw.com
212.833.1122

September 1, 2015

<u>BY ELECTRONIC TRANSMISSION</u>

Andrea Likwornik Weiss, Esq.
Levi Lubarsky Feigenbaum & Weiss LLP
655 Third Avenue, 27th Floor
New York, NY 10017

Re:  *NML Capital, Ltd. v. The Republic of Argentina*
        Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
      *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
        Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
      *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
        Nos. 10 Civ. 1602, 10 Civ. 3507
      *Blue Angel Capital I LLC v. The Republic of Argentina*
        Nos. 10 Civ. 4101, 10 Civ. 4782
      *Olifant Fund, Ltd. v. The Republic of Argentina*
        No. 10 Civ. 9587
      *Pablo Alberto Varela, et al. v. the Republic of Argentina*
        No. 10 Civ. 5338

Dear Andrea:

        I write on behalf of all plaintiffs in the above captioned actions (collectively, "Plaintiffs") concerning the subpoenas served on various JPMorgan Chase & Co. entities ("JPMorgan") on May 5, 2015 (the "Subpoenas").  To date, more than three months after the service of the Subpoenas, JPMorgan has produced only one document in response to the Subpoenas.  We appreciate that JPMorgan has now agreed to produce some documents, but Plaintiffs cannot agree that the limited production proposed by JPMorgan would constitute compliance with the Subpoenas.

        The purpose of this letter is (i) to request that JPMorgan start producing now the documents it is willing to produce without further delay and (ii) to explain to you why the limitations on discovery proposed by JPMorgan are unreasonable and not acceptable to Plaintiffs.  We hope that JPMorgan will reconsider its position and comply with its discovery obligations, but if there is no agreement on these matters, Plaintiffs are prepared to move to compel without further delay.

        As to (i), please let us know if JPMorgan will start production, and when such voluntary production will start and be completed.

Andrea Likwornik Weiss, Esq.                - 2 -                September 1, 2015

As to (ii):

It is important to start with a brief explanation of the claims and defenses in this action, and why the requested documents are relevant and reasonably calculated to lead to the discovery of admissible evidence.

As we explained during our meet and confer discussions, and as has been made plain in various decisions by the District Court and Second Circuit in these matters, the 1994 Fiscal Agency Agreement requires that Argentina treat Plaintiffs' bonds equally with the Republic's other External Indebtedness.  Plaintiffs recently amended their complaints in these actions to assert claims seeking specific performance of the Republic's equal treatment obligations with respect to the BONAR 2024 bonds, a species of External Indebtedness that Argentina began issuing in May 2014.

In their amended complaints, Plaintiffs have set forth detailed and specific allegations to show that the BONAR 2024 bonds are in fact External Indebtedness.  The Republic, however, contends that the BONAR 2024 bonds are not External Indebtedness because they were offered exclusively in Argentina.  Although Plaintiffs believe that the Republic's contention is belied by facts that cannot be disputed, ultimately the Court will have to resolve the issue of fact created by the parties' conflicting positions.  To allow the Court to do that, Plaintiffs must pursue discovery relevant to the issue and present a full record to the Court.  The Subpoenas to JPMorgan were served for that purpose.

JPMorgan is an appropriate target of discovery in these matters given its substantial role in facilitating the issuance of the BONAR 2024 bonds, and the specific requests set forth in the Subpoenas are all designed to elicit information relevant to the central question of whether the BONAR 2024 bonds are External Indebtedness.  This includes but is not limited to information about how Argentina and third parties arranged and executed the offering, the mechanics of and plans for the marketing and sale of bonds, the manner in which those plans were executed, the persons and entities to which the bonds were marketed and sold, Argentina's knowledge of and involvement in making those plans, as well as Argentina's intentions in issuing the bonds and offering them for sale, and Argentina's coordination with any third parties to execute the offering.  To obtain this information, the Subpoenas seek documents from JPMorgan such as those concerning any offering of the BONAR 2024 bonds, any meetings or communications concerning the bonds or offerings of the bonds, purchases or sales of the bonds, and JPMorgan's role in the offerings.  (Request Nos. 1, 2, 5, 7 and 8.)

Rather than produce the documents requested, JPMorgan has instead offered to produce a limited, cherry-picked selection – i.e., trade tickets and "transaction information" concerning the offerings of BONAR 2024 bonds completed in May and December 2014.  And as to all of the limited documents JPMorgan is proposing to produce, JPMorgan proposes to redact customer names and only provide information about the "jurisdiction of each of the counterparties" in the offering completed in May 2014.

Andrea Likwornik Weiss, Esq.          - 3 -                    September 1, 2015

Because the issue in these actions is where the BONAR 2024 bonds were offered, it is not sufficient – or reasonable – for JPMorgan to limit its production to trade tickets and the like.  The bonds may have been – and Plaintiffs believe, were – offered to numerous prospective investors who did not bid or buy.  Thus, in considering the Republic's contention that the bonds were offered exclusively in Argentina, it is important to have evidence of the extent of the offering, including communications with the Republic, Repsol, other banks, and offerees (and the representatives of each of the foregoing), and not just information about the completed transactions.  In addition, in producing relevant evidence of who received offers and where those offers were received, Plaintiffs are entitled to the names of the offerees, and other identifying information that JPMorgan has concerning the offerees (including the persons who were acting on their behalf) so that Plaintiffs will be able to follow up with the offerees as appropriate concerning the offers, and not be limited to selected information provided by JPMorgan.

Nor will Plaintiffs accept JPMorgan's refusal to provide additional information about the offering that was suspended in February 2015 and completed in April 2015.  ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███  As you know, the Republic ultimately sold over $1.4 billion of BONAR 2024 bonds when that offering was resumed in April 2015.  Plaintiffs are entitled to any communications between JPMorgan and the Republic, other banks, and offerees that took place after the offering was suspended in February 2015.

In short, the limitations and redactions you propose would substantially limit Plaintiffs' ability to obtain the relevant evidence they are entitled to.  You have indicated that the proposed limitations are designed to reduce the burden on JPMorgan, but you still have not provided any information to assess the burden of complying with the Subpoenas as written – no information on the number or identity of custodians that would realistically be involved in an appropriate search for responsive information, no information about the quantity of documents that would need to be reviewed.  In light of JPMorgan's central role in the issuance of the bonds and the relatively short time period when the relevant events and communications occurred, it is hard to see why full compliance with the Subpoenas would be unduly burdensome.

Nor does JPMorgan's purported concern about confidentiality warrant redacting the names or other identifying information of offerees.  Other than generalized assertions of confidentiality, JPMorgan has offered no substantive rationale for redactions. In the past, banks have produced information identifying customers who accepted Argentina's bond offerings, and the protective orders entered in these actions more than four years ago sufficiently addressed any legitimate confidentiality concerns.  Those same orders are sufficient to address any concerns that JPMorgan might raise now.

In sum, the limitations proposed by JPMorgan are unwarranted, and they would be extremely prejudicial to Plaintiffs.  Plaintiffs request that JPMorgan reconsider its

Andrea Likwornik Weiss, Esq.          - 4 -                    September 1, 2015

refusal to provide full production in response to the Subpoenas.  We remain willing to work
with you to minimize any burdens associated with such production.  But absent a prompt
agreement on this matter, we will be forced to seek Court intervention with a motion to
compel.

                              Sincerely,

                              Daniel B. Rapport /WRF

                              Daniel B. Rapport


cc:    Kevin S. Reed, Esq.
       Leonard Lesser, Esq.
       Michael Spencer, Esq.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Andrea L. Weiss <aweiss@llfwlaw.com> |
| **Sent:** | Wednesday, August 19, 2015 12:32 PM |
| **To:** | Farris, Marc G.; Kevin Reed (kevinreed@quinnemanuel.com); 'Maaren Shah'; Rapport, Daniel B.; Michael Spencer; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)' |
| **Cc:** | Gregory P. Feit |
| **Subject:** | JPMorgan's proposed supplemental response to the May 5, 2015 Subpoena issued by NML, et al. |

Marc,

With reference to the proposed modified document requests set forth in your July 14 email, and in light of our respective clients' discussions among themselves, JPMorgan proposes the following as its additional production response to Plaintiffs' May 5 Subpoena:

May 2014 Offering:  JPMorgan will provide trade tickets for each trade involving further, secondary trading of the bonds by JPMorgan and counterparties that took place during the two days following the date on which the BONAR 2024 bonds were purchased by JPMorgan from Repsol.  This documentation will be redacted so as to exclude information that would identify each counterparty and pricing.  JPMorgan will provide documentation showing the jurisdiction of each of the counterparties.

December 2014 Offering:  JPMorgan will provide transaction information for the single client order submitted via JPMorgan into the Republic's December 2014 bond auction.  The transaction information will be redacted so as to exclude information that would identify the counterparty and the corresponding pricing, and will only be produced on the condition that Plaintiffs accept JPMorgan's confidentiality designation as to such information of "Outside Attorneys' Eyes Only."

Suspended February 2015 Offering:  JPMorgan declines to provide further information, for the reasons previously stated.

April 2015 Offering:  JPMorgan is not willing to search for and provide documents at this time, for the reasons previously stated.  If, however, plaintiffs learn of information from other sources which makes it necessary for plaintiffs to obtain documentation that JPMorgan may have, JPMorgan will entertain a request to make targeted searches for such information.

This proposal is subject to and without waiver of or prejudice to the objections set forth in JPMorgan's Objections and Responses dated June 2, 2015, and all of JPMorgan's rights and privileges with respect to the May 5 Subpoena are hereby reserved.

Please let us know your clients' position regarding this proposal at your earliest convenience.

Thanks,
Andrea


**Andrea Likwornik Weiss**

**LEVI LUBARSKY FEIGENBAUM & WEISS LLP**
655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Andrea L. Weiss <aweiss@llfwlaw.com> |
| **Sent:** | Wednesday, August 12, 2015 10:39 AM |
| **To:** | Farris, Marc G. |
| **Cc:** | Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)'; Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)' |
| **Subject:** | RE: NML v. Argentina (JPMorgan) |

Marc,

Our client plans to call Jay within 24 hours to discuss our proposal.  Let's wait for that call and see if we can get the issues resolved.

Thanks,
Andrea


**Andrea Likwornik Weiss**

## Levi Lubarsky Feigenbaum & Weiss LLP

655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, August 11, 2015 2:21 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)'; Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Andrea,

Our clients are certainly willing to hear JPMorgan's proposal, but not to wait another two weeks to receive it.  Are you able to provide us an update on the proposal in a call tomorrow or Thursday?

Sincerely,
Marc

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP

7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

**From:** Andrea L. Weiss [mailto:aweiss@llfwlaw.com]
**Sent:** Tuesday, August 11, 2015 10:23 AM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Marc,

We have been working on a proposal here that our client would like to discuss directly with your client before further
communications between counsel.  The person on our side is on vacation however, returning I believe the week of the
24th.  So it would be our preference to let that happen before further communications between counsel.  Let me know
your view.

Thanks,
Andrea


**Andrea Likwornik Weiss**

LEVI LUBARSKY FEIGENBAUM & WEISS LLP

655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you
are not the intended recipient, please notify the sender by telephone or email and delete this message and any
attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or
disclose the contents of this message or any attachment to any other person.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Monday, August 10, 2015 3:46 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Andrea,

Have you heard back from your client about the response to the Subpoena?  We would like to speak this week.

Sincerely,
Marc

Marc G. Farris

Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

---

**From:** Andrea L. Weiss [mailto:aweiss@llfwlaw.com]
**Sent:** Tuesday, August 04, 2015 5:07 PM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Thanks Marc.  Of course we should speak further.  We are still working here to see what else we can agree to produce, but we will be back in touch as soon as we can.


**Andrea Likwornik Weiss**

LEVI LUBARSKY FEIGENBAUM & WEISS LLP

655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, August 04, 2015 4:45 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Andrea,

I apologize for the delay in getting back you. We agree to adjourn the deposition without a date.

If it would be worthwhile to have another meet and confer in light of last week's meeting, we would like to do so as soon as possible.  Please let us know.

Thank you.

Marc

---

**From:** Andrea L. Weiss [mailto:aweiss@llfwlaw.com]
**Sent:** Tuesday, August 04, 2015 3:45 PM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';

Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Marc,

I am just following up.  Can we put off the Thursday date?

Thanks,
Andrea

**Andrea Likwornik Weiss**

## Levi Lubarsky Feigenbaum & Weiss LLP

655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

**From:** Andrea L. Weiss
**Sent:** Monday, August 03, 2015 6:33 PM
**To:** 'Farris, Marc G.'
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
'Rapport, Daniel B.'; 'Michael Spencer'; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Marc,

I write to follow up on the currently scheduled control date for the deposition subpoena, August 6.  As you know, our clients met last week.  Based on what I understand was a useful meeting, we are looking into providing some additional documentation that we hope will be sufficient for your groups' lawsuits.

Therefore, can we agree to adjourn the August 6 date?  I think it makes sense to adjourn the deposition without date pending resolution of the document subpoena.  But if you prefer to have a date, then I suggest choosing one that gives us some time to resolve the document issues.

Thanks,
Andrea

**Andrea Likwornik Weiss**

## Levi Lubarsky Feigenbaum & Weiss LLP

655 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 308-6100

Fax: (212) 308-8830
Email: aweiss@llfwlaw.com
Website: www.llfwlaw.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

**From:** Andrea L. Weiss
**Sent:** 'Friday, July 24, 2015 4:59 PM
**To:** 'Farris, Marc G.'
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Marc,

I overlooked that I have something on my calendar for August 6 that will require me to leave for the day at 3.  I am assuming we are using August 6 as a control date, pending resolution of the various discovery issues we have been discussing, so I think we can leave August 6 for that purpose.  However, if you feel that we should leave an entire day open, then we should pick a day the following week.

Thanks,
Andrea

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Wednesday, July 22, 2015 6:31 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com)'
**Subject:** RE: NML v. Argentina (JPMorgan)

Andrea,

Thank you for getting back to us.  August 6 works for us as well.

Best,

Marc

-----Original Message-----
From: Andrea L. Weiss [mailto:aweiss@llf-law.com]
Sent: Wednesday, July 22, 2015 6:15 PM
To: Farris, Marc G.
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com>
(kevinreed@quinnemanuel.com)'; Rapport, Daniel B.; Michael Spencer;
'llesser@simonlesser.com'; 'Guyon H. Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com)'
Subject: RE: NML v. Argentina (JPMorgan)

How is August 6?

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com


This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.


-----Original Message-----
From: Andrea L. Weiss
Sent: Wednesday, July 15, 2015 3:20 PM
To: 'Farris, Marc G.'
Cc: Gregory P. Feit; Maaren Shah; Kevin Reed <kevinreed@quinnemanuel.com>
(kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer;
llesser@simonlesser.com; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)
Subject: RE: NML v. Argentina (JPMorgan)

I have a deposition scheduled for August 5, and perhaps another one later that week.  Let
me get back to you about a date later this week when I have more certainty about my
schedule.

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com


This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.


-----Original Message-----

From: Farris, Marc G. [mailto:mfarris@fklaw.com]
Sent: Tuesday, July 14, 2015 7:41 PM
To: Andrea L. Weiss
Cc: Gregory P. Feit; Maaren Shah; Kevin Reed <kevinreed@quinnemanuel.com>
(kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer;
llesser@simonlesser.com; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)
Subject: Re: NML v. Argentina (JPMorgan)

Andrea,

We can't do August 4. Would August 5 work?

Marc


On Jul 14, 2015, at 12:52 PM, Andrea L. Weiss <aweiss@llf-law.com<mailto:aweiss@llf-law.com>> wrote:

Marc,

Thank you for your email.  I will discuss your proposals on the document subpoena with my
client.

As to the deposition, July 30 is not a good day for me.  Can we have 8/4 instead?

Thanks,
Andrea

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.

From: Farris, Marc G. [mailto:mfarris@fklaw.com]
Sent: Tuesday, July 14, 2015 10:36 AM
To: Andrea L. Weiss
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>)'; Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'; Guyon H.
Knight - Quinn Emanuel
(guyonknight@quinnemanuel.com<mailto:guyonknight@quinnemanuel.com>)
Subject: RE: NML v. Argentina (JPMorgan)

Andrea,

We write to attempt to resolve the outstanding issues regarding production of documents
by JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively "JPMorgan") in
response to the Subpoena Duces Tecum Ad Testificandum served by Plaintiffs on May 5, 2015
(the "Subpoena").

Without prejudice to Plaintiffs' rights to seek additional information, we agree to prioritize the production of the following categories of documents:

Concerning the BONAR 2024 Offering completed in or around May 2014

   *   Documents sufficient to identify to whom the BONAR 2024 Bonds were sold, where those purchasers were located, and when the Bonds were sold.
   *   Communications with potential purchasers concerning the BONAR 2024 Bonds, dating from February 25, 2014 through May 31, 2014.
   *   Communications with Repsol concerning the BONAR 2024 Bonds, dating from February 25, 2014 through May 31, 2014.
   *   Please confirm that JPMorgan had no Communications with the Republic concerning BONAR 2024 Bonds during the time period of February 25, 2014 through May 31, 2014.

Concerning the BONAR 2024 Offering completed on or around December 12, 2014

   *   Documents sufficient to identify to whom the BONAR 2024 Bonds were sold, where those purchasers were located, and when the Bonds were sold.
   *   Communications with potential purchasers concerning the December 2014 offering of BONAR 2024 Bonds.
   *   Please confirm that JPMorgan had no Communications with the Republic concerning the December 2014 offering of BONAR 2024 Bonds.

Concerning the suspended BONAR 2024 Offering in February 2015

   *   Communications with potential purchasers concerning the February offering of BONAR 2024 Bonds.
   *   Communications with the Republic concerning the February 2015 offering of BONAR 2024 Bonds.

Concerning the BONAR 2024 Offering completed on or around in April 23, 2015

   *   Communications with the Republic or Deutsche Bank concerning the April 2015 offering of BONAR 2024 Bonds.

We are prepared to work with you to relieve the burden on JPMorgan of responding to these requests by discussing search terms and the appropriate custodians and time periods to be searched.  In the meantime, we will agree to postpone the deposition scheduled for this Thursday until July 30.

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976


From: Andrea L. Weiss [mailto:aweiss@llf-law.com]
Sent: Tuesday, July 14, 2015 9:30 AM
To: Farris, Marc G.
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>)'; Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Marc, et al:

Please advise me this morning regarding your intention with respect to the deposition that you adjourned until Thursday.

Thanks,
Andrea

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.

From: Andrea L. Weiss
Sent: Monday, July 13, 2015 10:06 AM
To: 'Farris, Marc G.'
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>)'; Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Marc,

Please advise what you intend to do about the deposition subpoena, adjourned until July
16.

Thanks,
Andrea

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.

From: Farris, Marc G. [mailto:mfarris@fklaw.com]
Sent: Thursday, July 02, 2015 2:43 PM
To: Andrea L. Weiss
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>)'; Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Andrea,

We will agree to adjourn the deposition for a week, until July 16.  Please let us know if that date works for you.  Can you let us know if and when you intend to produce additional documents in response to our subpoena?

Thank you.

From: Andrea L. Weiss [mailto:aweiss@llf-law.com]
Sent: Tuesday, June 30, 2015 1:55 PM
To: Farris, Marc G.
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kaitlyn Kerrane'; 'Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>)'; Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Thank you Marc.  I think my question was not entirely clear.  Can you advise whether you intend to go forward with a deposition on July 9?

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: Farris, Marc G. [mailto:mfarris@fklaw.com]
Sent: Tuesday, June 30, 2015 1:47 PM
To: Andrea L. Weiss
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kaitlyn Kerrane'; 'Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>)'; Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Andrea,

We agree to the July 9 date for the deposition.

From: Andrea L. Weiss [mailto:aweiss@llf-law.com]
Sent: Tuesday, June 30, 2015 12:57 PM
To: Farris, Marc G.
Cc: Gregory P. Feit; 'Maaren Shah'; 'Kaitlyn Kerrane'; 'Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>

(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>)'; Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Marc,

I am not sure where we stand on the deposition, though since I haven't heard back from
you, I assume you accepted my suggestion that July 9 be the adjourned date rather than
July 7.  Either way, in light of the long holiday weekend coming up, I wanted to touch
base with you regarding your intentions on the deposition.  Please advise.

Thanks,
Andrea


Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you
that if this communication (including any attachments) contains any advice concerning one
or more U.S. federal tax issues, such advice is not intended or written to be used, and
cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code
or (b) promoting, marketing or recommending to another party any transaction or matter
addressed herein.

From: Andrea L. Weiss
Sent: Thursday, June 18, 2015 10:51 PM
To: 'Farris, Marc G.'
Cc: Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Marc,

We had actually been waiting to hear back from you on the document subpoena, since you
said you were going to get back to us.  But we should be able to produce the Repsol
Agreement tomorrow or Monday, subject to the confidentiality orders and with a
reservation of rights/objections to be detailed in an accompanying letter.

July 7 is not a good day as I have a deposition in another matter.  Why don't we push the
adjourned date to July 9, with the understanding that we will be having further
discussions about whether and when you will need a deposition in advance of that date.


Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor

New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you
that if this communication (including any attachments) contains any advice concerning one
or more U.S. federal tax issues, such advice is not intended or written to be used, and
cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code
or (b) promoting, marketing or recommending to another party any transaction or matter
addressed herein.

From: Farris, Marc G. [mailto:mfarris@fklaw.com]
Sent: Wednesday, June 17, 2015 6:24 PM
To: Andrea L. Weiss
Cc: Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Andrea,

We will agree to a two-week further adjournment of the deposition while we continue to
discuss document production.  Does July 7 work for you as a new date?

Also, we understood that JPMorgan was prepared to produce the Repsol agreement, subject
to a reservation of certain of its rights.  When can we expect to receive the agreement?

Thank you.

Marc Farris

From: Andrea L. Weiss [mailto:aweiss@llf-law.com]
Sent: Wednesday, June 17, 2015 12:54 PM
To: Farris, Marc G.
Cc: Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Can you let me know what you have decided regarding the deposition subpoena, which was
adjourned to 6/23?

Thanks,
Andrea

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830

Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>


This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.


To ensure compliance with Internal Revenue Service requirements, we wish to inform you
that if this communication (including any attachments) contains any advice concerning one
or more U.S. federal tax issues, such advice is not intended or written to be used, and
cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code
or (b) promoting, marketing or recommending to another party any transaction or matter
addressed herein.

From: Farris, Marc G. [mailto:mfarris@fklaw.com]
Sent: Friday, June 05, 2015 5:23 PM
To: Andrea L. Weiss
Cc: Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina


Hi Andrea,

That should work.  We can use the dial below:

Dial-In:  888-621-9540  (local)

Room Number:  *7192189*

From: Andrea L. Weiss [mailto:aweiss@llf-law.com]
Sent: Thursday, June 04, 2015 4:02 PM
To: Farris, Marc G.
Cc: Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed
<kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); Rapport, Daniel B.;
Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

How is Tuesday at 10:3 0?

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>


This message and any attachment are confidential and may be privileged or otherwise
protected from disclosure. If you are not the intended recipient, please notify the
sender by telephone or email and delete this message and any attachment from your system.
If you are not the intended recipient, you must not copy this message or any attachment
or disclose the contents of this message or any attachment to any other person.


To ensure compliance with Internal Revenue Service requirements, we wish to inform you
that if this communication (including any attachments) contains any advice concerning one

or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: Farris, Marc G. [mailto:mfarris@fklaw.com]
Sent: Wednesday, June 03, 2015 4:53 PM
To: Andrea L. Weiss
Cc: Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>> (kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Subject: RE: NML v. Argentina

Andrea,

We agree to adjourn the deposition for two weeks (until June 23) while we resolve the issues related to document production.  To that end, are you available Friday afternoon to meet and confer concerning JPMorgan's responses and objections to the subpoena?

Thank you.

Marc Farris

From: Andrea L. Weiss [mailto:aweiss@llf-law.com]
Sent: Wednesday, June 03, 2015 3:46 PM
To: Kevin Reed <kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>> (kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'; Farris, Marc G.
Cc: Gregory P. Feit
Subject: RE: NML v. Argentina

All,

Please advise me today whether you intend to proceed with the deposition on June 9, or to adjourn it, or to cancel it.

Thank you,
Andrea

Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com<mailto:aweiss@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code

or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: Gregory P. Feit
Sent: Tuesday, June 02, 2015 5:04 PM
To: Kevin Reed <kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>>
(kevinreed@quinnemanuel.com<mailto:kevinreed@quinnemanuel.com>); 'Rapport, Daniel B.'
(drapport@fklaw.com<mailto:drapport@fklaw.com>);
'mspencer@milberg.com<mailto:mspencer@milberg.com>';
'llesser@simonlesser.com<mailto:llesser@simonlesser.com>'
Cc: Andrea L. Weiss
Subject: NML v. Argentina

Attached is JPMorgan's response to plaintiffs' May 5 subpoena.  Please advise as soon as possible whether you intend to proceed with the deposition that has been adjourned to June 9.

Gregory P. Feit

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Direct Dial: (646) 747-3129
Fax: (212) 308-8830
Email: gfeit@llf-law.com<mailto:gfeit@llf-law.com>
Website: www.llf-law.com<http://www.llf-law.com/>

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Andrea L. Weiss <aweiss@llf-law.com> |
| **Sent:** | Thursday, July 23, 2015 6:21 PM |
| **To:** | Farris, Marc G. |
| **Cc:** | Gregory P. Feit; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B. |
| **Subject:** | RE: NML v. The Republic of Argentina (JPMorgan) |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dear Marc,

Let me start out by saying that, as we made clear in our written response to the Subpoena dated May 5, 2014 and our other communications, JPMorgan (used to refer to all three subpoenaed entities) objected to the Subpoenas not just on grounds of prematurity, but on many other grounds as well, which the Court's order does not obviate.  In our view, the requests in your July 14 email remain overbroad and unduly burdensome.  They seek documents that plaintiffs do not need in order to prove the case alleged in their amended pleadings, and they purport to task a non-party that has already responded to six prior document subpoenas from one or more of this group of plaintiffs with conducting a time-consuming and costly email search.  We also note that JPMorgan previously produced a witness for a deposition that exceeded six hours and covered much the same ground as the information sought by the May 5 Subpoena.

Based on plaintiffs' recently-filed amended pleadings, other filings, and the May 5 Subpoena, we understand that plaintiffs' theory of the case is that the BONAR 2024 Bonds are External Indebtedness because they were sold to purchasers outside of Argentina. You demand, in summary, that JPMorgan produce documents identifying clients to whom bonds were sold and actual and potential clients with whom it communicated, as well as communications with Repsol (about the May 2014 Offering), Deutsche Bank (about the April 2015 Offering), and the Republic.  You tell us that JPMorgan must search for emails, thereby necessarily incurring significant outside counsel legal fees, and that you will select the custodians, search terms, and time frame.

The problems with these demands are many.  First, we do not believe that you need anything close to this universe of documents to prove the case you have pleaded, and that it is not within the spirit or the letter of Rule 45 for you to press these demands. Second, your demand for client-identifying information seeks information that is highly confidential and proprietary.  We must advise you that we believe we have good reason to be concerned about improper use of client-identifying information based on filings by other non-parties indicating that plaintiffs (i) will not agree to an "attorneys' eyes only" protective order; and (ii) have violated the existing protective orders in the past.  Third, based on plaintiffs' own filings, it is apparent that plaintiffs already have ample documentary and other evidence regarding where and how the Bonar 2024 Bonds were sold, and the means to get the additional information from other sources that would obviate the burden on JPMorgan.  The marginal relevance (if any) of the documents you now demand of JPMorgan really is wholly insufficient to justify the burden that the May 5 Subpoena, as modified by your July 14, 2015 email, imposes.  This list is not exhaustive.

All of this said, to the extent that your amended complaints suggest that you will need to prove the location of the purchasers of the bonds, we can look into providing such documentation for the Offerings in which JPMorgan had a role (May 2014 and December 2014) in a way that would not require either disclosing client identities or conducting a full-blown email search.  We suggest we have further discussions on using this approach to satisfy any bona fide need that plaintiffs have for additional location information regarding the sale of bonds in these Offerings.

As to the February 2015 "Offering," in actual fact, there was no Offering.  Furthermore, we have already produced numerous documents and a witness who testified in detail about the Offering that was contemplated.  Given the very minimal, if any, relevance of documents on this non-Offering, the detailed information we have already supplied, and the dictates of Rule 45, we think you should withdraw your requests relating to it.

As I previously told you, JPMorgan did not participate in the April 2015 Offering.  Particularly since you have already subpoenaed Deutsche Bank for records relating to it, we fail to see why you demand that JPMorgan also search its records for any communications it may have had with Deutsche Bank.

In response to your request, I can confirm that, based on a reasonable inquiry of its employees, JPMorgan did not communicate with the Republic with respect to the May 2014, December 2014 and April 2015 transactions.  JPMorgan has not conducted an email search in order to respond to this question.

As is indicated by the foregoing, JPMorgan remains willing to work with you to provide documents reasonably necessary to your case as pleaded (without, of course, conceding that either your legal theory or your factual assertions have merit) to the extent that it can do so without further unreasonable burden.  To that end, please feel free to call me to discuss.

This letter reserves JPMorgan's objections, rights, remedies and defenses.

Best,
Andrea


**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com


This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Friday, July 17, 2015 9:59 AM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); 'llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B.
**Subject:** NML v. The Republic of Argentina (JPMorgan)

Dear Andrea,

Further to my email of July 14, 2015, I write to let you know that on Thursday Judge Griesa granted Plaintiffs' motions for leave to amend and supplement their complaints.  A copy of Judge Griesa's order is attached.  In its responses and objections to Plaintiffs' Subpoena, JPMorgan objected on the grounds that the requests were premature and improper while those motions were pending.

Please let us by July 22 whether JPMorgan intends to stand by this objection, or will produce documents responsive to the Subpoena as set forth in my email of July 14.

Sincerely,

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Farris, Marc G. |
| **Sent:** | Friday, July 17, 2015 9:59 AM |
| **To:** | Andrea Likwornik Weiss - Levi Lubarsky & Feigenbaum LLP (aweiss@llf-law.com) |
| **Cc:** | Gregory P. Feit; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B. |
| **Subject:** | NML v. The Republic of Argentina (JPMorgan) |
| **Attachments:** | 2015.07.16 - Order Granting Motion to Amend.pdf |

Dear Andrea,

Further to my email of July 14, 2015, I write to let you know that on Thursday Judge Griesa granted Plaintiffs' motions for leave to amend and supplement their complaints.  A copy of Judge Griesa's order is attached.  In its responses and objections to Plaintiffs' Subpoena, JPMorgan objected on the grounds that the requests were premature and improper while those motions were pending.

Please let us by July 22 whether JPMorgan intends to stand by this objection, or will produce documents responsive to the Subpoena as set forth in my email of July 14.

Sincerely,

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Farris, Marc G. |
| **Sent:** | Tuesday, July 14, 2015 10:36 AM |
| **To:** | 'Andrea L. Weiss' |
| **Cc:** | Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)'; Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com) |
| **Subject:** | RE: NML v. Argentina (JPMorgan) |

Andrea,

We write to attempt to resolve the outstanding issues regarding production of documents by JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively "JPMorgan") in response to the Subpoena Duces Tecum Ad Testificandum served by Plaintiffs on May 5, 2015 (the "Subpoena").

Without prejudice to Plaintiffs' rights to seek additional information, we agree to prioritize the production of the following categories of documents:

Concerning the BONAR 2024 Offering completed in or around May 2014
- Documents sufficient to identify to whom the BONAR 2024 Bonds were sold, where those purchasers were located, and when the Bonds were sold.
- Communications with potential purchasers concerning the BONAR 2024 Bonds, dating from February 25, 2014 through May 31, 2014.
- Communications with Repsol concerning the BONAR 2024 Bonds, dating from February 25, 2014 through May 31, 2014.
- Please confirm that JPMorgan had no Communications with the Republic concerning BONAR 2024 Bonds during the time period of February 25, 2014 through May 31, 2014.

Concerning the BONAR 2024 Offering completed on or around December 12, 2014
- Documents sufficient to identify to whom the BONAR 2024 Bonds were sold, where those purchasers were located, and when the Bonds were sold.
- Communications with potential purchasers concerning the December 2014 offering of BONAR 2024 Bonds.
- Please confirm that JPMorgan had no Communications with the Republic concerning the December 2014 offering of BONAR 2024 Bonds.

Concerning the suspended BONAR 2024 Offering in February 2015
- Communications with potential purchasers concerning the February offering of BONAR 2024 Bonds.
- Communications with the Republic concerning the February 2015 offering of BONAR 2024 Bonds.

Concerning the BONAR 2024 Offering completed on or around in April 23, 2015
- Communications with the Republic or Deutsche Bank concerning the April 2015 offering of BONAR 2024 Bonds.

We are prepared to work with you to relieve the burden on JPMorgan of responding to these requests by discussing search terms and the appropriate custodians and time periods to be searched.  In the meantime, we will agree to postpone the deposition scheduled for this Thursday until July 30.

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

**From:** Andrea L. Weiss [mailto:aweiss@llf-law.com]
**Sent:** Tuesday, July 14, 2015 9:30 AM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Marc, et al:

Please advise me this morning regarding your intention with respect to the deposition that you adjourned until
Thursday.

Thanks,
Andrea

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you
are not the intended recipient, please notify the sender by telephone or email and delete this message and any
attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or
disclose the contents of this message or any attachment to any other person.

**From:** Andrea L. Weiss
**Sent:** Monday, July 13, 2015 10:06 AM
**To:** 'Farris, Marc G.'
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Marc,

Please advise what you intend to do about the deposition subpoena, adjourned until July 16.

Thanks,
Andrea

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Thursday, July 02, 2015 2:43 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)';
Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Andrea,

We will agree to adjourn the deposition for a week, until July 16.  Please let us know if that date works for you.  Can you let us know if and when you intend to produce additional documents in response to our subpoena?

Thank you.

**From:** Andrea L. Weiss [mailto:aweiss@llf-law.com]
**Sent:** Tuesday, June 30, 2015 1:55 PM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kaitlyn Kerrane'; 'Kevin Reed <kevinreed@quinnemanuel.com>
(kevinreed@quinnemanuel.com)'; Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Thank you Marc.  I think my question was not entirely clear.  Can you advise whether you intend to go forward with a deposition on July 9?

### Andrea Likwornik Weiss

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, June 30, 2015 1:47 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kaitlyn Kerrane'; 'Kevin Reed <kevinreed@quinnemanuel.com>
(kevinreed@quinnemanuel.com)'; Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Andrea,

We agree to the July 9 date for the deposition.

**From:** Andrea L. Weiss [mailto:aweiss@llf-law.com]
**Sent:** Tuesday, June 30, 2015 12:57 PM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; 'Maaren Shah'; 'Kaitlyn Kerrane'; 'Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com)'; Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Marc,

I am not sure where we stand on the deposition, though since I haven't heard back from you, I assume you accepted my suggestion that July 9 be the adjourned date rather than July 7.  Either way, in light of the long holiday weekend coming up, I wanted to touch base with you regarding your intentions on the deposition.  Please advise.

Thanks,
Andrea


**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Andrea L. Weiss
**Sent:** Thursday, June 18, 2015 10:51 PM
**To:** 'Farris, Marc G.'
**Cc:** Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Marc,

We had actually been waiting to hear back from you on the document subpoena, since you said you were going to get back to us.  But we should be able to produce the Repsol Agreement tomorrow or Monday, subject to the confidentiality orders and with a reservation of rights/objections to be detailed in an accompanying letter.

July 7 is not a good day as I have a deposition in another matter.  Why don't we push the adjourned date to July 9, with the understanding that we will be having further discussions about whether and when you will need a deposition in advance of that date.

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Wednesday, June 17, 2015 6:24 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Andrea,

We will agree to a two-week further adjournment of the deposition while we continue to discuss document production.  Does July 7 work for you as a new date?

Also, we understood that JPMorgan was prepared to produce the Repsol agreement, subject to a reservation of certain of its rights.  When can we expect to receive the agreement?

Thank you.

Marc Farris

**From:** Andrea L. Weiss [mailto:aweiss@llf-law.com]
**Sent:** Wednesday, June 17, 2015 12:54 PM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Can you let me know what you have decided regarding the deposition subpoena, which was adjourned to 6/23?

Thanks,
Andrea

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Friday, June 05, 2015 5:23 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Hi Andrea,

That should work.  We can use the dial below:

Dial-In:  888-621-9540  (local)

Room Number:  *7192189*

**From:** Andrea L. Weiss [mailto:aweiss@llf-law.com]
**Sent:** Thursday, June 04, 2015 4:02 PM
**To:** Farris, Marc G.
**Cc:** Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

How is Tuesday at 10:30?

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any

attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Wednesday, June 03, 2015 4:53 PM
**To:** Andrea L. Weiss
**Cc:** Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'
**Subject:** RE: NML v. Argentina

Andrea,

We agree to adjourn the deposition for two weeks (until June 23) while we resolve the issues related to document production.  To that end, are you available Friday afternoon to meet and confer concerning JPMorgan's responses and objections to the subpoena?

Thank you.

Marc Farris

---

**From:** Andrea L. Weiss [mailto:aweiss@llf-law.com]
**Sent:** Wednesday, June 03, 2015 3:46 PM
**To:** Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; Farris, Marc G.
**Cc:** Gregory P. Feit
**Subject:** RE: NML v. Argentina

All,

Please advise me today whether you intend to proceed with the deposition on June 9, or to adjourn it, or to cancel it.

Thank you,
Andrea

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not

intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Gregory P. Feit
**Sent:** Tuesday, June 02, 2015 5:04 PM
**To:** Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); 'Rapport, Daniel B.' (drapport@fklaw.com); 'mspencer@milberg.com'; 'llesser@simonlesser.com'
**Cc:** Andrea L. Weiss
**Subject:** NML v. Argentina

Attached is JPMorgan's response to plaintiffs' May 5 subpoena.  Please advise as soon as possible whether you intend to proceed with the deposition that has been adjourned to June 9.

**Gregory P. Feit**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Direct Dial: (646) 747-3129
Fax: (212) 308-8830
Email: gfeit@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Farris, Marc G. |
| **Sent:** | Wednesday, June 03, 2015 4:53 PM |
| **To:** | 'Andrea L. Weiss' |
| **Cc:** | Gregory P. Feit; Maaren Shah; Kaitlyn Kerrane; Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com' |
| **Subject:** | RE: NML v. Argentina |

Andrea,

We agree to adjourn the deposition for two weeks (until June 23) while we resolve the issues related to document production.  To that end, are you available Friday afternoon to meet and confer concerning JPMorgan's responses and objections to the subpoena?

Thank you.

Marc Farris

---

**From:** Andrea L. Weiss [mailto:aweiss@llf-law.com]
**Sent:** Wednesday, June 03, 2015 3:46 PM
**To:** Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); Rapport, Daniel B.; Michael Spencer; 'llesser@simonlesser.com'; Farris, Marc G.
**Cc:** Gregory P. Feit
**Subject:** RE: NML v. Argentina

All,

Please advise me today whether you intend to proceed with the deposition on June 9, or to adjourn it, or to cancel it.

Thank you,
Andrea

**Andrea Likwornik Weiss**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Gregory P. Feit
**Sent:** Tuesday, June 02, 2015 5:04 PM
**To:** Kevin Reed <kevinreed@quinnemanuel.com> (kevinreed@quinnemanuel.com); 'Rapport, Daniel B.' (drapport@fklaw.com); 'mspencer@milberg.com'; 'llesser@simonlesser.com'
**Cc:** Andrea L. Weiss
**Subject:** NML v. Argentina

Attached is JPMorgan's response to plaintiffs' May 5 subpoena.  Please advise as soon as possible whether you intend to proceed with the deposition that has been adjourned to June 9.

**Gregory P. Feit**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
Direct Dial: (646) 747-3129
Fax: (212) 308-8830
Email: gfeit@llf-law.com
Website: www.llf-law.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please notify the sender by telephone or email and delete this message and any attachment from your system. If you are not the intended recipient, you must not copy this message or any attachment or disclose the contents of this message or any attachment to any other person.

To ensure compliance with Internal Revenue Service requirements, we wish to inform you that if this communication (including any attachments) contains any advice concerning one or more U.S. federal tax issues, such advice is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Farris, Marc G. |
| **Sent:** | Tuesday, May 26, 2015 7:29 PM |
| **To:** | 'Andrea L. Weiss'; 'Gregory P. Feit' |
| **Cc:** | 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; |
| | ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Rapport, Daniel B. |
| **Subject:** | NML v. Argentina subpoena (JPMorgan) |

Dear Andrea and Greg,

Further to our call today, below please find the specific gaps we identified concerning JPMorgan's February production.

1. **Communications with investors.** We have not received any documents reflecting (a) e-mails between JPMorgan and potential investors or any signed Big Boy letters from JPMorgan, or (b) reflecting meetings between JPMorgan employees and potential purchasers.

2. **Communications with the Republic.** We have not seen any documents reflecting communications with the Republic or its representatives concerning the BONAR 2024 Bonds.

3. **Structure of the transaction.** We have not received documents concerning certain aspects of JPMorgan's role in determining the structure of the proposed February transaction, including but not limited to (a) documents regarding JPMorgan's concerns about "pre-sounding" in an auction, or (b) documents that explain how or why a decision was made to use JPMorgan's Argentine entity to purchase the bonds from the Republic.

Thank you.

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

# EXHIBIT 38

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Carberry, Paul <pcarberry@whitecase.com> |
| **Sent:** | Tuesday, September 15, 2015 4:00 PM |
| **To:** | Farris, Marc G.; Caruso, Kenneth |
| **Cc:** | Rapport, Daniel B.; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Robert Carroll; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Michael Spencer; Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com) |
| **Subject:** | RE: NML v. The Republic of Argentina (BBVA) |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Marc et al.:  We write in response to plaintiffs' letter of September 1 and to follow-up on our meet and confer teleconference of earlier today.  As an initial matter, BBVA takes issue with certain statements made and positions taken by plaintiffs in your letter and hereby reserves all its rights in that regard.

The foregoing notwithstanding, on our call this afternoon, we reiterated BBVA's desire to reach a resolution of the issues relating to plaintiffs' subpoena and, in that vein, made the following proposal which plaintiffs' counsel indicated you would bring to your clients for consideration:

(i) BBVA will reproduce in unredacted form all previously-produced documents responsive to the subpoena which contain redactions of customer-identifying information;
(ii) BBVA will produce in unredacted form the responsive portions of the Bloomberg chats including the preceding and trailing two (2) pages for context;
(iii) Plaintiffs will agree that the document production made pursuant to items (i) and (ii) (along with the materials previously produced by BBVA in response to the subpoena) shall constitute full compliance with the subpoena; and
(iv) Plaintiffs agree not to seek to depose any BBVA personnel in connection with the issues raised by the subpoena and not to pursue any production by BBVA of documents or materials located outside the United States in response in the subpoena.

Please let us know your clients' position on the above proposal at your earliest convenience.

Regards.

**Paul B. Carberry**  | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com

White & Case LLP  | 1155 Avenue of the Americas  | New York, NY 10036-2787

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, September 01, 2015 7:13 PM
**To:** Caruso, Kenneth; Carberry, Paul
**Cc:** Rapport, Daniel B.; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); Robert Carroll; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Michael Spencer; Maaren Shah; Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)
**Subject:** NML v. The Republic of Argentina (BBVA)

Ken and Paul,

Please see the attached letter.

Best regards,

**Marc G. Farris**



**Friedman Kaplan Seiler & Adelman LLP**
7 Times Square
New York, NY 10036-6516
[mfarris@fklaw.com](mailto:mfarris@fklaw.com)
212.833.1176
**fklaw.com**

This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments.

================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

================================================================



**DANIEL B. RAPPORT**
drapport@fklaw.com
212.833.1122

September 1, 2015

BY ELECTRONIC TRANSMISSION

Ken Caruso, Esq.
Paul Carberry, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

Re:   *NML Capital, Ltd. v. The Republic of Argentina*
          Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
       *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
          Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
       *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
          Nos. 10 Civ. 1602, 10 Civ. 3507
       *Blue Angel Capital I LLC v. The Republic of Argentina*
          Nos. 10 Civ. 4101, 10 Civ. 4782
       *Olifant Fund, Ltd. v. The Republic of Argentina*
          No. 10 Civ. 9587
       *Pablo Alberto Varela, et al. v. the Republic of Argentina*
          No. 10 Civ. 5338

Dear Ken and Paul:

        I write on behalf of all plaintiffs in the above captioned actions (collectively, "Plaintiffs") concerning the subpoenas served on various BBVA entities ("BBVA") on May 5, 2015 (the "Subpoenas").  To date, more than three months after the service of the Subpoenas, BBVA has still not produced all documents responsive to the Subpoenas.  We appreciate that BBVA produced some documents and agreed to a limited additional production, but Plaintiffs cannot agree that these productions constitute full compliance with the Subpoenas.

        The purpose of this letter is (i) to request that BBVA start producing now the additional documents it is willing to produce without further delay and (ii) to explain to you why the limitations on discovery proposed by BBVA are unreasonable and not acceptable to Plaintiffs.  We hope that BBVA will change its position and comply with its discovery obligations, but if there is no agreement on these matters, Plaintiffs are prepared to move to compel without further delay.

Ken Caruso, Esq.
Paul Carberry, Esq.                    - 2 -                    September 1, 2015

As to (i), please let us know if BBVA will start production of the relevant Bloomberg chats and the leading and trailing two (2) pages for the Bloomberg chats identified as containing responsive information, and when such voluntary production will start and be completed.

As to (ii):

It is important to start with a brief explanation of the claims and defenses in this action, and why the requested documents are relevant.

As we explained during our meet and confer discussions, and as has been made plain in various decisions by the District Court and Second Circuit in these matters, the 1994 Fiscal Agency Agreement requires that Argentina treat Plaintiffs' bonds equally with the Republic's other External Indebtedness.  Plaintiffs recently amended their complaints in these actions to assert claims seeking specific performance of the Republic's equal treatment obligations with respect to the BONAR 2024 bonds, a species of External Indebtedness that Argentina began issuing in May 2014.

In their amended complaints, Plaintiffs have set forth detailed and specific allegations to show that the BONAR 2024 bonds are in fact External Indebtedness.  The Republic, however, contends that the BONAR 2024 bonds are not External Indebtedness because they were offered exclusively in Argentina.  Although Plaintiffs believe that the Republic's contention is belied by facts that cannot be disputed, ultimately the Court will have to resolve the issue of fact created by the parties' conflicting positions.  To allow the Court to do that, Plaintiffs must pursue discovery relevant to the issue and present a full record to the Court.  The Subpoenas to BBVA were served for that purpose.

BBVA is unquestionably an appropriate target of discovery in these matters. BBVA was solicited to purchase the BONAR 2024 Bonds the Republic issued in May 2014, BBVA had at least two meetings with high-ranking officials from the Republic concerning potential debt issuances in 2014, and BBVA participated in the offering completed in April 2015.  The specific requests set forth in the Subpoenas are all designed to elicit information relevant to the central question of whether the BONAR 2024 bonds are External Indebtedness.  This includes but is not limited to information about how Argentina and third parties arranged and executed the offering, the mechanics of and plans for the marketing and sale of bonds, the manner in which those plans were executed, the persons and entities to which the bonds were marketed and sold, Argentina's knowledge of and involvement in making those plans, as well as Argentina's intentions in issuing the bonds and offering them for sale, and Argentina's coordination with any third parties to execute the offering.  For example, Plaintiffs are seeking documents from BBVA concerning any offering of the BONAR 2024 bonds, purchases or sales of the bonds, any meetings concerning the bonds or offerings of the bonds, and BBVA's role in the offerings.  (Request Nos. 1, 2, 5, 7 and 8.)

Rather than produce the documents requested, BBVA has agreed only to produce documents located in New York, and BBVA has redacted customer names and other

Ken Caruso, Esq.
Paul Carberry, Esq.                  - 3 -                      September 1, 2015

identifying information from those documents and agreed only to provide information about the location of those customers.

Because the issue in these actions is where the BONAR 2024 bonds were offered, it is not sufficient – or reasonable – for BBVA to limit the production as it has. In developing relevant evidence of who received offers and where those offers were received, Plaintiffs are entitled to the names of the offerees, and other identifying information that BBVA has concerning the offerees (including the persons who were acting on their behalf), as well as trading data (which has not yet been produced), so that Plaintiffs will be able to follow up with the offerees as appropriate concerning the offers, and not be limited to information provided by BBVA.

BBVA's purported concern about confidentiality does not warrant redacting the names of offerees. Other than generalized assertions of confidentiality, BBVA has offered no substantive rationale for redactions. In the past, banks have produced information identifying customers who received Argentina's bond offerings, and the protective orders entered in these actions more than four years ago sufficiently addressed any legitimate confidentiality concerns. Those same orders are sufficient to address any concerns that BBVA might raise now.

BBVA also has refused to produce documents held by BBVA outside of New York, including documents held by BBVA's affiliates in Argentina, BBVA Francés Valores Sociedad de Bolsa S.A. and BBVA Banco Francés S.A. It is unreasonable and contrary to the law of the case for BBVA to take the position that it has no ability to procure and produce documents from outside of New York. The Subpoenas were served on BBVA S.A., not just the New York branch, and BBVA S.A. indisputably has the ability to obtain documents from its agents and affiliates abroad, including its Argentine affiliates. Indeed, the Court has already decided that banks with a U.S. presence, such as BBVA, must produce documents from Argentine affiliates. *See* Order, *Aurelius Capital Partners, LP v. The Republic of Argentina*, No. 07 Civ. 2715 (TPG) (S.D.N.Y. May 29, 2009), ECF No. 209 ("order[ing] [Citibank] to . . . search[] for and produc[e] all responsive documents or information at any Citibank branch or affiliate located anywhere inside or outside the United States, including Argentina . . . .").

In sum, the limitations proposed by BBVA are unwarranted, and they would be extremely prejudicial to Plaintiffs. Plaintiffs request that BBVA reconsider its refusal to provide full production in response to the Subpoenas. We remain willing to work with you to minimize any burden associated with such production. But absent a prompt agreement on this matter, we will be forced to seek Court intervention with a motion to compel.

Ken Caruso, Esq.
Paul Carberry, Esq.                    - 4 -                    September 1, 2015

Sincerely,

Daniel B. Rapport

cc:   Kevin S. Reed, Esq.
      Robert Carroll, Esq.
      Leonard Lesser, Esq.
      Michael Spencer, Esq.

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Carberry, Paul <pcarberry@whitecase.com> |
| **Sent:** | Tuesday, August 18, 2015 11:40 AM |
| **To:** | Farris, Marc G. |
| **Cc:** | Caruso, Kenneth; Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'; Rapport, Daniel B. |
| **Subject:** | RE: NML v. Argentina (BBVA) |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Completed |

Marc:  Thank you for your email.  Please find BBVA's responses to the issues raised below.

1.  With regards to the disclosure of customer locations, BBVA cannot agree with plaintiff's request.  Your email cites previous instances in these cases where "banks have produced information identifying customers who *accepted* Argentina's bond offerings."  If that is the information that plaintiffs seek, then we have already informed plaintiffs that BBVA's New York branch is not aware of any customers who accepted Argentina's bond offerings (or even bid on such offerings).  However, if plaintiffs now seek the identity of BBVA customers who may have just "considered" whether or not to bid on (let alone accept) Argentina's bond offerings, then that request extends far beyond what you've represented as having occurred in these cases previously.  As such, we believe the request is inappropriate.  Moreover, we fail to see why plaintiffs require the identity of the customer(s) who may have considered Argentina's offer (as opposed to just their location), given plaintiffs' previous representation that the mere "consideration" of the offering outside of Argentina is sufficient to trigger the pari passu clause of plaintiffs' bonds – if that is the case, it would seem that plaintiffs need only know the location (outside of Argentina) of any such customer to establish that argument.

2.  Given the fact that BBVA (NY) was not involved in the BONAR 2024 offerings and did not handle or transmit any customer bids in those offerings, we fail to see the relevance that a deposition of any BBVA employee could have on plaintiffs' claims herein.  Therefore, please tell us the person(s) whose deposition plaintiffs intend to seek and the specific topic(s) upon which you intend to question them.  Given the burden and expense involved in making a BBVA employee(s) available for deposition (and the lack of involvement of BBVA (NY) in any activity relevant to plaintiffs' claims), BBVA reserves the right to seek an order shifting the cost of any such deposition – and its other costs in responding to the subpoena, as appropriate – to plaintiffs.

We are available for a call to discuss the above responses if that would be helpful to resolving the parties' differences on these issues.  Please let us know when would be a convenient time for such a call.

Regards.

**Paul B. Carberry**  |  Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com

White & Case LLP  |  1155 Avenue of the Americas  |  New York, NY 10036-2787

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Friday, August 14, 2015 11:30 AM
**To:** Carberry, Paul
**Cc:** Caruso, Kenneth; Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)';
''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel

(guyonknight@quinnemanuel.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. Argentina (BBVA)

Paul,

Thank you for your response.

After further consideration, Plaintiffs cannot agree to accept only the location of BBVA's customers.  Previously in these cases, banks have produced information identifying customers who accepted Argentina's bond offerings, and the protective orders entered in these actions more than four years ago sufficiently addressed any legitimate confidentiality concerns.  Those same orders, which we previously provided to you, are sufficient to address any confidentiality concerns BBVA may have.  Accordingly, please produce the identifying information that was withheld from BBVA's prior production.

Plaintiffs also cannot agree to your request not to seek depositions of BBVA's employees.

We understand BBVA will not produce documents held outside of the United States, and agree that both sides have reserved their rights to pursue judicial relief concerning this issue.

Further, with regard to the Bloomberg chats, Plaintiffs will accept the production of the leading and trailing two (2) pages as set forth in your e-mail.  Please let us know when we can expect production of those documents.

Sincerely,

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

---

**From:** Carberry, Paul [mailto:pcarberry@whitecase.com]
**Sent:** Tuesday, August 11, 2015 12:11 PM
**To:** Farris, Marc G.
**Cc:** Caruso, Kenneth; Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. Argentina (BBVA)

Marc:  Our client has asked us to convey the following proposal in response to plaintiffs' questions/proposals:

(a)  The New York branch of BBVA had no involvement with any bids placed in connection with the December 2014 or April 2015 offerings;

(b)  BBVA is prepared to produce the leading and trailing two (2) pages for the Bloomberg chats identified as containing responsive information;

(c)  BBVA is prepared to identify the country of location for those customers whose identifying information has been redacted from BBVA's document production,

**in exchange,**

(i)  Plaintiffs agree not to seek the names or any additional identifying information for BBVA customers (whether via this subpoena or any other subsequent discovery device and/or motion practice); **and**

(ii)  Plaintiffs agree not to seek any deposition of any BBVA personnel on the issues raised by the subpoena.

(iii)  Finally, the parties will agree to disagree as to whether BBVA is obligated to produce materials held outside the U.S. in response to the subpoena with both sides free to pursue any judicial relief on that issue to which it feels entitled.

Please advise whether the above proposal is acceptable to your clients.  We are also available to discuss these issues on a call if that would be helpful to you.

Regards.

**Paul B. Carberry** | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Monday, August 10, 2015 4:36 PM
**To:** Carberry, Paul
**Cc:** Caruso, Kenneth; Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. Argentina (BBVA)

Paul,

Thank you for your response.  As we stated during our meet and confer discussions, Plaintiffs disagree with your position that BBVA is not obligated to produce documents that may be in the possession of other branches.

Please let us know when we can expect a production of the relevant Bloomberg messages and a response to the question concerning whether BBVA placed bids in December 2014 or April 2015.

Sincerely,
Marc

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

---

**From:** Carberry, Paul [mailto:pcarberry@whitecase.com]
**Sent:** Wednesday, August 05, 2015 11:08 AM
**To:** Farris, Marc G.
**Cc:** Caruso, Kenneth; Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. Argentina (BBVA)

Marc:  We've now had several conversations with our client about plaintiffs' proposals and questions and can report the following.

(1)  BBVA is still considering plaintiffs' proposals concerning partial production of the relevant Bloomberg chats and providing country of location information for any customer or person acting behalf of a customer whose information has been redacted from the production.  We will revert back to you with the bank's position on these proposals as soon as we can.

(2) With regards to your questions, please see BBVA's responses below in **bold**.

- Did you search and produce documents from BBVA's Argentine and London branches/offices?  **We did not.  As previously discussed with plaintiffs, it is our position that the applicable caselaw obligates BBVA to search for and produce documents responsive to the subpoena from its New York branch only.**
- Did BBVA place any bids for customers in the December 2014 and April 2015 offerings, and if so, have you produced documents concerning those bids?  **We are still investigating this issue and will respond as soon as possible.**
- Did you produce all documents ███████████████████████████████████████████████████████████████ **Yes, all such documents have been produced.**
- Did you produce all communications between BBVA ███████████  **Yes, all such communications responsive to the subpoena have been produced.**
- Based on the production to date, it appears that Gabriel Bochi, Carlyle Peak, and Alessandra Labombarda are appropriate custodians.  Can you confirm that you have searched their documents?  **We have searched and produced all responsive documents from the files of Gabriel Bochi and Carlyle Peak (among others).  We have not searched or produced documents from the files of Alessandro Labombarda because such files are not located in BBVA's New York branch and therefore, as stated above, we believe such files are beyond the reach of plaintiffs' subpoena.**

Please let us know if you have any questions regarding the above.  We will provide additional information as soon as we are able.

Regards,

**Paul B. Carberry** | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Wednesday, August 05, 2015 9:27 AM
**To:** Carberry, Paul
**Cc:** Caruso, Kenneth; Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. Argentina (BBVA)

Paul,

Do you have a response to our proposals and questions below?

Regards,
Marc

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

---

**From:** Carberry, Paul [mailto:pcarberry@whitecase.com]
**Sent:** Tuesday, July 28, 2015 2:50 PM
**To:** Farris, Marc G.; Caruso, Kenneth
**Cc:** Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel

(guyonknight@quinnemanuel.com)'; Rapport, Daniel B.
**Subject:** RE: NML v. Argentina (BBVA)

Marc:  Thanks for your email.  We have been in contact with our client as to your proposals and expect to be in a position to respond substantively by early next week.

Regards.

**Paul B. Carberry** | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Friday, July 24, 2015 6:09 PM
**To:** Carberry, Paul; Caruso, Kenneth
**Cc:** Fanneron, Evelyn; 'Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com)'; 'llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; 'Maaren Shah'; 'Guyon H. Knight - Quinn Emanuel (guyonknight@quinnemanuel.com)'; Rapport, Daniel B.
**Subject:** NML v. Argentina (BBVA)

Paul and Ken,

I write to follow upon our meet and confer call of July 21.

First, please let us know whether BBVA agrees to the proposals we discussed:

- With respect to Bloomberg messages, on our call we discussed BBVA producing any pages with responsive information, and one page before and after each page with responsive information.  Upon further reflection and discussion with our client, we propose that BBVA produce any pages with responsive information, and three pages before and after each page with responsive information, to provide sufficient context.
- To the extent BBVA redacts the name or other identifying information of any customer or person acting on behalf of a customer, it will identify, for each redaction, the country where the customer or person acting on behalf of the customer is located.

Second, after reviewing BBVA's production to date, we have the following questions:

- Did you search and produce documents from BBVA's Argentine and London branches/offices?
- Did BBVA place any bids for customers in the December 2014 and April 2015 offerings, and if so, have you produced documents concerning those bids?
- Did you produce all documents ███████████████████████████████████████████ .
- Did you produce all communications between BBVA ██████████ ?
- Based on the production to date, it appears that Gabriel Bochi, Carlyle Peak, and Alessandra Labombarda are appropriate custodians.  Can you confirm that you have searched their documents?

Thank you in advance.

Sincerely,

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

**Farris, Marc G.**

| | |
|---|---|
| **From:** | Carberry, Paul <pcarberry@whitecase.com> |
| **Sent:** | Thursday, July 16, 2015 3:11 PM |
| **To:** | Farris, Marc G. |
| **Cc:** | Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; Maaren Shah; Rapport, Daniel B. |
| **Subject:** | RE: NML et al v. Republic of Argentina (BBVA) |

Marc:  Further to my email of Monday, tomorrow we will be producing documents responsive to plaintiffs' subpoena on behalf of BBVA via a secure FTP site.  Is there a standing confidentiality/protective order already in place in these actions?  If so, please send me a copy of it so that BBVA can sign on to it.

Thank you.

**Paul B. Carberry** | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com
White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**From:** Carberry, Paul
**Sent:** Monday, July 13, 2015 5:54 PM
**To:** 'Farris, Marc G.'
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; Maaren Shah; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Marc:  We appreciate your patience and recognize that this process has taken longer than expected.  As I mentioned in my email of Friday, we anticipate making a production of documents (and hopefully all responsive documents) by the end of this week.

Regards.

**Paul B. Carberry** | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com
White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Monday, July 13, 2015 1:08 PM
**To:** Carberry, Paul
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); ''llesser@simonlesser.com' (llesser@simonlesser.com)'; Robert Carroll; Maaren Shah; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Paul,

We would appreciate production of these documents by the end of this week.  We will agree to a rolling production if necessary. Please let us know if you will be able to meet this deadline.

Regards,
Marc

**From:** Carberry, Paul [mailto:pcarberry@whitecase.com]
**Sent:** Friday, July 10, 2015 4:36 PM
**To:** Farris, Marc G.
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); ''llesser@simonlesser.com''
(llesser@simonlesser.com)''; Robert Carroll; Maaren Shah; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Marc:  We write to update you on the status of BBVA's production of documents in response to plaintiffs' subpoena.  We had hoped to be able to produce documents this week but the client's internal review and sign-off process is taking longer than expected.  We anticipate being able to produce responsive documents next week.

Please let us know if you have any questions.

Regards.

**Paul B. Carberry** | Partner
**T** +1 2128198507   **M** +1 9172739142   **E** pcarberry@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, June 30, 2015 4:19 PM
**To:** Carberry, Paul
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); ''llesser@simonlesser.com''
(llesser@simonlesser.com)''; Robert Carroll; Maaren Shah; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Paul,

Thank you for your response. We look forward to hearing from you next week.

Marc

**From:** Carberry, Paul [mailto:pcarberry@whitecase.com]
**Sent:** Tuesday, June 30, 2015 4:18 PM
**To:** Farris, Marc G.
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); ''llesser@simonlesser.com''
(llesser@simonlesser.com)''; Robert Carroll; Maaren Shah; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Marc:  W&C has completed its review of BBVA's files and identified materials responsive to plaintiffs' subpoena.  The bank is now in the process of obtaining internal sign-off to authorize us to make the production.  Given the short holiday week and various vacation schedules of involved individuals, we anticipate receiving authorization to produce the documents (and producing them to plaintiffs) sometime next week.  We will let you know if this timing slips at all for any reason.

Otherwise, please let us know if you have any questions.

Regards.

**Paul B. Carberry** | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, June 30, 2015 1:51 PM
**To:** Carberry, Paul

**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel ([kevinreed@quinnemanuel.com](kevinreed@quinnemanuel.com)); ''llesser@simonlesser.com'
([llesser@simonlesser.com](llesser@simonlesser.com))'; Robert Carroll; Maaren Shah; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Paul,

Can you let us know the status of your response to the subpoena?

Thank you.

Marc

---

**From:** Carberry, Paul [mailto:pcarberry@whitecase.com]
**Sent:** Friday, June 19, 2015 10:33 AM
**To:** Farris, Marc G.
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel ([kevinreed@quinnemanuel.com](kevinreed@quinnemanuel.com)); ''llesser@simonlesser.com'
([llesser@simonlesser.com](llesser@simonlesser.com))'; Robert Carroll; Maaren Shah; Kaitlyn Kerrane; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Marc:  We write to follow-up on our email of last week and to update you on our progress in responding to plaintiffs'
subpoena in this matter.  As we indicated last week, we have completed our search and review of most of the likely
repositories of responsive materials, however, our continued search returned additional documents which we are now
reviewing.  We are also still working through the need for certified translations of Spanish-language documents in the
collection.  We anticipate resolving these issues over the next several days and will revert to you then.  We recognize
that this estimate is slightly later than we initially thought and we appreciate your understanding as we work through
these issues.

Please let us know if you'd like to discuss this further.

Regards.

**Paul B. Carberry** | Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** [pcarberry@whitecase.com](pcarberry@whitecase.com)

White & Case LLP  |  1155 Avenue of the Americas  |  New York, NY 10036-2787

---

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Tuesday, June 09, 2015 3:16 PM
**To:** Carberry, Paul
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel ([kevinreed@quinnemanuel.com](kevinreed@quinnemanuel.com)); ''llesser@simonlesser.com'
([llesser@simonlesser.com](llesser@simonlesser.com))'; Robert Carroll; Maaren Shah; Kaitlyn Kerrane; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)

Paul,

Thank you for the update. We look forward to hearing from you next week.

Best,
Marc

---

**From:** Carberry, Paul [mailto:pcarberry@whitecase.com]
**Sent:** Monday, June 08, 2015 5:35 PM
**To:** Farris, Marc G.
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel ([kevinreed@quinnemanuel.com](kevinreed@quinnemanuel.com)); ''llesser@simonlesser.com'

(llesser@simonlesser.com)'; Robert Carroll; Maaren Shah; Kaitlyn Kerrane; Rapport, Daniel B.
**Subject:** RE: NML et al v. Republic of Argentina (BBVA)


Marc:  The search of BBVA's files most likely to contain responsive documents initially produced a higher volume of potentially relevant documents than we had anticipated so it has taken us longer than initially thought to review those materials.  While we continue to search additional files that could also possibly contain responsive documents, we have completed the search and collection process for those files we believe are the most likely repositories of relevant materials.  We have reviewed the resulting materials from this search and are now working through some translation and privilege issues with the client.  That being said, we anticipate working through the remaining issues and being in a position to make an initial production of documents to plaintiffs sometime next week with supplemental production(s), if necessary, to follow.


Please let us know if you have any questions.


Regards.


**Paul B. Carberry**  |  Partner
**T** +1 212 819 8507   **M** +1 917 273 9142   **E** pcarberry@whitecase.com
White & Case LLP  |  1155 Avenue of the Americas  |  New York, NY 10036-2787

**From:** Farris, Marc G. [mailto:mfarris@fklaw.com]
**Sent:** Friday, June 05, 2015 4:32 PM
**To:** Carberry, Paul
**Cc:** Caruso, Kenneth; Kevin S. Reed - Quinn Emanuel (kevinreed@quinnemanuel.com); ''llesser@simonlesser.com'
(llesser@simonlesser.com)'; Robert Carroll; Maaren Shah; Kaitlyn Kerrane; Rapport, Daniel B.
**Subject:** NML et al v. Republic of Argentina (BBVA)

Paul,

We understood from our call on May 22 that you would be in touch last week about BBVA's production of documents in response to our subpoena.  Can you let us know your status?

Thank you.

Marc G. Farris
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
Direct Tel.: (212) 833-1176
Direct Fax: (212) 373-7976


========================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.


========================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

==============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==============================================================================

# EXHIBIT 39

# **FILED UNDER SEAL**

# EXHIBIT 40

1

F2p1nmlc

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
     NML CAPITAL, LTD.,
 3
                    Plaintiff,
 4
          v.                              08-CV-6978 (TPG)
 5                                        09-CV-1707 (TPG)
                                          09-CV-1708 (TPG)
 6
     THE REPUBLIC OF ARGENTINA,
 7
                    Defendant.            Order to Show Cause
 8   ------------------------------x

 9                                        New York, N.Y.
                                          February 25, 2015
10                                        5:33 p.m.

11   Before:

12               HON. THOMAS P. GRIESA,

13                                    District Judge

14                        APPEARANCES

15   QUINN EMANUEL URQUHART & SULLIVAN, LLP
             Attorneys for Plaintiff
16   BY:  MAAREN A. SHAH, ESQ.
             KAITLYN A. KERRANE, ESQ.
17
     DECHERT, LLP
18           Attorneys for Plaintiff
     BY:  ROBERT A. COHEN, ESQ.
19           DEBRA D. O'GORMAN, ESQ.

20   LEVI LUBARSKY & FEIGENBAUM LLP
             Attorneys for Non-Party JPMorgan Chase
21   BY:  ANDREA LIKWORNIK WEISS, ESQ.
             GREGORY P. FEIT, ESQ.
22
     MOSES & SINGER LLP
23           Attorneys for Non-Party Deutsche Bank
     BY:  PHILIPPE A. ZIMMERMAN, ESQ.
24           SHARI ALEXANDER, ESQ.
             VALERIA CASTANARO GALLOTTA, ESQ.
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3031101.1

2

F2p1nmlc

1          (In chambers)

2          THE COURT:  We're here this afternoon because the

3     plaintiff asked the court to direct JPMorgan Chase and Deutsche

4     Bank to respond appropriately to subpoenas served on Morgan and

5     Deutsche Bank on February 9.

6          I have flipped through the papers before me quickly,

7     but I think they do contain objections from Deutsche Bank and

8     Morgan to those subpoenas.  Am I correct?

9          MR. ZIMMERMAN:  Yes, your Honor.

10         MS. WEISS:  Yes, your Honor.

11         THE COURT:  Okay.  Now if I'm correct in my reading of

12    the papers, the subpoenas were returnable on February 19?

13         MS. SHAH:  The subpoenas for documents were returnable

14    on February 17 and the subpoenas for deposition were returnable

15    on February 19, your Honor.

16         MS. WEISS:  And your Honor, the request for a

17    deposition was adjourned without date by email last night as to

18    JPMorgan.

19         MR. ZIMMERMAN:  And Deutsche Bank as well.

20         MS. SHAH:  That's correct, your Honor.

21         THE COURT:  Say that again.

22         MS. WEISS:  The subpoena to JPMorgan for a deposition

23    was adjourned without date by email last night, so there is no

24    scheduled date for a deposition.  And my understanding is that

25    is based on the issues that we raised during the

3

F2p1nmlc

1    meet-and-confer last week that I understood plaintiff's counsel

2    to be considering before proceeding further.  So this was a

3    total surprise at 4:00 that we were called into court.

4              MR. ZIMMERMAN:  Procedurally, Deutsche Bank has a

5    similar position.  Last week it was agreed to --

6              THE COURT:  Wait.  A little slower.

7              MR. ZIMMERMAN:  My apologies, your Honor.  Deutsche

8    Bank procedurally is in the same position.  Last week, prior to

9    the 19th, the parties agreed to adjourn the deposition for I

10   believe it was one week to permit NML to consider the

11   objections that had been expressed by Deutsche Bank to the

12   deposition and the document discovery.  There was a further

13   communication late yesterday from plaintiff's counsel agreeing

14   to further adjourn the deposition pending a resolution of those

15   issues.

16             MS. SHAH:  Your Honor, if I could address that

17   briefly.

18             THE COURT:  Well, look, what do you seek now?  What

19   are you seeking?  In the application that is made before me,

20   what are you seeking?

21             MS. SHAH:  Today's application, your Honor, we're

22   seeking a production of documents immediately and by no later

23   than tomorrow at noon for information sufficient to show, at a

24   minimum, the proposed or imminent transaction that we believe

25   to be happening, the material terms, and the flow of funds as

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

4

F2p1nmlc

1    between the banks and Argentina in relation to that

2    transaction.  And we are also seeking a brief deposition of a

3    representative from each bank tomorrow afternoon to speak to

4    these same issues.  And these are the issues, your Honor, that

5    we understand to implicate the imminently attachable assets

6    that may be generated from this financing.

7            As Ms. Weiss and Mr. Zimmerman have told your Honor,

8    we did meet and confer with the banks last week and several

9    times over the past few weeks about the subpoena.  We did agree

10   to adjourn the deposition in light of the responses and

11   objections to the documents until we could work out potential

12   production of documents before the subpoenas.  We agreed to

13   adjourn those by one week, which would have fallen to tomorrow,

14   I believe, and last night we sent them an email adjourning the

15   depositions indefinitely until we had more information.  Now

16   this morning we received information in the form of the

17   Bloomberg article and the letter that we provided to your Honor

18   that gave us specific details of this transaction and made it

19   appear as if the transaction was going forward today or in the

20   next few days, and that is what has changed, your Honor,

21   between last night and this morning, and that's the reason

22   we're here on an emergency basis.

23           MS. WEISS:  Your Honor, that still doesn't explain why

24   we didn't get notice or even an opportunity to read the papers.

25   We were called at 4:00, and I would like to read into the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

5

F2p1nmlc

1    record the email that I got from Quinn Emanuel last night on

2    this subject.

3                THE COURT:  Okay.

4                MS. WEISS:  "We will adjourn the deposition currently

5    scheduled for Thursday, February 26, without date at this time.

6    We are in receipt of your responses to the document requests

7    included in our subpoena and are still considering our response

8    to your objections.  Based on our meet-and-confer of last week,

9    we understand that JPM does not intend to produce responsive

10   documents for the reasons you stated."

11               That was the last communication I got, your Honor,

12   before I was told that the plaintiffs were in court this

13   afternoon, and they have not shown any reason for proceeding in

14   this manner.

15               MS. SHAH:  Your Honor, in brief response to that, we

16   did call both counsel as soon as we intended to come into court

17   today with the intention that they could be here.  We were not

18   intending on moving on an expedited basis today when we sent

19   those emails last night.  We were trying to --

20               THE COURT:  What caused you to expedite this?

21               MS. SHAH:  The receipt this morning, or this

22   afternoon, of the press article and the letter that we provided

23   to your Honor, both dated today, which indicate that the

24   financing is happening imminently.  And when we met and

25   conferred --

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6

F2p1nmlc

1          THE COURT:  I've read the press article, but the

2     letter you referred to is what part of the record?

3          MS. SHAH:  It is Exhibit 5 to the declaration, your

4     Honor.  And that's the letter from the London offices of

5     JPMorgan and Deutsche Bank to their investors essentially

6     seeking representation and release with respect to this

7     financing and in light of the pending litigation.

8          THE COURT:  Exhibit what?

9          MS. SHAH:  5, your Honor.  And we understand --

10          THE COURT:  Just a minute.

11          MS. SHAH:  Sure.

12          THE COURT:  Just a minute.

13          Here we are.  You've got a four-page, single-spaced

14     letter.  What do you say it says relevant to what you're

15     talking about?

16          MS. SHAH:  We understand, your Honor --

17          THE COURT:  I have not read the letter, and I doubt if

18     I could read it very quickly.

19          MS. SHAH:  Well, your Honor, what we understand this

20     letter to be, it's dated today's date, February 25th, and we

21     believe this was sent by JPMorgan and Deutsche Bank to the

22     investors who are potential purchasers of these Argentine

23     bonds, in connection with soliciting, I guess, expressions of

24     interest in purchasing the bonds.

25          The way we understand these transactions to work is

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F2p1nmlc

1    that JPMorgan and Deutsche Bank will go to their investors

2    right before they plan to issue the bonds and seek expressions

3    of interest from the investors saying:  Are you interested in

4    buying these bonds; if so, in what quantity?  When they receive

5    those expressions of interest, they will thereafter essentially

6    make a bid and an offer for the bonds.  And this letter is

7    provided by JPMorgan and Deutsche Bank to its investors in

8    connection with seeking expressions of interest, essentially to

9    have the investors sign the letter that they acknowledge that

10   these bonds may be subject to ongoing litigation in the United

11   States and that there is a risk associated.

12          THE COURT:  Where is that?

13          MS. SHAH:  So in the second paragraph on the first

14   page, your Honor -- well, we could start with the first

15   paragraph.

16          "In connection with the purchase by us," that's the

17   investor who was supposed to sign the letter, "of Argentine

18   bonds in US Dollars 8.75 % 2024 (BONAR 2024) issued by the

19   Republic of Argentina from Deutsche Bank AG, London Branch, or

20   JP Morgan Securities plc, and its affiliates, we represent and

21   acknowledge the following:"

22          And then in bold right below that it says:

23          "We are aware that Argentina is subject to ongoing

24   litigation inside and outside of the United States that could

25   materially and adversely affect our investment in the

8

F2p1nmlc

1    Securities, including with respect to the timely payment by

2    Argentina of amounts due under the Securities.  In particular,

3    we are aware that in NML Capital v. Republic of Argentina," and

4    there's the case cite, "Argentina and other parties are subject

5    to an injunction that may adversely affect the ability of

6    Argentina, or any of its agents or clearing systems used by it,

7    to make payments under the Securities."

8            And so in this letter we think, your Honor, that in

9    connection with soliciting expressions of interest from its

10   investors to purchase these Argentine bonds, the banks are

11   asking their investors to represent and acknowledge by signing

12   this letter that they're aware that these bonds carry the risk

13   that they may not be paid out fully because of the ongoing

14   litigation inside and outside the United States in which our

15   client has judgments against Argentina.

16           MS. WEISS:  Your Honor, may I address that.  I'd like

17   to address the sentences that counsel just read.

18           Like your Honor, I haven't been given a copy of this

19   letter previously either, but the provision that counsel just

20   read relates to payments of interest being made on the bonds.

21   It has nothing to do with the sale of bonds in a contemplated

22   transaction.  This is talking about something that if a deal

23   happens, it's talking about payments that would happen well

24   down the road, and I don't know if counsel misunderstands that

25   letter or is deliberately misrepresenting it, but it says

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F2p1nmlc

1    nothing whatsoever about bonds being --

2              MS. SHAH:  I object to that.

3              MS. WEISS:  -- sold that would render any money

4    attachable.  They have cited nothing to show that anything is

5    going on outside Argentina with respect to this possible sale.

6              MS. SHAH:  Your Honor --

7              MR. ZIMMERMAN:  Your Honor -- I'm sorry.  Ms. Shah.

8              THE COURT:  Wait a minute.  Does the letter outline a

9    transaction, a current transaction or something that is

10   imminent?  Does it or does it not?

11             MS. SHAH:  Your Honor, I think there are two important

12   points in response to that.  The first is that this letter

13   starts off with saying -- and it's dated of today's date -- "In

14   connection with the purchase by us of these bonds issued by the

15   Republic of Argentina from Deutsche Bank and JPMorgan."  Now

16   the reason they are giving this letter to investors is because

17   they are contemplating selling these bonds.  I think it's very

18   difficult to credit the suggestion that these banks would send

19   a letter like this to their investors for a transaction that

20   was merely proposed, was not intended to go forward, would have

21   gone forward a year from now, not imminently.  The reason that

22   the bank sent this letter to their customers is to get a

23   signoff on the purchase of these bonds.

24             The second point that I would like to address, your

25   Honor, is that we are not only talking about the method of

10

F2p1nmlc

1    payment on the bonds from Argentina to its customers and the

2    interest payments that Ms. Weiss is speaking about.  What we

3    are primarily here seeking discovery into, your Honor, is an

4    entirely different flow of funds, which is the flow of funds

5    from the banks to Argentina in payment of those bonds.  Now the

6    flow of money from Argentina to the bondholders at some point

7    in the future is a different issue.  What we're here today and

8    what --

9           THE COURT:  What is the issue that you mentioned?

10          MS. SHAH:  Which one, your Honor?

11          THE COURT:  The flow of money from whom to whom?

12          MS. SHAH:  The ones that we are interested in here

13   today, which is imminently urgent, essentially, is the flow of

14   money from the banks to Argentina.  Now we're not talking about

15   Argentina's payments to its investors on these bonds.  We're

16   talking about the banks' payments to Argentina of this

17   financing.

18          THE COURT:  Of people who are buying the bonds, right?

19          MS. SHAH:  Yes.  But the way these bonds work, your

20   Honor, is customers buy the bond, the banks give that money to

21   Argentina, and then in the future, Argentina repays the

22   bondholders.  Now what we're interested in finding out --

23          THE COURT:  I'm not asking about the future.  I'm

24   asking:  Am I correct that if bonds are sold as described here,

25   Argentine bonds, as in the first sentence of this Exhibit 5,

11

F2p1nmlc

1   Argentine bonds in US dollars, if somebody buys those bonds in

2   some way, the money goes to Argentina, right?

3           MS. SHAH:  Yes, that is correct.

4           MS. WEISS:  That's not correct, your Honor.

5           MS. SHAH:  We understand --

6           THE COURT:  Well, where does it go?

7           MS. WEISS:  Because the contemplated transaction, if

8   it occurs, would be entirely local.  The bonds would be

9   purchased by the bank in Argentina.

10          THE COURT:  I didn't discuss whether it was local or

11  foreign.

12          MS. WEISS:  It would be the bank --

13          THE COURT:  That wasn't my point.  My point was a very

14  simple point, and that is, if there are Argentine bonds, then

15  it's contemplated that people will buy the bonds and people buy

16  the bonds, and in some form, directly or indirectly, presumably

17  the money goes to Argentina.  Why would Argentina sell bonds if

18  it didn't get the proceeds of those bonds?

19          MS. WEISS:  The proceeds would come from local banks,

20  from branches of local banks in Argentina.  That's my

21  understanding.

22          THE COURT:  So you say.

23          MS. WEISS:  Well, the plaintiffs are the ones that

24  need to make --

25          THE COURT:  There's an issue about that.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3031101.1

12

F2p1nmlc

1              MS. WEISS:  The plaintiffs need to make a showing that

2      it would be otherwise.  They need to have something before they

3      make a third party turn over proprietary information about

4      something that may never happen.

5              MS. SHAH:  Well, your Honor, we have provided that

6      something.

7              THE COURT:  All I see is a letter presumably drafted

8      on behalf of the Republic which is to be signed by purchasers

9      of Argentine bonds.

10             MR. ZIMMERMAN:  Your Honor, I don't think the letter

11     was drafted by the Republic's --

12             MS. SHAH:  No, we're not aware of that either.

13             THE COURT:  Well, who --

14             MR. ZIMMERMAN:  Your Honor, if I may express my

15     understanding.  Again, I have not spoken to my client about

16     this, but the document we're looking at, we're discussing, was,

17     as Ms. Shah said, an attempt to determine if an expression of

18     interest from potential purchasers --

19             THE COURT:  Of purchasers of what?

20             MS. SHAH:  Of securities which would be --

21             THE COURT:  Of bonds.

22             MR. ZIMMERMAN:  -- which would be purchased

23     effectively by Deutsche Bank and JPMorgan in Argentina.

24             But the point -- I guess my question here is, the

25     second paragraph that was read by Ms. Shah to bring to your

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

3031101.1

13

F2p1nmlc

1    attention the statement which referenced the litigation that

2    NML is involved in, which has now been identified as being

3    relevant merely to the interest payment obligations under those

4    bonds, I would simply note, so it's clear, that any responsible

5    party involved in a potential transaction would do just this,

6    which is basically saying to any potential purchaser, there

7    have been orders --

8            THE COURT:  What you're saying is irrelevant to what I

9    was talking about.

10           MR. COHEN:  Judge, may I try to simplify it.

11           THE COURT:  Okay.

12           MR. COHEN:  JPMorgan Chase and Deutsche Bank are going

13   to be buying the bonds from Argentina and will be paying

14   Argentina for the bonds.  They will then resell the bonds to

15   the people who express an interest in the letter that you have

16   and it will be resold through Deutsche Bank England and

17   JPMorgan England to the people who subscribed.  What we want to

18   know is:  How does JPMorgan and Deutsche Bank pay Argentina for

19   the bonds that they're buying and then will resell?  If that

20   money flows through England -- and it looks like they're going

21   to sell them in England -- we may be able to attach them in

22   England.  They may pay Argentina in the US.

23           THE COURT:  Attach what in England?

24           MR. COHEN:  The money that --

25           THE COURT:  The proceeds?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

14

F2p1nmlc

1          MR. COHEN:  -- that Deutsche Bank and JPMorgan must

2     pay to Argentina for the bonds that they bought.  They're

3     buying the bonds and they're going to resell them to these

4     people.  They are underwriting the bonds, if you will.  They

5     promise Argentina, we will buy X dollars of your bonds and we

6     will pay you for those bonds, and then we'll resell them in the

7     market.  And that's what this letter is all about.  Resale.

8          MR. ZIMMERMAN:  Well, what Mr. Cohen has said, which I

9     believe is presuming a fact which is not established, is that

10    they will.  This is a question that they may, depending upon

11    what type of interest there is in the marketplace.

12          The other aspect which I believe we've provided is our

13    understanding, or my understanding, in any event, that the

14    purchase by Deutsche Bank -- and I believe I've heard from

15    JPMorgan as well -- of any bonds from Argentina would occur in

16    Argentina.  The payments would be made in Argentina to

17    Argentina.

18          MR. COHEN:  We say $2 billion is at stake.  Give us

19    the documents that answer that question.  If it's in Argentina,

20    we're going to go home.  If it's someplace else, we're going to

21    attach it.  It's a very simple request.

22          MS. WEISS:  And the reason you shouldn't do that, your

23    Honor, is the law is really clear that they have to have a

24    basis for saying that there is going to be an attachable asset

25    here, and they have nothing.  You can always say there's some

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

15

F2p1nmlc

1    possibility, but that's not enough to subject a nonparty to

2    discovery.

3            MR. COHEN:  The letter says that they are buying the

4    bonds.

5            MS. WEISS:  And they can go to Argentina, who is a

6    party.

7            THE COURT:  Well, look, the reason the plaintiff wants

8    discovery is to find out the facts, the actual facts of what

9    you are talking about, and if this were a bond offering or a

10   note offering which was going to be made strictly in Buenos

11   Aires, we wouldn't be here.  But we've got evidence of a

12   possible bond offering outside of Argentina, and what the

13   plaintiff wishes to do is to find out more about where this is

14   going to actually take place, where money is going to pass, and

15   the thing that gives rise, in my view, to a legitimate issue is

16   the letter, which is Exhibit 5 to this set of documents, the

17   Bloomberg article -- Bloomberg is not a journalist -- and all

18   of that raises issues, legitimate issues about where the bonds

19   referred to or the possible bonds referred to in that

20   Exhibit 5, where the transactions about those bonds will take

21   place.

22           Now the order to show cause presented to me for

23   signature, it doesn't restrain any transaction.  It doesn't

24   pose conditions for any transaction; it simply asks for

25   discovery.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F2p1nmlc

1          MS. SHAH:  And your Honor, we have --

2          THE COURT:  And it seems to me that it is quite

3     reasonable, and I intend to sign it.

4          MS. SHAH:  Your Honor --

5          THE COURT:  I just want to, perhaps for emphasis, note

6     that of course the press for discovery is addressed to two what

7     we call third parties -- that is, Morgan Chase and Deutsche

8     Bank -- but I believe that the record is sufficient to show

9     that Morgan Chase and Deutsche Bank are likely to play

10    important roles in the marketing of the bonds that are referred

11    to elsewhere in the record.  And it seems to me that what

12    should be done now, after I sign this order to show cause, is

13    to adjourn quickly and get prepared for what has to be done

14    beginning tomorrow.  And I am signing the order to show cause.

15         MR. ZIMMERMAN:  Your Honor -- your Honor --

16         THE COURT:  I'm signing it.

17         MR. ZIMMERMAN:  I would respectfully ask you to

18    consider the time frame, the reasonableness of setting a

19    deposition for 3 p.m. tomorrow and that documents be produced

20    immediately and then again by noon tomorrow, on papers that

21    have been provided to us that we've not yet had an opportunity

22    to read.

23         THE COURT:  I think you know the issues.

24         MR. ZIMMERMAN:  I certainly don't have any documents

25    that will need to be generated.  The term they've provided

F2p1nmlc

```
 1   shows an offering from DBAG --

 2            THE COURT:  The subpoenas were served --

 3            MR. ZIMMERMAN:  Your Honor --

 4            THE COURT:  The subpoenas were served days ago, were

 5   they not?

 6            MS. SHAH:  Weeks ago, your Honor.

 7            MR. ZIMMERMAN:  And they were objected to and they

 8   were the subject of a dialogue --

 9            THE COURT:  To say you're ignorant and you can't

10   prepare for something tomorrow is not anything that I can

11   accept.

12            MR. ZIMMERMAN:  There were communications from DBAG

13   London as the basis for their --

14            THE COURT:  I'm concluding this session.  Thank you

15   very much.

16            MS. WEISS:  Your Honor, may I put something on the

17   record.

18            MS. SHAH:  Just before that, we have a proposed order

19   that goes along with the order to show cause, and this is

20   actually the order compelling the discovery that we are

21   requesting.

22            MS. WEISS:  Your Honor, on behalf of JPMorgan I'd just

23   like to put on the record that I believe we were denied

24   process.  We weren't given these papers in advance, we were not

25   given an opportunity to respond in writing, and it is wholly
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

18

F2p1nmlc

1   unreasonable at 6:00 at night to say that we have to produce

2   untold numbers of documents immediately and produce a witness

3   by tomorrow afternoon.  I don't know if there is a witness

4   within a hundred miles of the courthouse or in the United

5   States who would be competent to testify.  And this is

6   particularly true since I was told it was all called off by

7   plaintiff's counsel last night pending further communications.

8   And so we object.

9            THE COURT:  Your objection is noted.

10           Now, look, if practical problems arise, and they may

11  well, then you can negotiate arrangements, changes in timing,

12  whatever is needed, but right now we're dealing basically with

13  subpoenas which were served a long time ago, and surely Morgan

14  and Deutsche Bank have had ample time to analyze those

15  subpoenas and --

16           MS. WEISS:  As of last night, they were adjourned

17  without date by the plaintiffs, your Honor.

18           THE COURT:  But they're not adjourned now.  They're

19  not adjourned now.

20           MR. ZIMMERMAN:  But your Honor, we believed them to be

21  objectionable.  We had objected to them.  In fact, Ms. Shah, in

22  her presentation, she has effectively conceded that at the time

23  they were issued, plaintiff did not have a reasonable basis.

24  It was a fishing expedition.

25           MS. SHAH:  I conceded no such thing.  I did not

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3031101.1

F2p1nmlc

1    concede that at all.

2         THE COURT:  I am going to conclude this.  I plan to

3    leave, and I expect to excuse you as soon as I look at this

4    further proposed order.

5         MS. WEISS:  Your Honor, I request seven days to

6    produce the documents, given the lateness of the hour and the

7    way these nonparties have been essentially sandbagged by this

8    proceeding brought by plaintiff late this afternoon.

9         MS. SHAH:  Your Honor, this was not a sandbagging, and

10   the urgency is not of our making.

11        THE COURT:  Please, can we have a cessation of all

12   discussion.  If there's another paper I have to sign, I'll sign

13   it, and then we are adjourned.

14        MS. SHAH:  Just that paper for signature, your Honor.

15        THE COURT:  Well, I must ask the plaintiff's side, why

16   is it necessary to have document production tomorrow noon and a

17   deposition at 3:00 tomorrow?

18        MS. SHAH:  Because, your Honor, the information that

19   we received today has been that JPMorgan has been soliciting

20   purchase of these bonds tonight or as late as tomorrow morning,

21   and if that's the case, the funds that we are interested in

22   attaching may start flowing essentially as early as tomorrow

23   and certainly within the next few days.  If we don't get this

24   discovery immediately, by the time we get the documents, it may

25   well be too late to do anything about it.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F2p1nmlc

 1          MR. ZIMMERMAN:  We would ask for a presentation of

 2   evidence, because that's not what was in this letter, that the

 3   funds will start flowing tomorrow perhaps -- or this evening or

 4   tomorrow morning.

 5          MS. SHAH:  We don't know, but we have reason to

 6   believe that they might, and we understand that these

 7   financings in the past have gone quite quickly after the

 8   issuance of letters such as these.

 9          MR. ZIMMERMAN:  I'm just wondering if you have any

10   evidence supporting that or it's supposition?

11          MS. SHAH:  It's not supposition.  We have a good faith

12   basis to think this might happen, and that's exactly why we're

13   seeking discovery from you.  We need the answers from you.

14          MR. ZIMMERMAN:  I guess the question is -- you

15   represented that you believe it will start tonight or tomorrow

16   morning -- where that comes from.

17          THE COURT:  If you want to continue discussion,

18   there's a nice reception room outside of this room.

19          MR. ZIMMERMAN:  Thank you, your Honor.

20          THE COURT:  And feel free to use it.  I've signed the

21   order and that is that.  Good night.

22          ALL COUNSEL:  Thank you, your Honor.

23                          o0o

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

# EXHIBIT 41

# **FILED UNDER SEAL**